**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | Case No. 2:16-cr-00046-GMN-PAL |
| Plaintiff, ) | |
| ) | **FINDINGS AND DETENTION** |
| vs. ) | **ORDER** |
| ) | |
| CLIVEN D. BUNDY, a/k/a Cliven Bundy, *et al*., ) | |
| ) | |
| Defendants. ) | |

**BACKGROUND**

Defendant Cliven D. Bundy ("Bundy"), a/k/a Cliven Bundy, was arrested in the District of Oregon pursuant to a warrant issued from a complaint filed in the District of Nevada on February 11, 2016. See Doc. # 1; Doc. # 2. On that same date, Bundy made his initial appearance before Magistrate Judge Janice M. Stewart ("Judge Stewart") in the District of Oregon. Thereafter, Judge Stewart held a detention hearing and, after considering the information presented to the court, ordered that Bundy be detained prior to trial. Bundy did not appeal Judge Stewart's detention order.

On February 17, 2016, Bundy was charged in a sixteen-count indictment that was later superseded. See Doc. # 5; Doc. # 27. The superseding indictment charges Bundy with conspiracy to commit an offense against the United States (18 U.S.C. § 371), conspiracy to impede and injure a federal officer (18 U.S.C. § 372), assault on a federal officer (18 U.S.C. § 111(a)(1) and (b)), threatening a federal law enforcement officer (18 U.S.C. § 115(a)(1)(B)), use/carry of a firearm in relation to a crime of violence (18 U.S.C. § 924(c)), obstruction of the due administration of justice (18 U.S.C. § 1503), interference with interstate commerce by extortion (18 U.S.C. § 1951), and

interstate travel in aid of extortion (18 U.S.C. § 1952).  See Doc. # 27.

Bundy was arraigned on March 10, 2016, at which time a plea of "not guilty" was entered as to all counts of the superseding indictment.  See Doc. # 107.  During the arraignment, the Court asked the government for its position regarding the continued detention of Bundy.  The government, in response, stated that Judge Stewart's detention order remained in effect because Bundy neither moved to reopen the detention hearing, nor appealed Judge Stewart's detention order.  Bundy then requested a continuance to conduct a detention hearing before this Court, which was set on March 17, 2016.  Id.

On March 15, 2016, the government filed a motion to vacate the detention hearing, claiming that a detention hearing had already been conducted in the District of Oregon before Judge Stewart.  See Doc. # 124.  The Court subsequently directed Bundy to file a response, and stated that it would address the issues and arguments raised by the parties at the hearing set on March 17th.  See Doc. # 125.

At the March 17th hearing, this Court asked Bundy if he sought to reopen the detention hearing, under 18 U.S.C. § 3142(f), or if he sought to appeal Judge Stewart's order, under 18 U.S.C. § 3145.  Bundy responded that he was seeking to reopen the detention hearing before this Court in light of new and material evidence, along with evidence that Judge Stewart purportedly failed to consider in the District of Oregon.  The Court granted Bundy's request to reopen the detention hearing, finding that new information existed for this Court's consideration that was not previously available to Judge Stewart, and that this new information was material to Bundy's release conditions.  Thereafter, the Court heard arguments from the parties.

## DISCUSSION

The Bail Reform Act ("Act") governs the detention of a defendant pending trial.  18 U.S.C. § 3142.  The Act mandates the release of a person pending trial unless the court finds that "no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of any other person and the community."  18 U.S.C. § 3142(e).  Where, as here, there is probable cause to believe the defendant has committed offenses that are "crime[s] of violence,"[1]

---

[1] See 18 U.S.C. § 16 (definition); U.S.S.G. 4B1.2 (definition); 18 U.S.C. §924(c) (penalties).  Bundy has been charged with, among others, conspiracy to impede and injure a federal officer (18 U.S.C. § 372), assault on a federal officer (18 U.S.C. § 111(a)(1) and (b)), threatening a federal law enforcement officer (18 U.S.C. § 115(a)(1)(B)), and use/carry of a firearm in relation to a crime of violence (18 U.S.C. § 924(c)).

there is a rebuttable presumption that "no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of the community." 18 U.S.C. § 3142(e). A finding that a defendant is a danger to any other person or the community must be supported by "clear and convincing evidence." 18 U.S.C. § 3142(f)(2)(B).

