**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | Case No.: 2:16-cr-046-GMN-PAL |
| vs. | ) | |
| | ) | **ORDER** |
| CLIVEN D. BUNDY, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

The Court entered an Order on March 31, 2016, denying Petitioner Larry Elliot Klayman's ("Klayman's") Verified Petition for Permission to Practice in the case of Defendant Cliven D. Bundy ("Verified Petition"). (ECF No. 215).  In this Order, the Court denied the Verified Petition without prejudice, allowing Klayman to file a new Verified Petition. (*Id.*).  On April 7, 2016, Klayman filed a Renewed Verified Petition[1] (ECF No. 229) in response to the Court's Order, along with two related Supplements (ECF Nos. 230, 234) (collectively, hereinafter "Response").  The Court construes Klayman's Response as a request for the Court to reconsider his original Verified Petition. (ECF No. 155).

"A district court may reconsider its prior rulings so long as it retains jurisdiction over the case." *United States v. Smith*, 389 F.3d 944, 948 (9th Cir. 2004).  The Local Rules of Practice for the United States District Court for the District of Nevada provide that an attorney who is not a member of the bar of this court may only appear with permission of the court. *See* Local Rule IA 10-2.  "The granting or denial of a petition to practice under [LR IA 10-2] is

---

[1] The Court notes that this document is actually titled "Pro Hac Vice Petitioner's and Applicant's Compliance with Court Order of April 2, 2016 and Supplement to and Renewed Verified Petition for Permission to Practice in this Case Only by Attorney Not Admitted to the Bar of this Court and Designation of Local Counsel Previously Filed on March 22, 2016." (ECF No. 229).  As such, Klayman failed to follow the Court's instruction to file a new Verified Petition.

discretionary." LR IA 10-2(h).  As the Court explained in its prior Order, a defendant's "choice of counsel must be respected unless it would . . . burden the court with counsel who is incompetent or unwilling to abide by court rules and ethical guidelines." *United States v. Walters*, 309 F.3d 589, 592 (9th Cir. 2002).

The Court's prior Order (ECF No. 215) required that if Klayman filed a new Verified Petition, it must include, *inter alia*, "verification that the matter in the District of Columbia disciplinary case reverenced in the Verified Petition (Verified Pet. 7) has been resolved with no disciplinary action." (Order 2–3, ECF No. 215).  Although Klayman alleges that he is "confident of ultimately prevailing [in the District of Columbia matter]," he also specifically states in his Response that "this matter is far from resolved." (Resp. 2:3–8, ECF No. 229).  As such, Klayman admits that this ethical complaint is still pending in the District of Columbia, as the pending disciplinary matter has not been denied, dismissed, or withdrawn.

The Court finds no error with its prior ruling.  Accordingly, Klayman's Verified Petition shall remain denied without prejudice until such time as Klayman can provide proof that the ethical disciplinary proceeding in the District of Columbia has been resolved in his favor.

**IT IS HEREBY ORDERED** that Petitioner Larry Elliot Klayman's request for reconsideration (ECF No. 229) is **DENIED**.

**DATED** this _____19_____ day of April, 2016.

_____
Gloria M. Navarro, Chief Judge
United States District Court