DANIEL G. BOGDEN
United States Attorney
STEVEN W. MYHRE
NICHOLAS D. DICKINSON
Assistant United States Attorneys
NADIA J. AHMED
ERIN M. CREEGAN
Special Assistant United States Attorneys
501 Las Vegas Blvd. South, Suite 1100
Las Vegas, Nevada 89101
PHONE: (702) 388-6336
FAX: (702) 388-6698

# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

| | |
|---|---|
| UNITED STATES OF AMERICA, </br></br>   Plaintiff, </br></br> v. </br></br> CLIVEN D. BUNDY, </br></br>   Defendant. | 2:16-CR-00046-GMN-PAL </br></br> **GOVERNMENT'S RESPONSE IN OPPOSITION TO DEFENDANT CLIVEN BUNDY'S MOTION TO REVOKE DETENTION ORDER (C.R. 220)** |

The United States, by and through the undersigned, respectfully submits its Response in Opposition to defendant Cliven Bundy's ("Bundy'") Objections To The Magistrate Judge's order of Detention And Bundy's Motion For Revocation of the Magistrate's Order of Detention Order (C.R. 220) ("Motion" or "Motion to Revoke'). Specifically, the Motion seeks to revoke Magistrate Judge Hoffman's Detention Order of March 18, 2016 (hereinafter "Judge Hoffman's Detention Order" or "Judge Hoffman's Order") (C.R. 149) (Attached at Exhibit ("Ex") 1).

The Motion should be denied. Bundy is charged in a sixteen-count Superseding Indictment with numerous crimes of violence, including assaulting federal officers with a deadly weapon, obstructing justice using force and violence,

extorting federal officers by force and violence, threatening federal law enforcement officers with force and violence, using and brandishing a firearm in relation to a crime of violence, and conspiring to commit the same.  The charges arise from a massive and violent armed assault against federal law enforcement officers that occurred on April 12, 2014, near Bunkerville, Nevada, an assault led, organized, and executed by Bundy.  Having been charged with four counts of Section 924(c) violations, Bundy submits nothing in his Motion to rebut the presumption of detention that attaches under the Bail Reform Act.  Further, the government has shown by clear and convincing evidence that all of the Section 3142(g) factors weigh in favor of detention, showing that no condition or combination of conditions will ensure the safety of the community or mitigate the risk of non-appearance at future proceedings.

## FACTS

Bundy was arrested in the District of Oregon on February 10, 2016, and charged by a Complaint filed in the District of Nevada on February 11, 2016.  The Complaint charged six felony counts arising from events that occurred at or near Bunkerville, Nevada, between March 2014 and the date of the Complaint.  On February 11, 2016, and pursuant to Rule 5, Fed.R.Crim.P., Bundy made his initial appearance on the Complaint in the District of Oregon before United States Magistrate Judge Janice M. Stewart.

On February 16, 2016, Judge Stewart held a detention hearing pursuant to the Bail Reform Act, Title 18, United States Code, Sections 3142-3156. In support of its motion for detention, the government filed a detailed Memorandum

containing its proffer of evidence in support of detention. C.R. 24, pp. 38-71, Docket Entry 24; Attached at Exhibit 5.

Represented by counsel, Bundy elected to proceed with the detention hearing in Oregon and proffered evidence and argued in support of his release prior to trial. *See* C.R. 24, p. 3, Docket Entry 7 (Minutes of Proceedings). Thereafter, and after considering the information presented by both Bundy and the government, Judge Stewart ordered that Bundy be detained pending trial, stating:

> I agree with the government: If he [Bundy] is released and goes back to his ranch, that's likely the last the Court will see of him.
>
> * * *
>
> I find there is no evidence to overcome the presumption in this case that he poses a danger to the community, and I cannot conceive of any sort of restriction that I can impose on him that will assure he will make his court appearances.

Transcript Oregon Detention Hearing, p. 16, attached at Ex. 2.

