UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| UNITED STATES OF AMERICA, | Case No. 2:16-cr-00046-GMN-PAL |
|---|---|
| Plaintiff, | **ORDER APPOINTING RUSSELL M. AOKI AS COORDINATING DISCOVERY ATTORNEY** |
| v. | |
| CLIVEN D. BUNDY, MELVIN D. BUNDY, DAVID H. BUNDY, BLAINE COOPER, GERALD DELEMUS, O. SCOTT DREXLER, RICHARD R. LOVELIEN, STEVEN A. STEWART, TODD C. ENGEL, GREGORY P. BURLESON, JOSEPH D. O'SHAUGHNESSY, MICAH L. McQUIRE, and JASON D. WOODS, | |
| DefendantS. | |

**IT IS HEREBY ORDERED** that Russell M. Aoki is appointed as Coordinating Discovery Attorney for thirteen of the nineteen Defendants. Defendants Ryan Bundy and Ryan Payne disagreed with the appointment of a discovery coordinator "to the extent it deprives him of a right to speedy trial." Additionally, Ryan Bundy disagreed to the extent it would deprive him of timely disclosure of discovery. Eric Parker disagreed with no further position taken. Peter Santilli, Ammon Bundy and Brian Cavalier did not take a position.

The Coordinating Discovery Attorney shall oversee any discovery issues that are common to all of the Defendants. His responsibilities will include:

1. Managing and, unless otherwise agreed upon with the Government, distributing discovery produced by the Government and relevant third-party information common to all Defendants;

2. Assessing the amount and type of case data to determine what types of technology should be evaluated and used so that duplicative costs are avoided and the most efficient and cost-effective methods are identified;

3. Acting as a liaison with federal prosecutors to ensure the timely and effective exchange of discovery;

4. Identifying, evaluating, and engaging in third-party vendors and other litigation support services;

5. Assessing the needs of individual parties and further identifying any additional vendor support that may be required—including copying, scanning, forensic imaging, data processing, data hosting, trial presentation, and other technology depending on the nature of the case;

6. Identifying any additional human resources that may be needed by the individual parties for the organization and substantive review of information;

7. Providing training and support services to the defense teams as a group and individually; and

8. Assisting CJA panel attorneys in the preparation of budgets and funding requests to the court.

Therefore, the Coordinating Discovery Attorney shall assess the most effective and cost-efficient manner to organize the discovery with input from defense counsel.

Discovery issues specific to any particular defendant shall be addressed by defense counsel directly with the Government and not through the Coordinating Discovery Attorney. The Coordinating Discovery Attorney's duties do not include providing additional representation services, and therefore he will not be establishing an attorney-client relationship with any of the Defendants.

The Government shall provide discovery to the Coordinating Discovery Attorney unless otherwise agreed. To avoid delay in providing discovery to defense counsel, any additional discovery not already produced shall be provided directly to the Coordinating Discovery Attorney, who shall duplicate and distribute the discovery to all defense counsel. The

1  Government shall work with the Coordinating Discovery Attorney to provide discovery in a
2  timely manner.  The Coordinating Discovery Attorney shall abide by the terms of this Court's
3  protective order if one is entered in this case, including the return or destruction of all discovery
4  containing personal identifying information.

5  The Coordinating Discovery Attorney shall petition this Court, *ex parte*, for funds for
6  outside services and shall monitor all vendor invoices for these services, including confirming
7  the work was previously agreed to be performed.  However, his time and the time spent by his
8  staff will be paid by the Administrative Office of the U.S. Courts, Defender Services Office.  All
9  petitions for outside services shall include a basis for the requested funds and a determination
10 that the costs of the services are reasonable.

11 The Coordinating Discovery Attorney shall also provide this Court with monthly *ex parte*
12 reports depicting the status of work and whether that work remains within the budget of any
13 funds authorized by the Court.

14 DATED this 2nd day of May, 2016.

_____
PEGGY A. LEEN
UNITED STATES MAGISTRATE JUDGE