**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | Case No.: 2:16-cr-046-GMN-PAL |
| vs. ) | |
| ) | **ORDER** |
| CLIVEN D. BUNDY, ) | |
| ) | |
| Defendants. ) | |
| ) | |

Pending before the Court is Defendant Cliven D. Bundy's Motion to Disqualify. (ECF No. 427). The Government filed a Response. (ECF No. 435). Defendant also filed a Motion for Leave to File a Supplement to the Motion to Disqualify. (ECF No. 443).[1]

## I. BACKGROUND

On March 2, 2016, a federal grand jury sitting in the District of Nevada returned a Superseding Indictment charging Defendant and eighteen other defendants with eleven counts related to a confrontation with Bureau of Land Management (BLM) Officers in Bunkerville, Nevada, on April 12, 2014. (ECF No. 27). Defendant was arrested in the District of Oregon and made his initial appearance there before Magistrate Judge Janice M. Stewart. (*See* Det. Order 1, ECF No. 149). Judge Stewart held a detention hearing and ordered Defendant detained prior to trial. (*Id.*); (*see also* Ex. 1 to Gov't Mot. to Vacate Det. Hr'g, ECF No. 124-1). Defendant was then transferred to the District of Nevada, where he was arraigned again. (Det.

---

[1] On May 24, 2016, Defendant filed a Motion to Amend/Correct Motion to Disqualify. (ECF No. 436). The Court ordered that this Motion be stricken pursuant to District of Nevada Local Rule 7-2(g), which requires leave of the Court prior to filing any supplemental briefing. (ECF No. 438). Following this Order, Defendant filed the instant Motion for Leave to File a Supplement. (ECF No. 443). For good cause appearing, the Court grants Defendant's Motion for Leave to File a Supplement. (ECF No. 443). Accordingly, the Court construes Defendant's Motion to Amend/Correct Motion to Disqualify (ECF No. 436) as the Supplement that Defendant requests leave to file, and the Court additionally considers this Supplement (ECF No. 436) in its decision herein.

Order 1). Defendant moved to reopen the detention hearing before District of Nevada Magistrate Judge Carl W. Hoffman, Jr., and a hearing on the motion proceeded on March 17, 2016. Upon consideration of briefing and argument by the parties, Judge Hoffman ordered Defendant detained pending trial. (*Id.* at 4).

Defendant then timely filed an Appeal from Magistrate Judge's Detention Order under 18 U.S.C. § 3145(b). (ECF No. 217). The Government filed a Response. (ECF No. 281). On May 10, 2016, the Court held a hearing on this Appeal. (ECF No. 389). At this hearing, Defendant made an oral Motion for Recusal and requested the proceeding be stayed pending resolution of this motion. (*Id.*). The Court set an expedited briefing schedule, completed the detention hearing, and held its decision in abeyance pending the outcome of the Motion for Recusal. (*Id.*). Defendant filed the instant Motion to Disqualify (ECF No. 427), and the Government filed its Response (ECF No. 435).

## II. <u>LEGAL STANDARD</u>

Generally, absent a legitimate reason to recuse, "a judge should participate in cases assigned." *United States v. Holland*, 519 F.3d 909, 912 (9th Cir. 2008) (citing *Maier v. Orr,* 758 F.2d 1578, 1583 (Fed. Cir. 1985); *United States v. Snyder,* 235 F.3d 42, 46 (1st Cir. 2000)). "We are as bound to recuse ourselves when the law and facts require as we are to hear cases when there is no reasonable factual basis for recusal." *Id.* Any claim of alleged bias and prejudice on the part of the judge must "stem from an extrajudicial source" and must result in an "opinion on the merits" based on something other than what the judge has garnered from the pleadings and motions in the case. *United States v. Grinnel Corp.*, 384 U.S. 563, 583 (1966); *see also Liteky v. United States*, 510 U.S. 540, 554–56 (1994) (discussing the "extrajudicial source" doctrine with regard to the disqualification of a federal district court judge). Allegations of bias warranting recusal of a judge must contain specific facts to support this position. *United States v. Hernandez*, 109 F.3d 1450, 1453 (9th Cir. 1997). "[J]udicial rulings

alone almost never constitute valid basis for a bias or partiality motion." *Id.* at 1454 (quoting *Liteky*, 510 U.S. at 554–56); *see also United States v. Studley*, 783 F.2d 934, 939 (9th Cir. 1986) ("The alleged prejudice must result from an extrajudicial source; a judge's prior adverse ruling is not sufficient cause for recusal.").

