UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                               Plaintiff,<br>v.<br>CLIVEN BUNDY, et al.,<br><br>                               Defendants. | Case No. 2:16-cr-00046-GMN-PAL<br><br>**ORDER**<br><br>(Mots. for Joinder – ECF. Nos. 548, 534) |

This matter is before the court on Defendants Joseph O'Shaughnessy and Cliven D. Bundy's Motions for Joinder (ECF. Nos. 548, 534) to Defendant Ryan Payne's Reply (ECF No. 532) in support of his Motion to Sever (ECF. No. 460). These Motions are referred to the undersigned pursuant to 28 U.S.C. § 636(b)(1)(A) and LR IB 1-3 and 1-7 of the Local Rules of Practice. These are not typical requests for joinder; thus, a brief procedural background is appropriate.

On May 25, 2016, Payne filed his Motion to Sever (ECF. No. 460). Although O'Shaughnessy did not file a separate severance motion of his own, O'Shaughnessy filed a Motion for Joinder (ECF No. 468) to Payne's severance motion, which the court granted. *See* Order (ECF No. 529). Cliven Bundy did file his own Motion to Sever (ECF No. 469). Pursuant to the Case Management Order (ECF No. 321), the Government was required to file responses to severance motions by June 10, 2016; and Defendants were required to file replies by June 17, 2016. *Id*. at 13.

On June 10, 2016, the Government filed a Response (ECF. No. 505) to Cliven Bundy's severance motion. The Government also filed a Response (ECF. No. 511) to Payne's severance motion, which incorporated its arguments on the merits to O'Shaughnessy's request for joinder. Payne filed a Reply (ECF. No. 532) on June 16, 2016. Cliven Bundy did not file a reply.

1

1         O'Shaughnessy filed a second joinder motion (ECF No. 534) on June 16, 2016, asking to join Payne's Reply in support of Payne's severance motion. On June 20, 2016, Cliven Bundy also filed a Motion for Joinder (ECF No. 548) to Payne's Reply.

        This case has been declared complex and has produced voluminous filings in a short amount of time. The court has previously found good cause to grant Defendants' joinder requests in order to avoid serial motions on the same issue. Joinder is intended to promote judicial economy and reduce duplicative filings. Filing multiple motions requesting the same or nearly identical relief is unnecessary and multiplies and complicates the docket. Additionally, requests for joinder are not a means to extend the pretrial motions deadlines established in the Case Management Order or to join in a reply when leave was not timely sought to join the underlying motion. LCR 12-1(3) states that a "reply brief must only address arguments made in the response."

        Cliven Bundy's joinder request does not show good cause. Mr. Bundy filed his own severance motion, he did not seek leave of the court to join Payne's severance motion. Mr. Bundy did not file a reply in support of his own severance motion before the June 17th deadline, yet he asked to join Payne's Reply, which was timely filed. Thus, allowing Mr. Bundy's joinder would have the effect of extending his reply deadline without showing cause for the missed deadline. In addition, because Mr. Bundy did not join Payne's severance motion and filed his own, the Government filed a Response (ECF No. 505) specific to Mr. Bundy's severance motion. Payne's Reply addresses the arguments in the Government's Response (ECF. No. 511) to *Payne's* severance motion—not the Response (ECF No. 505) to *Mr. Bundy's* severance motion. Allowing Mr. Bundy to join Payne's Reply would, therefore, violate the LCR 12-1(3).

        Mr. O'Shaughnessy received leave of the court to join Payne's severance motion. *See* Order (ECF No. 529). The second request is needless duplication, which clogs the record, takes time and effort of all concerned to sort out, and generally delays decision of pending matters. In short, when a defendant has received leave of the court to join a motion, a second motion is not necessary to join the reply brief. The court will consider the reply to be that of any defendants joining in the motion.

Accordingly,

**IT IS ORDERED:**

1. Defendant Cliven D. Bundy's Motions for Joinder (ECF. No. 548) is DENIED.
2. Defendant Joseph O'Shaughnessy's Motion is GRANTED, but unnecessary.
3. Counsel need not, and shall not file joinders in replies.  If counsel timely filed a request to join a motion and leave is granted, the court will consider the reply filed by the movant as the reply filed by all granted leave to join.

Dated this 5th day of July, 2016.

```
                                    PEGGY A. LEEN
                                    UNITED STATES MAGISTRATE JUDGE
```