UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br>v.<br>STEVEN STEWART,<br><br>Defendant. | Case No. 2:16-cr-00046-GMN-PAL<br><br>ORDER<br><br>(Mot for Timely Production– ECF No. 749) |

Before the court is Defendant Steven Stewart's ("Stewart") Memorandum in Support of Defendant's Motion for Timely Production of Giglio Material (ECF No. 749) which was referred to the undersigned pursuant to 28 U.S.C. § 636(b)(1)(A) and LR IB 1-3. The court has reviewed the motion and Joinders of Dave Bundy, McGuire, Mel Bundy, Santilli, O'Shaugnessy, Payne, Ryan Bundy and Ammon Bundy (ECF Nos. 769, 793, 813, 815, 819, 830, 831, 832, 840), the government's Response (ECF No. 929), and Stewart's Reply (ECF No. 943).

**BACKGROUND**

Stewart is charged in a superseding indictment returned March 2, 2016, with:

- Count One – Conspiracy to Commit an Offense Against the United States in violation of 18 U.S.C. § 371.  This charge arises from conduct that allegedly occurred sometime between March of 2014 and March of 2016.

- Count Two – Conspiracy to Impede or Injure a Federal Officer in violation of 18 U.S.C. § 372.  This charge arises from conduct that allegedly occurred sometime between March of 2014 and March of 2016.

- Count Three – Use and Carry of a Firearm in Relation to a Crime of Violence in violation of 18 U.S.C. § 924(c) and (2).  This charge arises from conduct that allegedly occurred sometime between March of 2014 and March of 2016.

- Count Five - Assault on a Federal Officer in violation of 18 U.S.C. § 111(a)(1), (b) and (2). This charge arises from conduct that allegedly occurred on April 12, 2014.

1

- Count Six - Use and Carry of a Firearm in Relation to a Crime of Violence in violation of 18 U.S.C. § 924(c) and (2).  This charge arises from conduct that allegedly occurred on April 12, 2014.

- Count Eight - Threatening a Federal Law Enforcement Officer in violation of 18 U.S.C. 15(a)(1)(B) and (2).  This charge arises from conduct that allegedly occurred on April 12, 2014.

- Count Nine – Use and Carry of a Firearm in Relation to a Crime of Violence in violation of 18 U.S.C. § 924(c) and (2).  This charge arises from conduct that allegedly occurred on April 12, 2014.

- Count Twelve – Obstruction of the Due Administration of Justice in violation of 18 U.S.C. § 1503 and § 2.  This charge arises from conduct that allegedly occurred on April 12, 2014.

- Count Fourteen - Interference with Interstate Commerce by Extortion in violation of 18 U.S.C. § 1951 and § 2.  This charge arises from conduct that allegedly on April 12, 2014.

- Count Fifteen – Use and Carry of a Firearm in Relation to a Crime of Violence in violation of 18 U.S.C. § 924(c) and (2).  This charge arises from conduct that allegedly occurred on April 12, 2014.

- Count Sixteen - Interstate Travel in Aid of Extortion in violation of 18 U.S.C. § 1952 and § 2.  This charge arises from conduct that allegedly occurred sometime between April 5, 2014 and April 12, 2016.

In the current motion, counsel for Stewart asserts that he sought to confirm with the government it would produce *Giglio* and Jencks materials prior to trial before filing this motion in an effort to comply with LCR 16-1(c).  The government responded indicating it would produce Jencks material prior to trial, but was silent on the *Giglio* material.  Therefore, in an abundance of caution, this motion was filed.  It requests that the government be ordered to produce all *Giglio* material as it becomes known to the prosecution, but not later than 30 days prior to trial.  The motion argues that the government has an affirmative obligation under the due process clause to disclose all evidence favorable to him including information about an adverse witness' bias and credibility in preparation for cross examination.  The government has an affirmative duty to disclose all evidence favorable to the defendant which is "material either to guilt or punishment."  The government has an obligation under *Brady v. Maryland*, 373 U.S. 83 (1963), to produce not

only exculpatory evidence, but also impeachment information regarding government witnesses. The prosecution is in the best position to know of the evidence available and witnesses to be called, and therefore has a duty to exercise due diligence in determining the existence of evidence favorable to the defense. If there is any doubt that the evidence should be disclosed, the government has an obligation to produce the material for an in-camera review by the court. Accordingly, to protect Stewart's Constitutional rights, to afford him a meaningful opportunity to contest the pending charges, prepare for cross-examination of the government's witnesses, and effectively mount his defense, Stewart requests that the government be ordered to disclose all *Giglio* material as it becomes known, but not later than 30 days prior to trial.

