UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| UNITED STATES OF AMERICA, ) <br> ) <br> Plaintiff, ) <br> vs. ) <br> ) <br> STEVEN A. STEWART, ) <br> ) <br> Defendant. ) <br> ) | Case No.: 2:16-cr-00046-GMN-PAL <br><br> **ORDER** |

Pending before the Court is Defendant Steven A. Stewart's ("Defendant's") Motion for Additional Peremptory Challenges, (ECF No. 1230). Specifically, Defendant asks the Court for ten separate peremptory challenges for his trial scheduled to begin on February 6, 2017. (Mot. for Additional Peremptory Challenges 1:21–22).[1] The Government filed a Response, (ECF No. 1342).

Federal Rule of Criminal Procedure ("Rules") 24(b) outlines the number of peremptory challenges to which each side is entitled. In a felony case, the Government is entitled to six peremptory challenges and the defendants jointly have ten peremptory challenges. Fed. R. Crim. P. 24(b)(2). "The [C]ourt may allow additional peremptory challenges to multiple defendants, and may allow the defendants to exercise those challenges separately or jointly." Fed. R. Crim. P. 24(b).

The Ninth Circuit has held that "[t]here is no right to additional peremptory challenges in multi-defendant cases." *United States v. McClendon*, 782 F.2d 785, 787 (9th Cir. 1986), *overruled on other grounds*, *United States v. Garrett*, 179 F.3d 1143 (9th Cir. 1999). The

---

[1] Co-defendants Gregory Burleson ("Burleson"), Melvin Bundy, and Richard Lovelien ("Lovelien") (collectively "co-defendants") filed Motions for Joinder, (ECF Nos. 1246, 1315, and 1337). Accordingly, co-defendants' Motions, (ECF Nos. 1246, 1315, and 1337), are GRANTED.

award of additional peremptory challenges is not mandatory, but permissive, and rests in the trial court's sound discretion. *Id.*; *see also* Fed. R. Crim. P. 24(b); *United States v. Hueftle*, 687 F.2d 1305, 1309 (10th Cir. 1982) (granting three challenges for fifteen defendants and holding that, while "not very generous," did not deprive defendants of a fair trial).

Here, defendants will receive ten peremptory challenges pursuant to the Rules to provide an opportunity to select an impartial jury that is representative of the community. Moreover, considering the length and complexity of this case, the Court grants each defendant one additional peremptory challenge to promote an efficient and expeditious jury selection process.[2]

Accordingly, **IT IS HEREBY ORDERED** that Defendant's Motion for Additional Peremptory Challenges, (ECF NO. 1230), is **GRANTED in part, DENIED in part**. The Motion is granted to the extent that each defendant in the trial scheduled to begin on February 6, 2017, shall receive one additional peremptory challenge. The Motion is denied in all other respects.

**IT IS FURTHER ORDERED** that the Motions for Joinder, (ECF Nos. 1246, 1315, and 1337), are **GRANTED**.

**DATED** this __19__ day of January, 2017.

_____
Gloria M. Navarro, Chief Judge
United States District Judge

---

[2] Further, each side will receive four additional peremptory challenges to be exercised only on the four alternate jurors. *See* Fed. R. Crim. P. 24(c)(4).