UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>        Plaintiff,<br>vs.<br><br>RYAN W. PAYNE,<br><br>        Defendant. | Case No.: 2:16-cr-46-GMN-PAL<br><br>**ORDER** |

Pending before the Court is the Report and Recommendation (ECF No. 1225) entered by Magistrate Judge Peggy A. Leen on January 3, 2017, denying Defendant Ryan W. Payne's ("Defendant's") Motions to Dismiss Counts Two and Three[1] for Overbreadth (ECF No. 754) and Vagueness (ECF No. 757). Defendant timely filed his Objection (ECF No. 1314), to which the Government timely filed a Response (ECF No. 1460).[2]

I.  **BACKGROUND**

On March 2, 2016, a federal grand jury sitting in the District of Nevada returned a Superseding Indictment charging Defendant and eighteen other co-defendants with sixteen

---

[1] Count Three is the Use and Carry of a Firearm in Relation to a Crime of Violence, under Title 18, United States Code, Sections 924(c) and 2. However, on February 2, 2017, the Court dismissed Count Three of the Superseding Indictment. (Order on R. & R., ECF No. 1483). As such, any argument as to Count Three is moot.

[2] On January 17, 2017, Defendant David H. Bundy ("D. Bundy") filed a Motion for Joinder (ECF No. 1319) to Defendant's Objection (ECF No. 1314). Additionally, on January 18, 2017, Defendant Ricky R. Lovelien ("Lovelien"), on January 19, 2017, Defendant Steven A. Stewart ("Stewart"), on January 26, 2017, Defendant Melvin D. Bundy ("M. Bundy"), and on February 1, 2017, Defendant Ammon E. Bundy ("A. Bundy") each filed Motions for Joinder (ECF Nos. 1331, 1354, 1410, 1467) to Defendant's Objection (ECF No. 1314). Pursuant to District of Nevada Local Rule IB 3-2(a), any objections to a magistrate judge's report and recommendation must be filed within 14 days of service. D. Bundy's Motion was filed within the 14-day deadline to be considered as an objection to Judge Leen's Report and Recommendation. However, Lovelien, Stewart, M. Bundy, and A. Bundy's Motions were not filed within the 14-day deadline. Accordingly, D. Bundy's Motion for Joinder (ECF No. 1319) is granted, and Lovelien, Stewart, M. Bundy, and A. Bundy's Motions for Joinder (ECF Nos. 1331, 1354, 1410, 1467) are denied as untimely.

counts related to a confrontation on April 12, 2014, with Bureau of Land Management ("BLM") Officers in Bunkerville, Nevada. (ECF No. 27).

Count Two of the Superseding Indictment charges Defendant with Conspiracy to Impede and Injure a Federal Officer, a violation of 18 U.S.C. § 372.[3]  Defendant's Motion to Dismiss for Overbreadth seeks to dismiss this count because § 372 is "impermissibly overbroad" and "sweep[s] up conduct protected by the First Amendment." (Mot. to Dismiss for Overbreadth 8:21–22, ECF No. 754).  Defendant specifically argues that § 372 criminalizes "constitutionally protected" speech and conduct as it "contains no language indicating the statute reaches only true threats." (*Id.* 6:12–16).  Similarly, Defendant's Motion to Dismiss for Vagueness seeks to dismiss this count because § 372 is "unconstitutionally vague both on its face and as applied to [Defendant]." (Mot. to Dismiss for Vagueness 3:15–16, ECF No. 757).  Specifically, Defendant asserts that § 372 is unconstitutionally vague on its face because it fails to define various terms used, thereby "failing to provide adequate notice and allowing for arbitrary enforcement by the government." (*Id.* 10:2–3).  Further, Defendant contends that the statute is vague as applied because it failed to put him "on notice that he would face federal prosecution for exercising his rights to free speech, assembly, and bearing arms, to protest the government." (*Id.* 17:12–13).  In her Report and Recommendation, Judge Leen rejected these arguments and recommended denial of the Motions. (R. & R. 11:13–12:13, 15:6–19, ECF No. 1225).

