DANIEL G. BOGDEN
United States Attorney
District of Nevada
STEVEN W. MYHRE
NICHOLAS D. DICKINSON
NADIA J. AHMED
Assistant United States Attorneys
ERIN M. CREEGAN
Special Assistant United States Attorney
501 Las Vegas Blvd. South, Suite 1100
Las Vegas, Nevada 89101
(702) 388-6336
steven.myhre@usdoj.gov
nicholas.dickinson@usdoj.gov
nadia.ahmed@usdoj.gov
erin.creegan@usdoj.gov

*Representing the United States of America*

# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>CLIVEN D. BUNDY, et al,<br><br>　　　　Defendants. | 2:16-CR-00046-GMN-PAL<br><br>**GOVERNMENT'S OPPOSITION TO DEFENDANT CLIVEN BUNDY'S MOTION IN LIMINE TO EXCLUDE LONGBOW EVIDENCE**<br>**(ECF Nos. 1488, 1553, 1569 and 1589)** |

**CERTIFICATION**: The undersigned certify that this pleading is timely filed.

The United States, by and through the undersigned, respectfully files this opposition to defendant Cliven Bundy's Motion in Limine to Exclude Longbow Evidence from Trial (ECF No. 1488) which was joined by defendants Ryan Payne (ECF No. 1553), Dave Bundy (ECF No. 1569) and Jason Woods (ECF No. 1589). As shown below, Bundy's motion, long overdue, does not allege that his own statements

were involuntary and is barred under the "law of the case" doctrine—particularly, by this Court's Order (ECF No. 1521, Feb. 6, 2017) denying co-defendant Burleson's substantively identical arguments regarding coercion related to the undercover operation.

## I.

## **BACKGROUND: THIS COURT REJECTS CO-DEFENDANT BURLESON'S SUBSTANTIVELY IDENTICAL "LONGBOW CHALLENGE"**

As this Court recalls, co-defendant Burleson previously filed motions to suppress a "videotaped interview," and a "prior un-*Mirandized* tape recorded interview." ECF No. 876, 982. Burleson's claims arose from statements that he and others made—after the Bunkerville assault—to law enforcement agents posing as documentary film makers from the fictitious "Longbow Production Company." Burleson alleged that the agents had (among other things) plied him with alcohol before conducting a sham "interview" with him—tactics that (Burleson alleged) rendered involuntary his statements to the "film makers."

In a 12-page written order, Magistrate Judge Leen rejected Burleson's arguments, as well as his claims of "coercion." ECF No. 1277 at 7-12. After Burleson filed objections (ECF No. 1344) and the government responded (ECF No. 1477), this Court, after de novo review, entered an Order adopting the Magistrate Judge's findings and denying Burleson's motion. ECF No. 1521 (Feb. 6, 2017).

As with Burleson, Bundy voluntarily met and spoke with undercover agents, posing as documentary filmmakers. They met in a hotel room under circumstances designed to make Bundy believe that he was participating in the documentary by

2

recounting his experiences surrounding the April 12, 2014 assault.  None of this is outrageous conduct or worthy of pretrial review based on this Motion.

## II.

**BUNDY'S MOTION IS LONG OVERDUE AND THE COURT SHOULD STRIKE BUNDY'S UNTIMELY MOTION, FILED LATE AND WITHOUT GOOD CAUSE**

When seeking to suppress evidence, a party must file a pretrial motion. Fed. R. Crim. P. 12(b)(3)(C). "If a party does not meet the deadline for making a Rule 12(b)(3) motion, the motion is untimely." *Id*. at 12(c)(3). An untimely motion may be considered only if the "party shows good cause." *Id*. "The decision whether to grant an exception to a Rule 12 waiver lies in the discretion of the district court." *United States v. Tekle*, 329 F.3d 1108, 1113 (9th Cir. 2003) (affirming district court's denial of untimely motion to suppress because defendant had not shown good cause for relief from his waiver) (citations omitted).

Bundy's present motion fall afoul of these rules.  His motion seeks to suppress (or, as he puts it, "prohibit," *see* Bundy Mot. at 2) all Longbow evidence.  Accordingly, he should have, but did not, present this argument as a Rule 12 motion. *See* Fed. R. Crim. P. 12(b)(3)(C) (motions for suppression of evidence to be raised before trial).

This Court should decline to entertain Bundy's motion.  This Court's Case Management Order required that all Rule 12 motions be filed not later than October 3, 2016. ECF No. 321. Bundy missed that deadline by more than four months. Inexplicably, and without leave of the Court, he simply files the suppression motion. He provides no reason—let alone the type of good cause required by *Tekle*—for his

delay and, indeed, there is none. This Court should, therefore, refuse to entertain it.[1]

### III.

### **BUNDY'S MOTION IS MERITLESS AND BARRED BY THE "LAW OF THE CASE" DOCTRINE**

In any event, Bundy's motion fails because he does not advance any argument or evidence that his own statements were involuntary. Bundy recycles Burleson's failed claims and also provides affidavits from two other individuals, neither of whom have anything to offer regarding the voluntariness of Bundy's statements. Bundy's motion recycles the same arguments advanced by Burleson—arguments that this Court has already rejected. *Compare, e.g.*, ECF No. 1521 at 4 (this Court rules that "there was no police coercion" and that the declarant was neither "impaired" nor "grossly intoxicated"), *with* Bundy Mot. at 8 (ignoring this Court's findings, Bundy simply reasserts claim of "coercive police activity"), Attachment at ¶¶6, 9 (Thornton, in a declaration attached to Bundy's motion, laments that he was duped into speaking to the undercover agents by the presence of "an attractive woman wearing zebra-pattern tights" and his decision to drink the beer they "offered" him).

