UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| UNITED STATES OF AMERICA, | Case No. 2:16-cr-00046-GMN-PAL |
|---|---|
| Plaintiff, | **ORDER** |
| v. | |
| CLIVEN BUNDY, et al., | (Ex Parte App. Paralegal Access – ECF No. 1305) |
| Defendants. | |

This matter is before the court on Defendant Cliven Bundy's Ex Parte Application for Paralegal Access (ECF No. 1305), filed January 17, 2017. This Application is referred to the undersigned pursuant to 28 U.S.C. § 636(b)(1)(A) and LR IB 1-3 of the Local Rules of Practice. As the application was not filed under seal, the court will not direct that this order be sealed.

## BACKGROUND

The Application requests an order authorizing Roger I. Roots, to have visitation and access to Cliven Bundy at the Nevada Southern Detention Center in Pahrump, Nevada. Counsel for Mr. Bundy, Bret Whipple states that he hired Mr. Roots in the capacity of a paralegal to assist him in the underlying case. Mr. Bundy retained Whipple in late October 2016. Mr. Whipple represents that Roots brings a great deal of knowledge regarding this case to Bundy's defense team. Although Mr. Roots "is a law school graduate and an attorney licensed in the state of Rhode Island," he will purportedly "be acting solely in a paralegal support capacity" under Whipple's direct supervision. Given the roughly 60-mile distance between Pahrump and Las Vegas, traveling back and forth to the prison facility to meet with Mr. Bundy requires significant time and planning for Whipple. Therefore, counsel asserts that the defense team would greatly benefit from Root's ability to meet and assist Mr. Bundy in trial preparations.

/ / /

This is not the first time that a defendant in this case has asked the court for an order allowing Mr. Roots to have contact visits. On November 29, 2016, pro se Defendant Ryan C. Bundy filed an Ex Parte Motion to be Allowed In-Custody Contact Visits From His Defense Team (ECF No. 1044). The motion requested an order allowing contact visits with five individuals to assist in trial preparation, including Mr. Roots. Ryan Bundy indicated that these individuals would assist in: "(a) review of underlying facts/discovery, (b) motion/brief research and writing, (c) trial/witness preparation, (d) investigation, (e) paperwork delivery to/from for purposes of filing with the court." *Id*. The court denied the motion and informed Ryan Bundy that he is "not entitled to designate lay persons, supporters, or others as a part of his defense team for the purpose of receiving access to and contact visits with these individuals on the same terms as detention facility staff and the United States Marshal Service ("USMS") provide for counsel of record." *See* Jan. 9, 2017 Order (ECF No. 1254) at 2. Additionally, the court advised Ryan Bundy that he was not entitled "to designate an out of state attorney, who has not applied for admission pro hac vice, as his legal representative." *Id*. The order noted:

> Mr. Roots filed a declaration (ECF No. 1077) captioned "Notice of Interference by U.S. Marshals and the Corrections Corporation of America" in this case on December 6, 2016. In it Mr. Roots identifies himself as a resident of Montana and an attorney licensed in Rhode Island and various federal circuits, including the Ninth Circuit, who has helped Mr. Bundy with researching and "preparing various things for his defense over the past year." He indicates that he functioned as a paralegal for Mr. Bundy in the Oregon prosecution and was present at his defense table throughout the trial. The notice states that Mr. Roots attempted to visit Mr. Bundy at the detention facility in Pahrump "to help Ryan Bundy prepare for his defense" and that he was carrying various defense documents "urgently requiring his signature for filing in this and other courts." Mr. Roots is not admitted to the bar of this state or admitted pro have vice in this case. He may not engage in the unauthorized practice of law in this district. Mr. Bundy has court appointed standby counsel to assist him. If Mr. Bundy believes he needs additional CJA resources to assist in his defense he may apply for that assistance, the court will consider his request, and if appropriate, appoint an investigator or paralegal qualified to provide CJA defense services. . . .
>
> In short, the court will not approve contact visits or other access on terms provided for counsel of record to individuals Mr. Bundy designates as members of his defense team. Mr. Bundy has standby counsel and may apply for additional CJA resources if he believes he needs them.

*Id*. at 2–4.

