# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | Case No.: 2:16-cr-46-GMN-PAL |
| vs. ) | |
| ) | **ORDER** |
| CLIVEN D. BUNDY *et al.*, ) | |
| ) | |
| Defendants. ) | |
| ) | |

Pending before the Court is the Government's Motion to Exclude Time under the Speedy Trial Act (ECF No. 1572). Defendants David H. Bundy ("D. Bundy"), Cliven D. Bundy ("C. Bundy"), Ryan W. Payne ("Payne"), and Ryan C. Bundy ("R. Bundy") filed Responses (ECF Nos. 1617, 1618, 1620, 1621).[1] The Government filed a Reply. (ECF No. 1658).

On March 2, 2016, a federal grand jury sitting in the District of Nevada returned a Superseding Indictment charging nineteen defendants with sixteen counts related to a confrontation with Bureau of Land Management ("BLM") Officers in Bunkerville, Nevada, on April 12, 2014. (ECF No. 27).

After a case management hearing on April 22, 2016, Magistrate Judge Peggy A. Leen vacated the April 25, 2016 calendar call and May 2, 2016 trial date. (ECF No. 310). Shortly thereafter on April 26, 2016, Judge Leen filed a Case Management Order designating this case as complex for a number of reasons under 18 U.S.C. § 3161(h)(7)(B)(ii). (Case Mgmt. Order,

---

[1] Co-defendants Jason D. Woods, Joseph D. O'Shaughnessy, Micah L. McGuire, and Melvin D. Bundy filed Motions for Joinder (ECF Nos. 1622, 1623, 1624, 1631) to C. Bundy's Response (ECF No. 1618). Co-defendant Melvin D. Bundy also filed a Motion for Joinder (ECF No. 1632) to D. Bundy's Response (ECF No. 1617). Co-defendant Ammon E. Bundy filed a Motion for Joinder (ECF No. 1645) to Payne's Response (ECF No. 1620). The Court grants these Motions for Joinder. (ECF Nos. 1622, 1623, 1624, 1631, 1632, 1645).

ECF No. 321).  This Case Management Order set trial for February 6, 2017, and the interim time was excluded for the purposes of the Speedy Trial Act. (Case Mgmt. Order 12:20–13:3). Several defendants filed objections or motions to dismiss based on the Speedy Trial Act, which the Court denied. (*See, e.g.*, ECF Nos. 523, 1099).

On December 12 and 13, 2016, Judge Leen entered orders severing this case into three trials, with the first trial beginning on February 6, 2017, then the second trial 30 days after the conclusion of the first, and the third trial 30 days after the conclusion of the second. (ECF Nos. 1098, 1100–1106, 1108–1113).  On February 6, 2017, the first trial began for six of the defendants in this case. (*See* ECF No. 1528).  As of the date of this Order, the first trial is still on-going.

On February 10, 2017, the Government filed the instant Motion to Exclude Time submitting that the "additional time should . . . properly be excluded under the Speedy Trial Act, as the complex nature of this case and requirements of judicial efficiency mandate three separate trials." (Gov't Mot. 7:1–10, ECF No. 1572).  The Government seeks to exclude 20 weeks, or 140 days, based on the first trial's projected 6–10 weeks, along with the same amount of time for trial two. (*Id.* 8:9–11).  The Government additionally seeks to exclude an additional sixty days based on the 30-day period between each trial, as ordered by Judge Leen in her severance orders. (*Id.* 8:11–17).  The Government seeks these exclusions under 18 U.S.C. §§ 3161(h)(7)(A), 3161(h)(7)(B)(i) and (ii). (*Id.* 4:1–22).

In response, D. Bundy asks the Court to "decline to grant the Government's Motions, but rather dismiss the Superseding Indictment against Dave Bundy for the Government's violation of Dave Bundy's rights under the Speedy Trial Act." (D. Bundy Resp. 4:8–10, ECF No. 1617).  D. Bundy emphasizes that he and "his similarly situated 'Tier mates' are most severely affected" because they are set for the third trial, expected "sometime in August at the

earliest." (*Id.* 3:25–28). In C. Bundy's Response,[2] he asserts that "this Court has failed to articulate its 'reasons' under the Speedy Trial statute," "the United States has never demonstrated that it exercised due diligence in this case when it failed to move to sever the case into three trials until well-after the initial trial date had been set," and "there is no explanation as to why the United States was unable to evaluate the need for three trials at the time the case was originally designated complex." (C. Bundy Resp. 4:9–20, ECF No. 1618). C. Bundy specifically argues that "this Court has not provided a sufficient evidentiary basis for its unilateral conclusion that it could not have tried all of these defendants together and that such a complete joint trial was an impossibility." (*Id.* 5:9–12). In Payne's Response, he blames the "Government's late motion to sever defendants" as the reason for delay. (Payne Resp. 3:11–12, ECF No. 1620). He then argues that under the *Barker v. Wingo*, 407 U.S. 514 (1972), the court must consider the reason for delay, and "[t]here is no justifiable reason in this case given the Government's delayed request to sever the defendants." (*Id.* 3:12–14). Finally, R. Bundy contends in his Response that Judge Leen's severance order was error that "continu[ed] the trial dates out an indefinite period." (R. Bundy Resp. 7:17–23, ECF No. 1621).

First, to the extent that the defendants are objecting to Judge Leen's severance order, such an objection is untimely. Pursuant to District of Nevada Local Rule IB 3-2(a), any objections to a magistrate judge's order must be filed within fourteen days of service. Judge Leen's severance orders were filed and served on December 12 and 13, 2016, so any objection would have been due by December 27, 2016, over two months ago.[3] As such, the Court will

---

[2] C. Bundy states in his Response that the Government is seeking to exclude 260 days; however, the Government's Motion clearly asks to exclude 140 days for the first two trials, along with 60 days for the time between trials, totaling 200 days.

