STEVEN W. MYHRE
Acting United States Attorney
District of Nevada
NICHOLAS D. DICKINSON
NADIA J. AHMED
PETER S. LEVITT
Assistant United States Attorneys
ERIN M. CREEGAN
Special Assistant United States Attorney
501 Las Vegas Blvd. South, Suite 1100
Las Vegas, Nevada 89101
(702) 388-6336
steven.myhre@usdoj.gov
nicholas.dickinson@usdoj.gov
nadia.ahmed@usdoj.gov
erin.creegan@usdoj.gov

*Representing the United States of America*

# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>CLIVEN D. BUNDY,<br><br>Defendant. | 2:16-CR-00046-GMN-PAL<br><br>**GOVERNMENT'S RESPONSE IN OPPOSITION TO DEFENDANT CLIVEN BUNDY'S MOTION TO REOPEN DETENTION HEARING (ECF No. 1812)** |

**CERTIFICATION: This Response is timely filed.**

The United States, by and through the undersigned, respectfully submits its Response in Opposition to defendant Cliven Bundy's ("Bundy'") Motion to Reopen Detention Hearing Order ECF NO. 1812 ("Motion").

## FACTS

Bundy was arrested in the District of Oregon on February 10, 2016, and charged by a Complaint filed in the District of Nevada on February 11, 2016. The

Complaint charged six felony counts arising from events that occurred at or near Bunkerville, Nevada, between March 2014 and the date of the Complaint. On February 11, 2016, and pursuant to Rule 5, Fed.R.Crim.P., Bundy made his initial appearance on the Complaint in the District of Oregon before United States Magistrate Judge Janice M. Stewart. ECF No. 149.

On February 16, 2016, Judge Stewart held a detention hearing pursuant to the Bail Reform Act, Title 18, United States Code, Sections 3142-3156. In support of its motion for detention, the government filed a detailed Memorandum containing its proffer of evidence in support of detention. *Id.*

Represented by counsel, Bundy elected to proceed with the detention hearing in Oregon and proffered evidence and argued in support of his release prior to trial. Thereafter, and after considering the information presented by both Bundy and the government, Judge Stewart ordered that Bundy be detained pending trial. *Id.*

Judge Stewart thereafter entered a written Order of Detention, finding that Bundy failed to rebut the presumption of detention under Title 18, United States Code, Section 3142(e) – Bundy having been charged by Complaint with two felony counts in violation of Title 18, United States Code, Section 924(c) – and that no conditions or combination of conditions could either assure his appearance at trial (citing Bundy's previous failures to follow court orders) or reasonably assure the safety of other persons or the community (citing the Section 3142(g) factors). Bundy did move to revoke Judge Stewart's Order. *Id.*

On February 17, 2016, Bundy was charged in a sixteen-count Indictment, arising from the events in and around Bunkerville, Nevada, the same events that were the subject of the Complaint. The Indictment charged four felony counts in violation of Title 18, United States Code, Section 924(c).  ECF No. 5.

Bundy was transferred to the District of Nevada.  On March 2, 2016, Bundy was charged in a sixteen-count Superseding Criminal Indictment, charging him with violations of Title 18, United States Code, Section 371 (Conspiracy to Commit an Offense Against the United States), 372 (Conspiracy to Impede and Injure a Federal Officer), 111 (a) and (b) (Assault on a Federal Officer); 115(a)(1)(B) (Threat Against a Federal Officer); 1503 (Obstruction of Justice); 1951 (Interference with Interstate Commerce by Threat); and 1952 (Interstate Travel in Aid of Racketeering).  The charges arising from the same events charged in the initial Complaint and Indictment, the Superseding Indictment against Bundy again charging him with four counts in violation of Title 18, United States Code, Section 924(c) (use and carry a firearm in relation to a crime of violence).  ECF No. 27.

Appearing before United States Magistrate Judge Hoffman on March 10, 2016, Bundy was arraigned on the charges in the Superseding Indictment, a plea of Not Guilty being entered on all counts.  On March 17, 2016, Judge Hoffman granted Bundy's motion to re-open his detention hearing, allowing Bundy to proffer additional evidence regarding his standing in the community, the evidence consisting principally of letters from supporters attesting to their views of Bundy's reputation in the community, the letters referenced by Bundy in the instant Motion.

