# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| Plaintiff, | Case No.: 2:16-cr-046-GMN-PAL |
| vs. | **ORDER** |
| CLIVEN D. BUNDY, RYAN C. BUNDY, AMMON E. BUNDY, RYAN W. PAYNE, and PETER T. SANTILLI, JR. | |
| Defendants. | |

Pending before the Court is the Government's Motion for an Order Setting a Definite Date to Commence the Second Trial. (ECF No. 1837). Defendant Peter T. Santilli, Jr. ("Santilli") filed a Motion for Joinder (ECF No. 1840), and Defendant Ryan W. Payne ("Payne") filed a Response (ECF No. 1844).

On March 2, 2016, a federal grand jury sitting in the District of Nevada returned a Superseding Indictment charging nineteen defendants with sixteen counts related to a confrontation with Bureau of Land Management ("BLM") Officers in Bunkerville, Nevada, on April 12, 2014. (ECF No. 27).

On December 12, 2016, Magistrate Judge Peggy Leen entered an Order (ECF No. 1098) severing the nineteen defendants in this case into three tiers and informing the parties that the commencement of each trial will begin 30 days after the conclusion of the previous trial. As of the date of this order, the jury for the Tier 3 defendants continues deliberations for the first trial. The Government requests that the Court set a definite trial date on, or after, June 5, 2017. (Gov't Mot., ECF No. 1837). Both Santilli and Payne agree "that having a definite date set for

trial advances [their] interest" and they do not "oppose the date proposed by the Government." (Payne Resp. 3:6–7, ECF No. 1844); (*see also* Santilli Mot. Joinder 2:2–6, ECF No. 1840).

The Court finds it is appropriate to set a definite trial date for the Tier 1 defendants in the second trial in this case. First, the parties need to prepare subpoenas and schedule their witnesses. (*See* Gov't Mot. 3:4–9); (*see also* Santilli Mot. Joinder 2:5–6). Additionally, as the Government explains in its Motion, it "will need time to comply with its ongoing disclosure obligations under Rule 16." (Gov't Mot. 3:10–11). As such, the Court now sets a definite trial date for the second trial of June 26, 2017.

The Sixth Amendment states in pertinent part, "In all criminal prosecutions, the accused shall enjoy the right to a speedy and public trial." U.S. Const. amend VI. Additionally, the Speedy Trial Act dictates that trial "shall commence within seventy days from the filing date (and making public) of the information or indictment, or from the date the defendant has appeared before a judicial officer of the court in which such charge is pending, whichever date last occurs." 18 U.S.C. § 3161(c)(1). However, the Speedy Trial Act also provides for several enumerated circumstances in which time is excluded from the seventy-day deadline. 18 U.S.C. § 3161(h); *Zedner v. United States*, 547 U.S. 489, 497 (2006) ("[T]he [Speedy Trial] Act recognizes that criminal cases vary widely and that there are valid reasons for greater delay in particular cases. To provide the necessary flexibility, the Act includes a long and detailed list of periods of delay that are excluded in computing the time within which trial must start."). For these exclusions, the court must find that "the ends of justice served by the granting of such continuance outweigh the best interests of the public and the defendant in a speedy trial." 18 U.S.C. § 3161(h)(7)(A). In the Ninth Circuit, "in order to comply with the Speedy Trial Act the district court must satisfy two requirements whenever it grants an 'ends of justice' continuance: (1) the continuance must be specifically limited in time; and (2) it must be

justified on the record with reference to the facts as of the time the delay is ordered." *United States v. Lloyd*, 125 F.3d 1263, 1268 (9th Cir. 1997) (internal quotations omitted).

Here, for purposes of the Speedy Trial Act, the Court previously excluded 30 days between the first and second trial. (Order Excluding Time, ECF No. 1712). The Court now finds it appropriate to exclude approximately[1] 35 additional days. The excluded time is "specifically limited" because the Court is setting a specific date for the start of trial, June 26, 2017. As explained in previous orders (*see, e.g.*, *id.* 5:16–6:3), the Court finds that this additional excluded time is necessary and reasonable due to the complexity of the case and outstanding motions that must be addressed prior to the start of the second trial. Therefore, the Court finds that "the ends of justice served by the granting of such continuance outweigh the best interests of the public and the defendant in a speedy trial." 18 U.S.C. § 3161(h)(7)(A).

Accordingly,

**IT IS HEREBY ORDERED** that Government's Motion for an Order Setting a Definite Date to Commence the Second Trial (ECF No. 1837) is **GRANTED IN PART AND DENIED IN PART**. The Court **GRANTS** the request for a definite trial date. Trial in this matter will begin on Monday, June 26, 2017, at 8:30 a.m. before Chief Judge Gloria M. Navarro in Courtroom 7C. Calendar Call will be held on Thursday, May 25, 2017, at 9:00 a.m. before Chief Judge Gloria M. Navarro in Courtroom 7C.

**IT IS FURTHER ORDERED** that Peter T. Santilli, Jr.'s Motion for Joinder (ECF No. 1840) is **GRANTED**.

///

///

///

---

[1] The number of days is an approximation because there is no verdict in the first trial yet, so it is unclear when the original 30-day exclusion of time will begin.

**IT IS FURTHER ORDERED** that the Court finds this continuation is necessary and excusable under the Speedy Trial Act, Title 18, United States Code, § 3161(h)(7)(A).

**DATED** this  19  day of April, 2017.

_____
Gloria M. Navarro, Chief Judge
United States District Court