BRET O. WHIPPLE, ESQ.
Nevada Bar No. 6168
**JUSTICE LAW CENTER**
1100 South Tenth Street
Las Vegas, Nevada 89104
Tel: (702) 731-0000
Fax: (702) 974-4008
*Attorney for Defendant*

# UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| THE STATE OF NEVADA, ) <br> ) <br> Plaintiff, ) <br> ) <br> vs. ) <br> ) <br> CLIVEN BUNDY, ) <br> ) <br> Defendant. ) <br> ) | CASE NO.:   2:16-cr-00046-1 |

## MOTION TO MODIFY COURT ORDER SETTING JUNE 26, 2017 TRIAL DATE (ECF No. 1872)

COMES NOW, Defendant, CLIVEN BUNDY, by and through his attorney of record, BRET O. WHIPPLE, ESQ., of JUSTICE LAW CENTER, and hereby submits the following MOTION TO MODIFY COURT ORDER SETTING JUNE 26, 2017 TRIAL DATE. This motion is made and based upon the pleadings and papers on file herein and any oral argument presented at the time of hearing.

DATED this 19th day of April, 2017.

**JUSTICE LAW CENTER**

_____/S/  Bret Whipple_____
Bret O. Whipple, Esq.
Nevada Bar No. 6168

1

## MEMORANDUM OF POINTS AND AUTHORITIES

The United States first caused the defendants' rights to a speedy trial to become diminished when it motion proposing an alternative severance scheme, which was allegedly necessary due to physical limitations as to the number of defendants. (ECF No. 971).

This Court issued an order scheduling additional filings on this matter. The Court also expressed its view that "Additionally, the parties are advised that the district judge, her staff, and clerk's office staff have done considerable work to examine and address the challenges of a 17 defendant trial. The court has reached the conclusion that it is simply not logistically possible to try all 17 defendants in a single trial. A severance will be ordered."

Mr. Bundy thereafter repeatedly protested that this court had failed to secure his due process rights and rights to a speedy trial by repeatedly making findings which necessitated the postponement of his trial date based upon what he argued was an insufficient record to support such findings. Mr. Bundy also filed a Motion to Dismiss for violation of his speedy trial rights. *See* ECF No. 891. Mr. Bundy repeatedly argued that this court did not have a factual basis for unilaterally concluding that one or two joint trials were impossible when compared with three, and that this failure to make appropriate factual findings contravened his rights to a speedy trial.

The United States also moved to exclude this time period necessitated by three separate trials for speedy trial purposes. ECF No. 1647. This was granted in Order ECF No. 1712 over the objections of Mr. Bundy and several other defendants.

At the time(s) the United States made each of these requests and the court made its ruling, it assured the defendants that each trial would be conducted thirty-days after the end of the previous trial. This assurance was part of several court orders.

The United States, near the close of the first trial, moved this court to set a firm trial date of June 5, 2017. ECF No. 1837. Mr. Bundy did not oppose this motion because June 5, 2017 appeared to be a close approximation of when the second trial would begin based on the "thirty-day plan," anticipating a somewhat lengthy jury deliberation process in the first trial. (I.e., if the jury stopped deliberating today, the June 5, 2017 trial date would be approximately forty-seven days later, and the jury will likely deliberate several days beyond the present date).

Instead of granting the relief requested by the government, this court has, on its own initiative, set a trial well beyond the range suggested by the "thirty-day" planned trial schedule. If the jury were to stop deliberating today, the June 26, 2017 trial would be SIXTY-EIGHT DAYS later, a period more than twice as long as the previous schedule set by this court.

Mr. Bundy agrees with this court that it was appropriate at this time "to set a definite trial date for the Tier 1 defendants in the second trial." ECF 1872 at 2. Mr. Bundy disagrees that this court's chosen date of June 26, 2017 is procedurally or legally proper.

The court, as it acknowledges, is required to justify any exclusionary continuance "with reference to the facts as of the time the delay is ordered." *Id* at 3. The court goes on to explain the continuance and exclusion is required due to "complexity" and "outstanding motions that must be addressed prior to the start of the second trial." *Id*.

Mr. Bundy disagrees. It is the United States obligation to provide innocent citizens accused of crimes a speedy trial. As such, the United States cannot extend time before trial due to alleged logistical problems *it itself is creating*. The Court system, as part of the United States, as well as the United States prosecution itself, is therefore responsible for taking whatever steps are reasonably necessary to provide the defendants a speedy trial. Presumably, this includes a responsibility that the court will ensure it manages its calendar over the preceding year such that

it can decide pretrial motions, prior to the start of trial, by the trial date that the court itself sets for the defendants.

What appears to have happened here is that the court set a date which was expected to begin sometime on the first week of June, 2017. This trial schedule was set numerous months ago. This court, at that time, was aware of the pre-trial motions on file as they relate to the Tier 1 defendants. The court was also aware that several additional motions would likely be filed by those defendants prior to the first week of June.

There is no explanation how these facts (i.e. that the court would have motions to decide) suddenly now justify yet another continuance over the speedy trial rights of the defendants. It is Defendant Bundy's position that the court's one-sentence explanation that "outstanding motions[…] must be addressed" does not meet the court's burden to explain "the facts" which justify contravening the defendants' rights to a speedy trials.

For these reasons, defendant Cliven D. Bundy respectfully asks this court to re-consider its order and set trial to begin no later than June 5, 2017.

DATED THIS 19th day of April, 2017.

**JUSTICE LAW CENTER**

/s/ Bret O. Whipple, Esq.
Bret O. Whipple, Esq.
Nevada Bar No. 6168
JUSTICE LAW CENTER
Las Vegas, Nevada 89104
(702) 731-0000
*Counsel for Defendant*

## CERTIFICATION OF SERVICE

I hereby certify that on the 19th day of April, 2017 a true and correct copy of the foregoing Motion to Modify of ECF No. 1872 was delivered via E-filing to:

DANIEL BOGDEN
United States Attorney

STEVEN MYHRE
First Assistant United States Attorney

NICHOLAS DICKINSON
Assistant United States Attorney

NADIA AHMED
Assistant United States Attorney

ERIN M. CREEGAN
Assistant
United States Attorney

501 Las Vegas Blvd. South, Suite 1100
Las Vegas, NV 89101

                                      /S/ Tatum Wehr
                                  An Employee of Justice Law Center

JUSTICE LAW CENTER
1100 South Tenth Street, Las Vegas NV 89104
Tel (702) 731-0000 Fax (702) 974-4008