BRET O. WHIPPLE, ESQ.
Nevada Bar No. 6168
**JUSTICE LAW CENTER**
1100 South Tenth Street
Las Vegas, Nevada 89104
Tel: (702) 731-0000
Fax: (702) 974-4008
*Attorney for Defendant*

# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | | |
|---|---|---|
| THE UNITED STATES OF AMERICA, | ) | |
| Plaintiff, | ) | CASE NO.:   2:16-cr-00046 |
| vs. | ) | |
| CLIVEN BUNDY, | ) | |
| Defendant. | ) | |

**MOTION IN LIMINE FOR AN ORDER FINDING THAT DAN LOVE IS A WITNESS WHO CAN OFFFER RELEVANT TESTIMONY AND TO COMPEL THE APPERANCE AND AVAILABILITY OF DAN LOVE AS A WITNESS**

COMES NOW, Defendant, CLIVEN BUNDY, by and through his attorney of record, BRET O. WHIPPLE, ESQ., of JUSTICE LAW CENTER, and hereby submits the following Motion In Limine To Compel The Appearance Of Dan Love As A Witness For The Defense Under Rights Of Compulsory Process.

This motion is made and based upon the pleadings and papers on file herein and any

oral argument presented at the time of hearing.

DATED this 28TH day of September, 2017.

**JUSTICE LAW CENTER**

  /S/  Bret Whipple
Bret O. Whipple, Esq.
Nevada Bar No. 6168
1100 S. Tenth Street
Las Vegas, Nevada 89104
(702) 731-0000

## MEMORANDUM OF POINTS AND AUTHORITIES

### I.

### INTRODUCTION

This court flagrantly disregarded the Tier 3 defendants' centuries-old right of compulsory process when it denied the Tier 3 defendants' motion to compel the appearance of witness Special Agent in Command ("SAC") Dan Love in the first trial held in this case. This trial court refused to allow the Tier 3 defendants to compel the attendance of witness Dan Love, who is the primary eyewitness to the over-arching facts described in the indictment and is the primary foil of the alleged "conspiracy". *See* ECF No. 1797. This decision to bar the calling of the primary eyewitness in the entire case has been made inexplicably in disregard of the defendants' Sixth Amendment rights to due process, the right to present a defense, and the right to compel the appearance of witnesses to testify in the defendants' case in chief.

This Court should revisit this issue and compel the availability Dan Love as a witness available to be called by the defense.

## II.

## BACKGROUND INFORMATION.

Special Agent in Command ("SAC") Dan Love is the central federal actor during the entire scope of events underlying the indictment. The defendants are each charged with conspiracy, beginning in March, 2014, to commit numerous offenses against the United States. Amongst these charges, are that the defendants obstructed justice, requiring proof that they "corruptly" interfered with lawful court orders. Additionally, the United States has alleged that numerous counts which require that the agents so-obstructed have been engaged in their "official duties," which is a question of fact which must be submitted to the jury.

Dan Love is referenced by the superseding indictment *at least* eighteen (18) times. Specifically, the United States claims that the defendants unlawfully threatened the United States by making direct communications to Dan Love on April 11, 2014. *See* Count 7 of Superseding Indictment. The alleged conspirators are accused of threatening Dan Love on April 9, 2014. *ID* at 23. Love is described as being forced to "give in to Bundy's demands" as a result of the conspiracy. *Id* at 33. Ammon Bundy is accused of arriving to claim the cattle backed by "snipers." *Id* at 34. These are just some of the accusations against the defendants involving Dan Love as a direct eye witness.

## III.

## LEGAL ARGUMENT

1. **The Defendants have a right to due process, the right to present their case to a jury, and the right to compel the attendance of witnesses on their behalf.**

The right to present a defense is one of the minimum essential requirements of a fair trial. *Chambers v. Miss.*, 410 U.S. 294, 302, 93 S.Ct. 1038, 1059 (1973). Whether grounded in the Sixth Amendment's guarantee of compulsory process or in the more general Fifth

3

Amendment guarantee of due process, "the Constitution guarantees criminal defendants 'a meaningful opportunity to present a complete defense.'" *Holmes v. South Carolina*, 547 U.S. 319, 324, 126 S. Ct. 1727, 164 L. Ed. 2d 503 (2006) (quoting *Crane v. Kentucky*, 476 U.S. 683, 690, 106 S. Ct. 2142, 90 L. Ed. 2d 636 (1986)).

The right of an accused in a criminal trial to due process is, in essence, the right to a fair opportunity to defend against the State's accusations. *Chambers v. Miss.*, 410 U.S. 284, 294-303, 93 S. Ct. 1038, 1045-50 (1973). "The rights […] to call witnesses [on] one's own behalf have long been recognized as essential to due process." *Id.* "A person's right to […] an opportunity to be heard in his defense -- a right to his day in court -- are basic in our system of jurisprudence; and these rights include, as a minimum, a right to examine the witnesses against him, **to offer testimony**, and to be represented by counsel." See also *Morrissey v. Brewer*, 408 U.S. 471, 488-489 (1972); *Jenkins v. McKeithen*, 395 U.S. 411, 428-429 (1969); *Specht v. Patterson*, 386 U.S. 605, 610 (1967), emphasis added.