The court considers four factors in determining whether the pretrial detention standard is met: (1) the nature and circumstances of the offense charged, including whether the offense charged is a crime of violence; (2) the weight of the evidence against the defendant; (3) the history and characteristics of the defendant, including the defendant's character, physical and mental condition, family and community ties, employment, financial resources, past criminal conduct, and history of drug or alcohol abuse; and (4) the nature and seriousness of the danger to any person or the community posed by the defendant's release. 18 U.S.C. § 3142(g); see also United States v. Winsor, 785 F.2d 755, 757 (9th Cir. 1986); United States v. Motamedi, 767 F.2d 1403, 1407 (9th Cir. 1985). The presumption is not eliminated when a defendant presents evidence to rebut the presumption of dangerousness, but rather the presumption "remains in the case as an evidentiary finding militating against release, to be weighed along with other evidence relevant to the factors listed in § 3142(g)." United States v. Dominguez, 783 F.2d 702, 707 (7th Cir. 1986).

In this case, Bundy has consistently failed to abide by prior court orders. Rather than comply with those court orders, Bundy has continued to generate income from the use of federal lands without paying fees that have been authorized by law. Federal law enforcement officers were forced to de-escalate a confrontation with Bundy and his followers, on April 12, 2014, by retreating because of the high likelihood that a serious loss of life would occur if the officers were to stay and engage with Bundy and his followers. Thus far, it appears that Bundy has "do[ne] what it takes" to prevent federal officers from enforcing the law, even if it means "hav[ing] to be more physical." Doc. # 27 at 20.

As to the weight of the evidence, the government has conducted an extensive investigation of Bundy (and his co-defendants) over the last twenty-two (22) months. There is no question that Bundy is the leader, organizer, and primary beneficiary of the conspiracy charged in the complaint and indictment.

As to the history and characteristics of Bundy, the Court notes significant family ties in the community, steady employment, ownership of property in the community, and no criminal history.

There is, however, a roughly 20-year history of continuous violations of court orders. This history is relevant because the decision to release a defendant requires a good faith assurance to the court that its orders will be obeyed. Given Bundy's consistent failure to comply with prior federal court orders, it does not appear that Bundy will comply with <u>this</u> Court's orders.

Finally, as to the nature and seriousness of the danger posed by releasing Bundy, this Court notes that Bundy confronted federal officers on April 12, 2014 while these officers were attempting to enforce court orders. The Court believes, based on Bundy's history, that Bundy will take the same action again, and "do what it takes," even at the cost of substantial injury to persons in this community.

Based on information contained in the parties' briefs, information provided to the Court by U.S. Pretrial Services, along with the arguments presented by the parties at the hearing, the Court finds, by a preponderance of the evidence, that no condition or combination of conditions will reasonably assure the appearance of Bundy in this case. The Court also finds by clear and convincing evidence that no condition or combination of conditions will reasonably assure the safety of other persons and the community if Bundy were released.

## CONCLUSION AND ORDER

Accordingly, **IT IS HEREBY ORDERED** that Bundy is **detained** pending trial.

**IT IS FURTHER ORDERED** that Bundy is committed to the custody of the Attorney General or a designated representative for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or held in custody pending appeal. Bundy must be afforded a reasonable opportunity to consult privately with defense counsel. On order of the United States Court or on request of an attorney for the government, the person in charge of the corrections facility must deliver Bundy to the United States Marshal Service for a court appearance.

DATED: March 18, 2016

_____
**C.W. Hoffman, Jr.**
**United States Magistrate Judge**