Judge Stewart thereafter entered a written Order of Detention, finding that Bundy failed to rebut the presumption of detention under Title 18, United States Code, Section 3142(e) – Bundy having been charged by Complaint with two felony counts in violation of Title 18, United States Code, Section 924(c) – and that no conditions or combination of conditions could either assure his appearance at trial (citing Bundy's previous failures to follow court orders) or reasonably assure the safety of other persons or the community (citing the Section 3142(g) factors). *See* Order of Detention After Hearing (18 U.S.C. § 3142(i)) (C.R. 24, p. 75) (Attached

as Exhibit 3) (hereinafter "Judge Stewart's Order" or "Judge Stewart's Detention Order").  Bundy did move to revoke Judge Stewart's Order.

On February 17, 2016, Bundy was charged in a sixteen-count Indictment arising from the events in and around Bunkerville, Nevada, the same events that were the subject of the Complaint. The Indictment charged four felony counts in violation of Title 18, United States Code, Section 924(c).  On February 18, 2016, Magistrate Judge Stewart vacated Bundy's Preliminary Hearing on the Complaint and entered an Order committing him to the District of Nevada to stand trial on the Indictment.

Bundy was transferred to the District of Nevada.  On March 2, 2016, Bundy was charged in a sixteen-count Superseding Criminal Indictment, charging him with violations of Title 18, United States Code, Section 371 (Conspiracy to Commit an Offense Against the United States), 372 (Conspiracy to Impede and Injure a Federal Officer), 111 (a) and (b) (Assault on a Federal Officer); 115(a)(1)(B) (Threat Against a Federal Officer); 1503 (Obstruction of Justice); 1951 (Interference with Interstate Commerce by Threat); and 1952 (Interstate Travel in Aid of Racketeering).  The charges arising from the same events charged in the initial Complaint and Indictment, the Superseding Indictment against Bundy again charging him with four counts in violation of Title 18, United States Code, Section 924(c) (use and carry a firearm in relation to a crime of violence).

Appearing before United States Magistrate Judge Hoffman on March 10, 2016, Bundy was arraigned on the charges in the Superseding Indictment, a plea of Not Guilty being entered on all counts. On March 17, 2016, Judge Hoffman granted

4

Bundy's motion to re-open his detention hearing, allowing Bundy to proffer additional evidence regarding his standing in the community, the evidence consisting principally of letters from supporters attesting to their views of Bundy's reputation in the community, the letters referenced by Bundy in the instant Motion. *See* Judge Hoffman's Order, Ex. 1 at 2; Transcript Nevada Re-Opened Detention Hearing, attached at Exhibit 4 at pp. 9-13.

After re-opening the detention hearing and considering the evidence and argument presented, Judge Hoffman ordered Bundy's continued detention. Ex. 1 at 4. Finding, among other things, that "there is no question that Bundy is the leader, organizer, and primary beneficiary of the conspiracy charged in the complaint and indictment" (id. at 3), that there is "a roughly 20-year history of continuous violations of court orders," and that "Bundy will take the same action again and 'do whatever it takes,' even at the cost of substantial injury to person in this community" (id. at 4), Judge Hoffman, like Judge Stewart before him, weighed the Section 3142(g) factors and found that Bundy presented both a risk of nonappearance and a danger to the community under the appropriate evidentiary standards. *Id.* at 3 and 4.

**LEGAL STANDARD**

This Court reviews Judge Hoffman's Detention Order *de novo*. *United States v. Koenig*, 912 F.2d 1190, 1191 (9th Cir. 1990); *see also United States v. King*, 849 F.2d 485, 491 (11th Cir. 1988); *United States v. Maull*, 773 F.2d 1479, 1481 (8th Cir. 1985) (*en banc*); *United States v. Leon*, 766 F.2d 77, 80 (2d Cir. 1985). Accordingly, the Court may review the evidence presented to the Magistrate Judge and make its

own independent determination. *Koenig*, 912 F.2d at 1193 ("clearly, the district court is not required to start over in every case, and proceed as if the magistrate's decision and findings did not exist…"). Or, it may take additional evidence and consider further argument. *Id.*