Furthermore, counsel cannot, for reason of disqualification, name a judge in a new lawsuit with the purpose of disqualifying her from the instant case. While a judge cannot act in her own case, neither may counsel file "specious pleadings" solely for the purpose of disqualifying her. *Ely Valley Mines, Inc. v. Lee*, 385 F.2d 188, 191 (9th Cir. 1967), *superseded on other grounds*, *In re Mortgages Ltd.*, 771 F.3d 623 (9th Cir. 2014).

Two statutes apply to judicial recusal. First, 28 U.S.C. § 144 states in pertinent part:

> Whenever a party to any proceeding in a district court makes and files a timely and sufficient affidavit that the judge before whom the matter is pending has a personal bias or prejudice either against him or in favor of any adverse party, such judge shall proceed no further therein, but another judge shall be assigned to hear such proceeding.

The judge against whom recusal is sought determines the legal sufficiency of the motion. *See United States v. Azhocar,* 581 F.2d 735, 738 (9th Cir. 1978). The statutory mandate to "proceed no further" applies only after the court determines the legal sufficiency of the affidavit. *Id.* Second, 28 U.S.C. § 455 specifically governs the instances and circumstances for disqualification.

### III. DISCUSSION

Defendant has failed to raise a legally sufficient basis for the Court to delay the proceedings pursuant to 28 U.S.C. § 144 and to assign another judge to address the allegations of personal bias or prejudice. Defendant asserts several alleged grounds for recusal. (ECF No. 427). The Court denies Defendant's Motion to Recuse for following reasons.

The law does not allow a party to create a conflict and use it as a basis for a request for recusal. *See Ely Valley Mines, Inc.*, 385 F.2d at 191. Defendant requests recusal and claims a

conflict exists because Defendant has recently filed a civil complaint naming the judge as a defendant and alleging deprivation of civil rights due to prosecutorial bias. *See Bundy v. Obama*, 2:16-cv-1047-JAD-GWF (D. Nev. May 10, 2016) (complaint).  This common tactic is simply not permitted. *See Ronwin v. State Bar of Ariz.,* 686 F.2d 692, 701 (9th Cir. 1981), *cert. denied,* 461 U.S. 938 (1983) (mere filing of lawsuit against judge will not disqualify him or her); *see also Studley*, 783 F.2d at 940 ("A judge is not disqualified by a litigant's suit or threatened suit against him"); *Azubuko v. Royal*, 443 F.3d 302, 304 (3d Cir. 2006) (same).

As more fully explained by the Government in its Response (ECF No. 435), judicial decisions and adverse rulings by the court cannot form the basis of a recusal motion. *See Studley*, 783 F.2d at 939.  Defendant's civil rights Complaint was filed only after the Court exercised its discretion to deny without prejudice the Verified Petition for Permission to Practice Pro Hac Vice (ECF No. 155) filed by Defendant's additional counsel.  The Petition was denied on the basis on several grounds, including his lack of candor and three pending ethical charges. (ECF No. 215).  The conduct alleged is one performed in the routine official judicial capacity, and it is not a reasonable or sufficient basis for asserting a belief that personal bias or prejudice exists. *See Grinnel Corp.*, 384 U.S. at 583; *see also Liteky*, 510 U.S. at 554–56.