The government's response acknowledges its obligation to turn over all material information that casts doubt on a government's witness' credibility under *Giglio v. United States*. The government also acknowledges its obligation to disclose the information at a time when it would be of value to the accused which is generally before trial. However, Stewart seeks an order from the court imposing a set deadline for production of *Giglio* material to the defendants, apparently based on the government's expressed intent to produce Jencks Act material earlier than is required. The government points out that the Jencks Act does not mandate pretrial disclosure, but requires that the government, on motion by the defendant, to produce any statement of the witness in the possession of the government that relates to the subject matter testified to by the witness on direct examination.

The court's case management order recognizes that the government has no pretrial disclosure obligation regarding Jencks material, and the decline to impose such a deadline. The court should similarly defer to the well-settled legal requirements dictating disclosure of *Giglio* materials and allow the government to comply with its disclosure obligations of exculpatory or impeachment information prior to trial as required by law without imposing a set pretrial deadline. Imposing a deadline for *Giglio* material production is not only unnecessary, but potentially interferes with the government's deadlines under the Jencks Act. Citing *United States v. Alvarez*, 358 F.3d 1194, 1211 (9th Cir. 2004), the government notes that when the defense seeks information that qualifies as both Jencks Act and *Brady* material, the Jencks Act standards control.

The government represents that it understands and intends to comply with its discovery obligations, including both its *Brady/Giglio* obligations and its Jencks Act obligation, and that an order setting a different deadline from that established under the law is unnecessary. The court government therefore asks that the court deny Stewart's motion.

Stewart replies that anything short of pretrial disclosure of *Giglio* material will violate the government's obligation to timely disclose *Brady* material. He also argues that because the government has agreed to produce Jencks Act discovery 30 days before trial the court should require disclosure of *Giglio* material 90 days before trial, or alternatively, no later than 30 days before trial.

## DISCUSSION

The Ninth Circuit has held that generally, disclosure of *Brady* material should occur before trial. *United States v Nagra*, 147 F 3d. 875, 881 (9th Cir. 1988). It must be disclosed at a time when it would be of value to the accused. *United States v. Aichele*, 941 F 2d 761, 764 (9th Cir. 1991). A delay in disclosure requires reversal of a conviction if it prejudiced the defendant's preparation of his defense to the degree that he was deprived of a fair trial. *United States v Shelton,* 588 F. 2d. 1242, 1247 (9th Cir. 1978). However, the court lacks authority to force the government to produce Jencks Act discovery earlier than required by 18 U.S.C § 3500, even if it qualifies as *Brady* material. *United States v Alvarez*, 358 F 3d 1184, 1211 (9th Cir. 1986). A prosecutor who fails to timely comply with his or her *Brady* and *Giglio* obligations risks sanctions and/or a mistrial. *United States v. Chapman*, 524 F 3d 1073, 1086 (9th Cir. 2008). The government also risks reversal of a conviction if an appellate court finds a *Brady* violation deprived a defendant of a fair trial. *United States v Bagley*, 473 U.S. 667, 675 (1985).

The court and all parties share a common interest in a fair and efficient trial. The government has agreed to produce Jencks discovery 30 days before trial. Producing *Giglio* material 30 days before trial is both a reasonable request and one the court believes will facilitate a fair and efficient trial. However, the court will not enter an unenforceable order requiring the government to produce *Brady/Giglio* material that qualifies as Jencks Act material.

Having reviewed and considered the matters,

**IT IS ORDERED** that:

1. Stewart's Memorandum in Support of Defendant's Motion for Timely Production of *Giglio* Material (ECF No. 749) is **GRANTED** to the extent the government shall produce non-Jencks *Giglio* material no later than 30 days before trial and **DENIED** in all other respects.

2. The requests for Joinder (ECF Nos. 769, 793, 813, 815, 819, 830, 831, 832, 840) are **GRANTED.**

DATED this 18th day of November, 2016.

PEGGY A. LEEN
UNITED STATES MAGISTRATE JUDGE

5