---

[3] Section 372 states: "If two or more persons in any State, Territory, Possession, or District conspire to prevent, by force, intimidation, or threat, any person from accepting or holding any office, trust, or place of confidence under the United States, or from discharging any duties thereof, or to induce by like means any officer of the United States to leave the place, where his duties as an officer are required to be performed, or to injure him in his person or property on account of his lawful discharge of the duties of his office, or while engaged in the lawful discharge thereof, or to injure his property so as to molest, interrupt, hinder, or impede him in the discharge of his official duties, each of such persons shall be fined under this title or imprisoned not more than six years, or both." 18 U.S.C. § 372.

## II. LEGAL STANDARD

A party may file specific written objections to the findings and recommendations of a United States Magistrate Judge made pursuant to Local Rule IB 1-4. 28 U.S.C. § 636(b)(1)(B); D. Nev. R. IB 3-2.  Upon the filing of such objections, the Court must make a *de novo* determination of those portions of the Report to which objections are made. *Id.*  The Court may accept, reject, or modify, in whole or in part, the findings or recommendations of the Magistrate Judge. 28 U.S.C. § 636(b)(1); D. Nev. IB 3-2(b).

## III. DISCUSSION

Defendant asserts several objections to Judge Leen's Report and Recommendation denying his Motions to Dismiss. (Obj., ECF No. 1314).  As to overbreadth, Defendant argues that Judge Leen erred by finding *United States v. Fulbright*, 105 F.3d 443 (9th Cir. 1997) to control this case because *Fulbright* "did not address the argument [Defendant] raises here, i.e., that much of the conduct § 372 proscribes does not qualify as a 'true threat' and therefore cannot be criminalized." (*Id.* 4:16–6:6).  Defendant also contends that Judge Leen "improperly read[ ] a mens rea requirement into § 372." (*Id.* 6:7–9:5).  As to vagueness, Defendant argues that Judge Leen "failed entirely to address [his] assertion that § 372 allow[s] for . . . arbitrary and discriminatory enforcement." (*Id.* 12:18–19).  He further asserts that Judge Leen's "analysis erroneously assumes that an ordinary citizen would be able to tell the difference between constitutionally protected protest of government action and action that would be criminally charged under § 372." (*Id.* 13:13–15).

Having reviewed the record in this case *de novo*, the Court agrees with the analysis and findings of Judge Leen in her Report and Recommendation (ECF No. 1225) denying the Motion to Dismiss and incorporates them by reference in this order.

Defendant does not dispute that true threats are an exception to the First Amendment's free speech provision. (Obj. 6:8–10); *Planned Parenthood of the Columbia / Willamette, Inc.*

*v. Am. Coal. of Life Activists*, 290 F.3d 1058, 1072 (9th Cir. 2002) (en banc), *as amended* (July 10, 2002)) ("While advocating violence is protected, threatening a person with violence is not. In *Watts v. United States*, 394 U.S. 705 (1969), the Court explicitly distinguished between political hyperbole, which is protected, and true threats, which are not."). Rather, Defendant's main argument is that § 372 does not criminalize only true threats. This simply is not true. As explained in one of the cases that Defendant cites:

> When interpreting federal criminal statutes that are silent on the required mental state, we read into the statute "only that *mens rea* which is necessary to separate wrongful conduct from 'otherwise innocent conduct.'" *Carter v. United States*, 530 U.S. 255, 269 (2000) (quoting *United States v. X-Citement Video, Inc.*, 513 U.S. 64, 72 (1994)).

*Elonis v. United States*, 135 S. Ct. 2001, 2010 (2015). Here, § 372 is silent on the required mental state, so the Court reads into the statute such a mental state as necessary to separate wrongful conduct from innocent conduct. *See id.*; *see also Boos v. Barry*, 485 U.S. 312, 330–31 (1988) ("It is well settled that federal courts have the power to adopt narrowing constructions of federal legislation. Indeed, the federal courts have the duty to avoid constitutional difficulties by doing so if such a construction is fairly possible.") (internal citations omitted); *United States v. Stevens*, 559 U.S. 460, 481 (2010) ("[T]his Court may impose a limiting construction on a statute only if it is 'readily susceptible' to such a construction.") (citing *Reno v. Am. Civil Liberties Union*, 521 U.S. 844, 884 (1997)).[4] Threats are not wrongful conduct unless they are "true threats." *Virginia v. Black*, 538 U.S. 343, 359–60 (2003).[5] As such, the only reasonable interpretation of this statute requires the Court to

---

[4] Defendant insists that § 372 is not "readily susceptible" to a limiting construction. (*See* Obj. 6:18–8:7). The Court disagrees, as the nature of the "threat" under § 372 must be wrongful. *See Fulbright*, 105 F.3d at 452. The Court is not persuaded by Defendant's argument that the statute must say "willingly" in order to criminalize only true threats. *See United States v. Sutcliffe*, 505 F.3d 944, 953 (9th Cir. 2007).