---

[1] As the government pointed out in an opposition to his near-ceaseless attempts to relitigate the issue of his trial counsel, Bundy has—throughout this litigation— repeatedly advanced positions that contradict each other, while complaining incessantly about nonexistent "Speedy Trial violations." *See* ECF No. 984 at 10-18 (Nov. 16, 2016) (Bundy seeks continuance of deadline for pretrial motions, while at the same time 1) demanding an immediate trial, and 2) seeking dismissal based on imagined "violation" of the Speedy Trial Act). Bundy's present motion, filed months after the deadline and mimicking Burleson's rejected claims, represents just another attempt to game the system.

4

Bundy also claims his statements should be suppressed on "self-incrimination" and "right-to-counsel" grounds. Bundy Mot. at 2. But Bundy was not, and makes no allegation that he was, in custody. Therefore, Bundy did not have a Sixth Amendment right to counsel nor was he entitled to *Miranda* warnings related to his statements to undercover agents.

Bundy, like Burleson, also "does not claim that he was subjected to physical intimidation of any kind or threatened in any way. ECF No. 1277. Thus Bundy fails to allege specific facts that facts would require an evidentiary hearing as to his statements. *See United States v. Howell*, 231 F.3d 615, 620 (9th Cir. 2000) ("An evidentiary hearing on a motion to suppress need be held only when the moving papers allege facts with sufficient definiteness, clarity, and specificity to enable the trial court to conclude that contested issues of fact exist.").[2]

Bundy without citation to any relevant authority claims that the use of an undercover operation amounted to "unprecedented outrageous governmental conduct, never before unleashed in any Anglo-American common law country, and is reminiscent of governmental practices in third world, Soviet-style regimes." But Bundy fails to even attempt to address the six primary factors courts use to evaluate such claims. *See United States v. Black*, 733 F.3d 294, 302 (9th Cir. 2013). Of course undercover investigations are often vitally important. Accordingly, courts have repeatedly upheld the use of undercover operations and the deceit that necessary accompanies that practice. *See e.g. Hoffa v. United States*, 385 U.S. 293 (1966)

---

[2] Bundy did not exhibit a copy of his recorded statement seeks to exclude. The Government attaches the recording as Exhibit A.

(holding that placing an undercover agent near a subject in order to gather incriminating information was permissible under the Fifth Amendment).

In adopting Magistrate Judge Leen's well-reasoned Order (ECF No. 1277), this Court's prior ruling:  1) established the propriety of the government's undercover operation; 2) rejected the need for any evidentiary hearing, much less the "global evidentiary hearing" (Bundy Mot. at 8) Bundy now demands; and 3) deemed admissible Burleson's voluntary, non-coerced statements.  *See id.* at 3-5.  Because Bundy raises the same legal arguments as did Burleson (to which Bundy merely adds commentary about "Soviet-style regimes," the spending of "taxpayer money . . . with wild abandon," and "dream sequences," Bundy Mot. at 2-4), and because this Court rejected those same arguments, the law of the case doctrine precludes Bundy from revisiting this Court's settled rulings:

> This Court's prior ruling on Plaintiff's . . . claims constitutes 'law of the case,' and "[u]nder the doctrine of law of the case, a court is generally precluded from reconsidering an issue that has already been decided by the same court . . . ." *Rebel Oil Co., Inc. v. Atl. Richfield Co.*, 146 F.3d 1088, 1093 (9th Cir. 1998) . . . . "A court may have discretion to depart from the law of the case where: 1) the first decision was clearly erroneous; 2) an intervening change in the law has occurred; 3) the evidence on remand is substantially different; 4) other changed circumstances exist; or 5) a manifest injustice would otherwise result." *Thomas v. Bible*, 983 F.2d 152, 155 (9th Cir. 1993).

*Zierolf v. Wachovia Mortg.*, No. C-12-3461 EMC, 2012 WL 6161352, at *4 (N.D. Cal. Dec. 11, 2012).  Bundy's motion thus fails.

Finally, Bundy's demand that his motion be heard by an "Article III Judge" (Bundy Mot. at 8) is yet another improper attack on the judiciary.  *See e.g Bundy v. Navarro et al.*, 16-cv-1047, EFC No. 1 at (describing Chief Judge Navarro as a

6

"Latino (sic) activist."). The record in this case demonstrates that Magistrate Judge Leen has carefully and diligently addressed all of the parties' motions, resulting in lengthy written orders and reports and recommendations, and hearings when appropriate.

**WHEREFORE**, for all the foregoing reasons, the government respectfully requests that this Court deny Cliven Bundy's motion, ECF No. 1488.

**DATED** this 16th day of February, 2017.

> Respectfully,
>
> DANIEL G. BOGDEN
> United States Attorney
>
> //s//
> _____
> STEVEN W. MYHRE
> NICHOLAS D. DICKINSON
> NADIA J. AHMED
> Assistant United States Attorneys
> ERIN M. CREEGAN
> Special Assistant United States Attorney
>
> *Attorneys for the United States*

## CERTIFICATE OF SERVICE

I certify that I am an employee of the United States Attorney's Office. A copy of the foregoing **GOVERNMENT'S OPPOSITION TO DEFENDANT CLIVEN BUNDY'S MOTION IN LIMINE TO EXCLUDE LONGBOW EVIDENCE** was served upon counsel of record, via Electronic Case Filing (ECF).

**DATED** this 16th day of February, 2017.

*/s/ Steven W. Myhre*
_____
STEVEN W. MYHRE
Assistant United State Attorney