/ / /

/ / /

**DISCUSSION**

Among the inherent powers incidental to all courts is the power to regulate and discipline attorneys who appear before it. *Chambers v. NASCO, Inc.*, 501 U.S. 32, 43 (1991). Such power extends to enjoining and sanctioning the unauthorized practice of law. *See, e.g.*, *United States v. Johnson*, 327 F.3d 554, 560 (7th Cir. 2003); *see also Gallo v. U.S. Dist. Ct. Dist. of Arizona*, 349 F.3d 1169, 1179–80 (9th Cir. 2003) ("Federal courts have inherent and broad regulatory authority to make rules respecting the admission, practice, and discipline of attorneys in the federal courts."). Federal courts look to state law for guidance in determining whether an individual has engaged in the unauthorized practice of law. *See, e.g.*, *In re Reynoso*, 477 F.3d 1117, 1125 (9th Cir. 2007) (applying California law). In Nevada, only a licensed attorney—an active member of the State Bar of Nevada admitted to practice under the Nevada Supreme Court Rules—is duly authorized to practice law. *Guerin v. Guerin*, 993 P.2d 1256, 1258 (Nev. 2000). The purpose of requiring that only licensed attorneys engage in the practice of law is to "ensure that the public is served by those who have demonstrated training and competence and who are subject to regulation and discipline." *In re Discipline of Lerner*, 197 P.3d 1067, 1069, 1072 (Nev. 2008).

The Nevada Supreme Court has acknowledged that questions regarding what activities constitute the practice of law are determined on a case-by-case basis and are not susceptible to a bright-line rule. *Id.* at 1072–73. However, the "overarching principle" directs that the practice of law involves any activity that "requires the exercise of judgment in applying general legal knowledge to a client's specific problem." *Id.* at 1069. A "touchstone" of whether an activity constitutes the unauthorized practice of law is whether an unlicensed person offers "advice or judgment about legal matters to another person for use in a specific legal setting." *Id.* at 1072 n.12 (citation omitted). Examples of such unauthorized activities include discussion of case authority and legal strategy, evaluating legal claims, preparing documents, filing documents, and appearing in court on behalf of someone else. *Id.* However, law practice "is not limited to conducting litigation" in court proceedings. *In re Virissimo*, 354 B.R. 284, 290 (Bankr. D. Nev. 2006).

The Local Rules addressing pro hac vice admission require that an "attorney who has been retained or appointed to appear in a particular case but is not a member of the bar of this court *may*

*appear* only with the court's permission." LR IA 11-2 (emphasis added).  The Ninth Circuit has held that the conduct triggering the pro hac vice requirement extends beyond physical appearances in court.  *Winterrowd v. Am. Gen. Annuity Ins. Co.*, 556 F.3d 815, 825 (9th Cir. 2009).  An out-of-state attorney must "apply for *pro hac vice* admission if that attorney appears in court, signs pleadings, or is the exclusive contact in a case with the client or opposing counsel." *Id*.  A criminal defendant's Sixth Amendment right to counsel of his choice "includes the right to have an out-of-state lawyer admitted *pro hac vice*." *In re Bundy*, 840 F.3d 1034, 1041 (9th Cir. 2016) (quoting *United States v. Walters*, 309 F.3d 589, 591 (9th Cir. 2002)).  "But because counsel from other jurisdictions may be significantly more difficult to reach or discipline than local counsel, this right is circumscribed in several important respects." *Id*. (citation omitted).

Here, the application requests permission for Mr. Roots, an attorney licensed in Rhode Island but not Nevada, to perform "paralegal" work at Whipple's direction.  However, Mr. Roots has previously filed papers with the court on behalf of co-defendant Ryan Bundy indicating that he assisted in Ryan Bundy's defense in Oregon, was assisting in Ryan Bundy's defense in this case, and had been carrying and preparing defense documents and papers requiring Ryan Bundy's signature while attempting to obtain contact visit with Ryan in Pahrump.  The current application indicates that Roots will "meet and assist" Cliven Bundy "to prepare for trial."  App. (ECF No. 1305) at 2.  It is unclear from the application whether Cliven Bundy or Whipple are aware that Roots previously assisted Ryan Bundy in the Oregon prosecution and attempted to gain access to Ryan Bundy here in Nevada as part of his "defense team."

Ryan and Cliven Bundy have both filed motions to sever, and other papers with the court arguing they have antagonistic defenses in this case.  The application does not address the conflicts of interest in Mr. Roots attempting to provide paralegal and other legal services on behalf of Ryan Bundy and the current request that he provide paralegal services on behalf of Cliven Bundy under Mr. Whipple's direction.  Additionally, the court is advised that Ryan Bundy has now made a request, through the court's CJA voucher system, that Mr. Roots be appointed as a paralegal to provide defense services on his behalf.  Under these circumstances, the court will not enter an order allowing Mr. Roots to have access to Cliven Bundy at the Pahrump detention facility on the

4

1   same terms detention facility staff and the USMS allow for counsel of record.

2   For the reasons explained,

3   **IT IS ORDERED** Defendant Cliven Bundy's Ex Parte Application for Paralegal Access

4   (ECF No. 1305) is DENIED without prejudice.

5   Dated this 21st day of February, 2017.

PEGGY A. LEEN
UNITED STATES MAGISTRATE JUDGE

5