[3] The only timely filed objection failed to cite to any legal authority or case law. (ECF No. 1214). The Court reviewed the record, found that Judge Leen's severance order was not clearly erroneous or contrary to law, and overruled the objection. (*Id.*).

not entertain the defendants' objections as to Judge Leen's severance order, but rather, examine only the speedy trial rights issue.

The Sixth Amendment states in pertinent part, "In all criminal prosecutions, the accused shall enjoy the right to a speedy and public trial." U.S. Const. amend VI.  Additionally, the Speedy Trial Act dictates that trial "shall commence within seventy days from the filing date (and making public) of the information or indictment, or from the date the defendant has appeared before a judicial officer of the court in which such charge is pending, whichever date last occurs." 18 U.S.C. § 3161(c)(1).  However, the Speedy Trial Act also provides for several enumerated circumstances in which time is excluded from the seventy-day deadline. 18 U.S.C. § 3161(h); *Zedner v. United States*, 547 U.S. 489, 497 (2006) ("[T]he [Speedy Trial] Act recognizes that criminal cases vary widely and that there are valid reasons for greater delay in particular cases.  To provide the necessary flexibility, the Act includes a long and detailed list of periods of delay that are excluded in computing the time within which trial must start.").  For these exclusions, the court must find that "the ends of justice served by the granting of such continuance outweigh the best interests of the public and the defendant in a speedy trial." 18 U.S.C. § 3161(h)(7)(A).  In the Ninth Circuit, "in order to comply with the Speedy Trial Act the district court must satisfy two requirements whenever it grants an 'ends of justice' continuance: (1) the continuance must be specifically limited in time; and (2) it must be justified on the record with reference to the facts as of the time the delay is ordered." *United States v. Lloyd*, 125 F.3d 1263, 1268 (9th Cir. 1997) (internal quotations omitted).

Here, Judge Leen originally ordered that "[t]he time between Defendants' arraignment and pleas in this case until the trial of this matter is excluded for purposes of the Speedy Trial Act pursuant to 18 U.S.C. § 3161(h)(7)(A)." (Case Mgmt. Order 12:23–25).  The Court affirmed this exclusion in overruling an objection and denying a motion to dismiss that both included Speedy Trial Act violation arguments. (ECF Nos. 523, 1099).  As such, the Court

believes that the time requested by the Government has already been excluded, as the Order states "until the trial of this matter." However, because findings of time exclusions must be specific, and the Order specified that the first trial should begin on February 6, 2017, the Court agrees that it would be beneficial to make further findings regarding the exclusion of time until the start of the remaining trials.

First, the Court notes that the first trial began as anticipated on February 6, 2017. (*See* ECF No. 1528). Next, the Court finds that the circumstances of this case necessitate the further requested Speedy Trial Act exclusion of time. This case has been properly designated as complex under 18 U.S.C. § 3161(h)(7)(B)(ii). (*See* ECF No. 321). Nineteen defendants were charged in a sixty-three-page Superseding Indictment alleging sixteen charges. (*See* ECF No. 27). Two defendants have pled guilty, six defendants are currently in trial, and eleven defendants remain awaiting trial. There are over 1700 filings so far on the docket in this case. There were numerous legal issues to address, as the defendants filed over fifteen pretrial motions to dismiss or suppress, almost all with multiple motions for joinder by co-defendants. (*See, e.g.*, ECF Nos. 702–03, 706, 708, 710–12, 746, 753–54, 833, 876, 891–92, 1030–31).

The Court properly severed this case into three trials in the interest of judicial economy and case management. (*See, e.g.*, ECF No. 1098) (citing, among other cases, *United States v. Kennedy*, 564 F.2d 1329, 1334 (9th Cir. 1997)). As noted above, the first trial is already underway, and the subsequent trials are set to begin promptly following the conclusions of the preceding trial. The Government has provided the reasonable and specific amount of time for exclusion of 200 days, constituting the length of the first two trials, along with thirty days between each trial. *See Lloyd*, 125 F.3d at 1268. At Calendar Call on the first trial, the parties represented to the Court that they anticipated six to eight weeks for trial, and as such, the Court set aside ten weeks for trial. (*See* ECF No. 1376). Accordingly, the Government's estimation of twenty weeks for both the first and second trial is reasonable and justifiable. The additional

sixty days stems from Judge Leen's severance order, which specified thirty days between each trial. The Court finds that each of these thirty-day periods will be necessary for the Court to address motions in limine for the subsequent trial.

Given these circumstances, the Court holds that the ends of justice are served by the granting of a 200-day exclusion of time under the Speedy Trial Act, pursuant to 18 U.S.C. §§ 3161(h)(7)(A), 3161(h)(7)(B)(i) and (B)(ii). The continuance, necessitated by three trials due to the complexity of this case, serves the ends of justice and outweigh the best interest of the public and the defendant in a speedy trial. The Court additionally finds that the failure to grant such a continuance in the proceeding would likely result in a miscarriage of justice. 18 U.S.C. § 3161(h)(7)(B)(i).

Accordingly,

**IT IS HEREBY ORDERED** that the Government's Motion to Exclude Time under the Speedy Trial Act (ECF No. 1572) is **GRANTED**.

**IT IS FURTHER ORDERED** that the Motions for Joinder (ECF Nos. 1622, 1623, 1624, 1631, 1632, 1645) are **GRANTED**.

**DATED** this __14__ day of March, 2017.

_____
Gloria M. Navarro, Chief Judge
United States District Court