3

*See* ECF No. 149.

After re-opening the detention hearing and considering the evidence and argument presented, Judge Hoffman ordered Bundy's continued detention. *Id.* Finding, among other things, that "there is no question that Bundy is the leader, organizer, and primary beneficiary of the conspiracy charged in the complaint and indictment" (id. at 3), that there is "a roughly 20-year history of continuous violations of court orders," and that "Bundy will take the same action again and 'do whatever it takes,' even at the cost of substantial injury to person in this community" (id. at 4), Judge Hoffman, like Judge Stewart before him, weighed the Section 3142(g) factors and found that Bundy presented both a risk of nonappearance and a danger to the community under the appropriate evidentiary standards. *Id.* at 3 and 4.

On April 5, 2016, Bundy moved to revoke Magistrate Judge Hoffman's Detention Order. ECF. No. 220. On May 10, 2016, Chief Judge Navarro heard argument on Bundy's motion to revoke and on May 25, 2016, Chief Judge Navarro denied Bundy's motion. ECF No. 452. On May 31, 2016, Chief Judge Navarro issued a written order that made detailed individualized findings of why Bundy is both a danger to the community and a serious rich of non-appearance. ECF No. 489.

## **LEGAL STANDARD**

A detention hearing may be reopened at any time before trial if information, not known to the movant at the time of the first hearing, is discovered, and the new information has a material bearing on the issue of detention. *See* 18 U.S.C. §

3142(f)(2). Courts strictly interpret this provision. *United States v. Turino*, No. 2:09–cr–132–JAD–GWF, 2014 WL 5261292, at *1 (D. NV Oct. 15, 2014) ("if evidence was available at the original hearing, no rehearing is granted").

## ARGUMENT

The Government adopts and incorporates by reference the Superseding Indictment, ECF No. 27; and it's Response in Opposition to Bundy's Motion to Revoke ECF NO 220, including Exhibits One though Five, and all the evidence and arguments it proffered at all three detention hearings.

Bundy provides nothing *new and material* within the meaning of 18 U.S.C. § 3142(f) to support reopening. First, Bundy argues that the Bail Reform Act, 18 U.S.C., 3142, is unconstitutional. But, as Bundy concedes, the Supreme Court upheld the constitutionality of the Bail Reform Act in *United States v. Salerno*, 481 U.S. 739 (1987). Bundy cites no intervening legal authority that calls into question *Salerno's* holding. Thus, Bundy's argument is neither new nor material.

Second, Bundy reiterates his previous arguments of why he is not a danger to the community or a risk of non-appearance. None of these arguments is new or material. In short, any conditions of release would depend on Bundy's good faith compliance with the Court's order. *See United States v. Hir*, 517, F.3d 1081, 1092 (9th Cir. 2008). However, the Court has found, among other things, that Bundy "has consistently failed to abide by numerous orders issued from this same court, the United States District Court for the District of Nevada, and he does not provide

a good faith assurance to the court that he will respect and comply with any future federal court orders." Bundy provides nothing that counters the Court's finding.

## CONCLUSION

**WHEREFORE**, for all the foregoing reasons, the government respectfully requests that the Court enter an Order denying Bundy's Motion and continuing his detention until the trial of this matter.

**DATED** this 18th day of April, 2017.

        Respectfully,

        STEVEN W. MYHRE
        Acting United States Attorney

        `//s//`
        _____
        NICHOLAS D. DICKINSON
        NADIA J. AHMED
        PETER S. LEVITT
        Assistant United States Attorneys
        ERIN M. CREEGAN
        Special Assistant United States Attorney

        *Attorneys for the United States*

# CERTIFICATE OF SERVICE

I certify that I am an employee of the United States Attorney's Office.  A copy of the foregoing **GOVERNMENT'S RESPONSE IN OPPOSITION TO DEFENDANT CLIVEN BUNDY'S MOTION TO REOPEN DETENTION HEARING (ECF No. 1812)** was served upon counsel of record, via Electronic Case Filing (ECF).

**DATED** this 18th day of April, 2017.

*/s/ Steven W. Myhre*
_____
STEVEN W. MYHRE
Acting United States Attorney