This right includes, "at a minimum … the right to put before a jury evidence that might influence the determination of guilt." *Pennsylvania v. Ritchie*, 480 U.S. 39, 56, 107 S. Ct. 989, 94 L. Ed. 2d 40 (1987); *accord Washington v. Texas*, 388 U.S. 14, 19, 87 S. Ct. 1920, 18 L. Ed. 2d 1019 (1967). "The right to offer the testimony of witnesses . . . is in plain terms the right to present a defense, the right to present the defendant's version of the facts . . . . [The accused] has the right to present his own witnesses to establish a defense. This right is a fundamental element of due process of law." *Id.*

Moreover, "[w]hen evidence is excluded on the basis of an *improper* application of the [evidentiary] rules, due process concerns are still greater because the exclusion is unsupported by any legitimate state justification." *United States v. Lopez-Alvarez*, 970 F.2d 583, 588 (9th Cir.

4

1992). Thus, "the erroneous exclusion of important evidence will often rise to the level of a constitutional violation." 384 F.3d at 808; 970 F.2d at 588.

However, even facially *correct* applications of an evidentiary rule, when resulting in the exclusion of defense evidence, implicate the constitutional rights of the defendants. "In balancing the interest of [the government] in enforcing its evidentiary rules against the interest of defendants in presenting relevant evidence in their defense [the court should consider]: 'the probative value of the evidence on the central issue; its reliability; whether it is capable of evaluation by the trier of fact; whether it is the sole evidence on the issue or merely cumulative; and whether it constitutes a major part of the attempted defense." *United States v. Stever*, 603 F.3d 747, 755-57 (9th Cir. 2010), citing *Alcala v. Woodford*, 334 F.3d 862, 877 (9th Cir. 2003) (quoting *Miller v. Stagner*, 757 F.2d 988, 994 (9th Cir. 1985).

When rules of criminal procedure conflict with the right of a criminal defendant to present exculpatory evidence of his innocence, those procedural rules must "not be applied mechanistically to defeat the ends of justice, but must meet the fundamental standards of due process." That right derives not only from the general fairness requirements of the due process clause of the fourteenth amendment, but also from the *compulsory process clause* of the sixth amendment. *See Rosario v. Kuhlman*, 839 F.2d 918, 924 (2d Cir. 1988).

Taking all of these principles of law together, when the defense seeks to present evidence or to obtain the testimony of witnesses in their defense, and the court refuses to allow the admission of that evidence or the appearance of those witnesses in court, one of two things has necessarily occurred. Either: (1) the court has properly applied a rule of evidence resulting in a facially justified exclusion; or (2) the court has improperly applied a rule of evidence or otherwise arbitrarily excluded the same, resulting in a facially unjustified exclusion. Under either

scenario, a defendant's rights to due process, compulsory process, the right to call witnesses, and the right to present a defense, have all been implicated by the ruling.

Nevertheless, courts do occasionally decline to compel the attendance or testimony of witnesses. Most often, this appears to be done in order to protect the Fifth Amendment right of the witness not to give self-incriminating testimony. Searching every state and federal jurisdiction's case law, undersigned counsel could only find ***one case*** in which the court declined to grant a motion to compel based on an alleged redundancy of the evidence.

In *United States v. Bin Laden*, 2005 U.S. Dist. LEXIS 1669, at *35-40 (S.D.N.Y. Feb. 7, 2005), the defendant requested access to several potential witnesses involved with Al Queda who were being detained elsewhere by the United States. There the court looked to whether "the witness will have information that is material and favorable to his defense, and not merely cumulative of the testimony of available witnesses." *Id*. However, the court noted that because the "defendant never had direct access to the witness, he may establish materiality with a less specific showing." *Id*.

However, this court should note that the *Bin Laden* case drew legal rules primarily from cases where an appellant alleges that he suffered trial harm from being unable to interview potential witnesses due to the fact that the United States deported the witness prior to trial. This clearly is a much different question than whether the trial court should, facing a motion to compel a witness's presence at trial, refuse to guarantee the defendant's constitutional right to compel the witness's appearance on speculative grounds of relevancy and the speculated cumulative nature of the testimony. Dan Love has not been deported. The court's decision to deny the motion to compel without examining the witness outside the presence of the jury (for the purpose of determining whether relevant testimony would be offered) is simply inexcusable.

Turning to the present case, this trial court's denial of the Tier 3 defendants' motion to compel Dan Love to testify improperly applied the federal rules of evidence. Defendant Cliven D. Bundy seeks a different result and therefore addresses this matter prior to his own trial through the present motion. Dan Love is one of the primary eye-witnesses to this case, and compulsory process requires his availability.

## CONCLUSION

For all of the foregoing reasons, Cliven Bundy respectfully prays this Honorable Court to grant his Motion and order that Dan Love be made available to call as a witness for the defense, either by requiring the United States to make him available to accept a subpoena, or if necessary, through a material witness warrant.

DATED this 28TH day of September, 2017.

**JUSTICE LAW CENTER**
/S/ Bret Whipple
Bret O. Whipple, Esq.
Nevada Bar No. 6168
1100 S. Tenth Street
Las Vegas, Nevada 89104
(702) 731-0000
*Attorney for Defendant*

## CERTIFICATION OF SERVICE

I hereby certify that on the 28TH day of September, 2017 a true and correct copy of the foregoing MOTION TO COMPEL was delivered via E-filing to:

DANIEL BOGDEN
United States Attorney

STEVEN MYHRE
First Assistant United States Attorney

NICHOLAS DICKINSON
Assistant United States Attorney

NADIA AHMED
Assistant United States Attorney

ERIN M. CREEGAN
Assistant
United States Attorney

501 Las Vegas Blvd. South, Suite 1100
Las Vegas, NV 89101

                                                       /S/ Tatum Wehr
                                        An Employee of Justice Law Center