Under the Bail Reform Act, a charge of a violation of Title 18, United States Code, Section 924(c), provides a presumption, subject to rebuttal, that no condition or combination of conditions will reasonably assure the appearance of the defendant as required, and the safety of the community. *See* 18 U.S.C. § 3142(e)(3)(B). The presumption "remains in the case as an evidentiary finding militating against release, to be weighed along with other evidence relevant to factors listed in § 3142(g)." *See United States v. Hir*, 517 F.3d 1081, 1086 (9th Cir. 2008) (*quoting United States v. Dominguez*, 783 F.2d 702, 707 (7th Cir. 1986)).

The government may proceed in a detention hearing by proffer or hearsay, as a defendant has no right to cross-examine adverse witnesses who have not been called to testify. *See United States v. Winsor*, 785 F.2d 755, 756 (9th Cir. 1986). "Neither the Ninth Circuit nor Congress intends the detention hearing to serve as a mini-trial on the ultimate question of guilt." *United States v. Bibbs*, 488 F. Supp. 925, 926 (N.D.Cal., 2007) (citing *Winsor* and overruling the objection to the government's proffer at detention hearing). Accordingly, the Court may "rely upon investigatory descriptions of evidence (and similar hearsay) where the judicial officer reasonably concludes that those descriptions, reports, and similar evidence, in the particular circumstances of the hearing, are reliable." *United States v. Acevedo-Ramos*, 755 F.2d 203, 207 (9th Cir. 1985).

# ARGUMENT

Given the *de novo* nature of the Court's review, the government adopts and incorporates by reference all of the evidence proffered and arguments advanced in the Oregon and Nevada detention hearings. Specifically, it references the "Government's Memorandum In Support of Its Motion for Pretrial Detention" (hereinafter "Opening Memorandum") (C.R. 24, pp. 38-71) (Attached at Exhibit 4), and the detention hearing in Oregon (Tr. at Ex. 2) and the re-opened detention hearing in Nevada (Tr. at Ex. 4).

As demonstrated in its Opening Memorandum, the government showed that Bundy failed to rebut the presumption of detention that attaches in this case under the Bail Reform Act and that the Section 3142(g) factors weighed heavily in favor of detention, the proffered evidence showing, among many other things:

- Bundy is lawless and violent, having defied federal court orders for over twenty years and violently assaulting law enforcement officers on April 9 and April 12, 2014, while those officers were enforcing the same orders that Bundy had recalcitrantly defied.

- Bundy and his conspirators pledged to use force and violence again in the event the federal government sought to enforce federal court orders against him.

- Bundy and his conspirators used threats of force and violence to prevent any enforcement actions against him following the April 12 assault.

Bundy presents nothing new in his Motion either to rebut the presumption in this case or undercut the findings of two United States Magistrate Judges who, in two separate predicate hearings, specifically found that Bundy was a danger to the community and presented a risk of non-appearance.

As he did in his two previous detention hearings, Bundy urges here that his family ties, church membership, reputation for honesty, and standing within his community – as purportedly demonstrated by letters of support submitted on his behalf – rebut the presumption and weigh in favor of his release. Mot. 2-3. Yet, all of these same factors were in place when Bundy, according to the Superseding Indictment, organized, led and executed the conspiracy to use armed violence to assault, obstruct and impede federal law enforcement officers while they were impounding his cattle. Bundy does not explain how these factors outweigh his violent conduct on April 12, or how these factors make him less of danger now than he was on April 12 when he chose to command hundreds of Followers to assault law enforcement officers with deadly weapons. Nor does he explain what, if anything, has changed between then and now to demonstrate to the Court that he would not keep his promise to "do it again" if and when law enforcement officers execute federal Court Orders against him in the future.