Similarly, the Government aptly explains why Defendant's belief that the Court is involved in a conspiracy with President Obama and Senator Reid displays a lack of respect and/or complete ignorance of the independent role of the judiciary. (Gov't Resp. 8–10, ECF No. 435).  In fact, the spurious allegations raise very serious concerns about defense counsel's ability to effectively represent his client in this complex criminal case. *See Strickland v. Washington*, 466 U.S. 668 (1984) (a criminal defendant has a constitutional right to effective assistance of counsel); *see also* Model R. of Prof'l Conduct 3.1 (Am Bar Ass'n 2016) ("A lawyer shall not bring or defend a proceeding, or assert or controvert an issue therein, unless

there is a basis in law and fact for doing so that is not frivolous, which includes a good faith argument for an extension, modification or reversal of existing law.").[2]

Defendant also makes several other allegations that were previously addressed at the last hearing. (*See* ECF No. 427); (Hr'g Tr., ECF No. 421).  Defendant requests recusal and claims a conflict exists because the husband of the presiding judge is employed with the Office of the Clark County District Attorney as one of many Chief Deputy District Attorneys. (ECF No. 427).  Defendant merely speculates that the local office previously considered or may consider in the future prosecuting Defendant for the same conduct related to the assault on federal BLM officials. (*Id.*).  However, prosecutors and civil government lawyers serve the interests of all citizens; they do not represent parties.  Additionally, government employees are exempt from imputed conflicts.  *See* Model R. of Prof'l Conduct 1.11; *see also* Model R. of Prof'l Conduct 1.10 (describing the general rule regarding imputation of conflicts of interest and noting specifically that "government lawyers [are] governed by Rule 1.11.").  Therefore, the government attorney must have actually participated "personally and substantially" in the matter giving rise to the conflict of interest. Model R. of Prof'l Conduct 1.11.  The presiding judge advised at the last hearing that she was not aware of any such communications involving her husband and in an abundance of caution, judiciously provided the defense time to provide evidence of its accusation; however, Defendant has failed to provide any legally sufficient reasonable factual basis for its hypothesis.

Finally, at the previous hearing, the Court clearly stated that solitary confinement has never been ordered by the presiding judge, the Oregon Magistrate Judge, nor the local Nevada Magistrate Judge. (*See* Hr'g Tr. 30:6–9, ECF No. 421).  Therefore, if Defendant is in solitary confinement, this could not possibly serve as a basis for recusal.  Furthermore, the discussion

---

[2] Nevertheless, the Court is encouraged by Defendant's Motion for Leave to File Supplement (ECF No. 443), which acknowledges that the instant Motion to Disqualify (ECF No. 427) included "fairly severe language" and "[o]ther corrections needed to be made in the factual assertions." (Mot. for Leave to File Supp. 2, ECF No. 443).

regarding Defendant's wife in Court was elicited by defense counsel who requested that she be permitted to sit at counsel's table with her defendant husband. (*Id.* at 4:7–13).  After a reasonable inquiry by the Court about her status in the case given the fact that her sons have also been indicted, it was revealed that she was assisting in her husband's defense as a "paralegal." (*Id.* at 4:13–5:3).  Despite the possible conflict that could exist regarding her relationship with the co-defendants, the Court provided permission for her to sit in the first row of the public benches, right behind the "well;" this location is often reserved for legal staff. However, the Court noted that this permission was additionally subject to the approval of the U.S. Marshals, who are tasked with preserving decorum and securing the courtroom. (*Id.* at 5:4–6:16).

Defendant has failed to provide a legally sufficient basis for the allegations of personal bias and prejudice pursuant to 28 U.S.C. § 144.  Accordingly, the Court denies Defendant's Motion to Disqualify.

### IV.    CONCLUSION

**IT IS HEREBY ORDERED** that Defendant Cliven D. Bundy's Motion to Disqualify (ECF No. 427) is **DENIED**.

**IT IS FURTHER ORDERED** that Defendant's Motion for Leave to File a Supplement to the Motion to Disqualify (ECF No. 443) is **GRANTED**.

**IT IS FURTHER ORDERED** that the Court's Minute Order (ECF No. 438) striking Defendant's Motion to Amend/Correct Motion to Disqualify (ECF No. 436) is hereby **VACATED**.

**DATED** this 24th day of May, 2016.

_____
Gloria M. Navarro, Chief Judge
United States District Court