[5] The Ninth Circuit has observed that "our settled threats law" defines a "true threat" as "a statement which, in the entire context and under all the circumstances, a reasonable person would foresee [that it] would be interpreted by those to whom the statement is communicated as a serious expression of intent to inflict bodily

construe it as referring to true threats. Under such a reading, all of Defendant's other objections necessarily fail.

Although Defendant attempts to distinguish *Fulbright*, the Court further agrees with Judge Leen regarding its applicability here. In *Fulbright*, the defendant was charged under § 372 for mailing a citizen's arrest warrant to a judge that charged the judge with crimes such as high treason. The Court explained: "[I]t is the nature of these documents, not the simple act of filing them, that brings them within the statutes' purview. Filing a *false* UCC form, or issuing an *illegitimate* arrest warrant is prohibited." *Fulbright*, 105 F.3d at 452. The Ninth Circuit found that § 372 does not constitute a free speech violation under as-applied vagueness or overbreadth because the prohibition is on the nature of the speech or conduct, not simply the speech or conduct itself. *Id.*

Lastly, as to Defendant's assertion that § 372 promotes arbitrary and discriminatory enforcement, Defendant's Objection fails to assert any actual argument or case law as to this point. Even in Defendant's Motion to Dismiss, he argues: "Section 372 permits the criminalization of dissent" by providing "a convenient tool to the federal government for harsh and discriminatory enforcement against particular groups that merit its displeasure." (Mot. to Dismiss for Vagueness 13:9–15). Here, however, because § 372 can only criminalize true threats, not just any political dissent as Defendant would suggest, it is not susceptible to the discretionary determinations that resulted in arbitrary enforcements in cases such as *Kolender v. Lawson*, 461 U.S. 352, 357 (1983).[6]

---

harm upon that person." *Planned Parenthood of the Columbia / Willamette, Inc. v. Am. Coal. of Life Activists*, 290 F.3d 1058, 1077 (9th Cir. 2002) (en banc), *as amended* (July 10, 2002).

[6] In *Kolender*, the criminal statute at issue required anyone who was loitering or wandering the streets to provide "credible and reliable" identification if requested by a police officer, where the statute "contain[ed] no standard for determining what a suspect has to do in order to satisfy the requirement to provide a 'credible and reliable' identification." 461 U.S. at 353, 358. Here, Defendant has not demonstrated that § 372 suffers from the same lack of standard. Indeed, as the Supreme Court noted in *Kolender*, "due process does not require 'impossible standards' of clarity." 461 U.S. at 361 (citation omitted).

Accordingly, Defendant's Objection (ECF No. 1314) is overruled. The Court accepts and adopts Judge Leen's Report and Recommendation (ECF No. 1225) to the extent that it is not inconsistent with this opinion and denies Defendant's Motions to Dismiss (ECF Nos. 754, 757).

### IV.     CONCLUSION

**IT IS HEREBY ORDERED** that the Report and Recommendation (ECF No. 1225) is **ACCEPTED and ADOPTED in full**.

**IT IS FURTHER ORDERED** that Defendant's Motions to Dismiss (ECF Nos. 754, 757) are **DENIED**.

**IT IS FURTHER ORDERED** that D. Bundy's Motion for Joinder (ECF No. 1319) is **GRANTED**.

**IT IS FURTHER ORDERED** that Lovelien, Stewart, M. Bundy, and A. Bundy's Motions for Joinder (ECF Nos. 1331, 1354, 1410, 1467) are **DENIED**.

**DATED** this __2__ day of February, 2017.

_____
Gloria M. Navarro, Chief Judge
United States District Court