Bundy also contends that the government has not advanced probable cause to believe that Bundy committed crimes of violence. Mot. at 3. This contention is simply untrue. A federal grand jury sitting in Las Vegas heard evidence and returned a Superseding Indictment in this case, finding probable cause to believe that Bundy committed 16 counts worth of violent crimes. At the time of his initial

8

detention hearing in Oregon, Bundy had been charged by Complaint supported by a 32-page affidavit, a United States Magistrate Judge in Nevada finding probable cause to believe that Bundy committed at least the four crimes of violence charged in the Complaint, all arising from April 12 assault.  No further evidence of probable cause is necessary or required at this stage of the proceedings.

Bundy speciously complains that there is "nothing" in the record to show that he will not appear before this Court if ordered to do so and that he is, indeed, "law abiding." Mot. 4-5. Bundy completely ignores his twenty-year long refusal to follow federal court orders – orders that issued from this Court – requiring him to remove his cattle from the public lands.  Bundy ignores his refusal to follow this Court's order not to interfere with any action taken to impound his cattle.  And he ignores his numerous public statements that do not recognize federal authority: e.g., "these feds, I don't recognize their jurisdiction or authority, so no, I won't go with them." (referencing the possibility of his arrest).   Ex. 5, p. 12.  Or, "they [the federal government] have no jurisdiction or authority, and they have no policing power . . . they have no business here."  *Id*. Choosing to follow laws of his choosing does not transform Bundy into a supposed law abiding citizen.

Nor is his claim of being a law-abiding citizen consistent with Bundy's use of body guards and armed patrols in the aftermath of the assault and extortion of cattle. *Id*. at 20.  Nor is it consistent with his post-assault involvement in the unlawful takeover and armed occupation of the Malheur National Wildlife Refuge, telling his Followers in February 2016 (after the arrest of his sons and before the arrest of the remaining occupiers) that they should oust federal authorities from the

area: "This is not Ammon's message. This is my message. . . We've made the decision to retain it (the Wildlife Refuge) . . . the feds are going to get out of there." *Id.* at 22. Bundy's words and deeds betray any claim of being law-abiding.

None of his remaining claims rebuts the presumption in this case; they simply quibble with the government's proffer. Mot. 8-12. A detention hearing is not a mini-trial and the government may appropriately proffer evidence in support of detention. *See Winsor,* 785 F.2d at 756 ("the government may proceed in a detention hearing by proffer or hearsay"). As both Magistrate Judges Stewart and Hoffman found, the evidence in this case was adduced following over 22 months of investigation and the photographs and sourced quotations and evidence set forth in the government Memorandum bear all the indicia of reliability. Bundy's claim that the government must present more than what has been proffered to support Judge Hoffman's detention order has no basis in law. When considering the Section 3142(g) factors, the evidence proffered in this case overwhelmingly supports Bundy's continued detention both as a risk of nonappearance – based on his history of refusing to recognize federal courts or federal court orders – and as a danger to community based on the numerous crimes of violence charged in this case.

/////
/////
/////
/////
/////
/////

# CONCLUSION

WHEREFORE, for all the foregoing reasons, the government respectfully requests that the Court enter an Order denying Bundy's Motion and continuing his detention until the trial of this matter.

DATED this 19th day of April, 2016.

Respectfully submitted,

DANIEL G. BOGDEN
United States Attorney

//s//
_____
STEVEN W. MYHRE
NICHOLAS D. DICKINSON
Assistant United States Attorneys
NADIA J. AHMED
ERIN M. CREEGAN
Special Assistant United States Attorneys

Attorneys for the United States

**CERTIFICATE OF SERVICE**

I certify that I am an employee of the United States Attorney's Office. A copy of the foregoing **Government's Response in Opposition to Defendant Cliven Bundy's Motion to Revoke Detention Order (C.R. 220)** was served upon counsel of record, via Electronic Case Filing (ECF).

DATED this 19th day of April, 2016.

/s/ Mamie A. Ott
MAMIE A. OTT
Legal Assistant