STEVEN W. MYHRE
Acting United States Attorney
District of Nevada
Nevada Bar No. 9635
NADIA J. AHMED
DANIEL R. SCHIESS
Assistant United States Attorneys
ERIN M. CREEGAN
Special Assistant United States Attorney
501 Las Vegas Blvd. South, Suite 1100
Las Vegas, Nevada 89101
(702) 388-6336
steven.myhre@usdoj.gov
nadia.ahmed@usdoj.gov
dan.schiess@usdoj.gov
erin.creegan@usdoj.gov

*Representing the United States*

# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| Plaintiff, | 2:16-CR-00046-GMN-PAL |
| v. | **GOVERNMENT'S CONSOLIDATED RESPONSE IN OPPOSITION TO DEFENDANT PAYNE'S MOTIONS IN LIMINE (ECF Nos. 2475 & 2477)** |
| RYAN PAYNE, et al., | |
| Defendants. | |

**CERTIFICATION**:   The undersigned certify that this pleading is timely filed.

The United States, by and through the undersigned, submits its Consolidated Response in Opposition to Defendant Payne's Motion in Limine Regarding Agent Seyler's Testimony (ECF No. 2475) (joined by Cliven Bundy ECF No. 2543) and Motion in Limine to Exclude Irrelevant and Unfairly Prejudicial Testimony (ECF No. 2477) (joined by Parker (ECF No. 2512), Cliven Bundy (ECF No. 2544), and O. Scott Drexler (ECF No. 2549)). Because Payne's motions attempt to exclude

1

evidence that is fairly, rather than unfairly, prejudicial (e.g., tending to show his guilt of the crimes charged), they should be summarily denied.

## BACKGROUND

On March 2, 2016, a federal grand jury in the District of Nevada returned a sixteen-count superseding indictment against 19 defendants, charging them with:

Conspiracy to Commit an Offense Against the United States, 18 U.S.C. § 371;

Conspiracy to Impede or Injure a Federal Officer, 18 U.S.C. § 372;

Use and Carry of a Firearm in Relation to a Crime of Violence, 18 U.S.C. § 924(c);

Assault on a Federal Officer, 18 U.S.C. § 111(a)(1), (b);

Threatening a Federal Law Enforcement Officer, 18 U.S.C. § 115(a)(1)(B);

Obstruction of the Due Administration of Justice, 18 U.S.C. § 1503;

Interference with Interstate Commerce by Extortion, 18 U.S.C. § 1951; and

Interstate Travel in Aid of Extortion, 18 U.S.C. § 1952.

These charges all stem from a massive assault on law enforcement officers in April 2014, while those officers were duly executing the orders of the United States District Court for the District of Nevada.

Six defendants—Burleson, Drexler, Parker, Stewart, Lovelien, and Engel—were severed and tried in the first trial, beginning in February 2017. In April 2017, the jury returned guilty verdicts on some of the counts as against Burleson and Engel, but were deadlocked on the remaining counts. The jury further remained deadlocked on all counts as to defendants Parker, Drexler, Stewart, and Lovelien.

The Court declared a mistrial on all deadlocked counts and ordered their retrial on June 26, 2017.   The government has since dismissed the remaining deadlocked counts against defendants Burleson and Engel, and the retrial of Parker, Drexler, Stewart, and Lovelien commenced on July 10, 2017. The jury acquitted Lovelien and Stewart, but hung on assault, threat, and 924(c) charges as to Parker and Drexler. Parker and Drexler were joined for trial with Cliven Bundy, Ryan Bundy, Ammon Bundy, Ryan Payne, and Peter Santilli. All seven defendants are proceeding to trial October 10, 2017.

On September 19, 2017, Payne filed two motions attempting to exclude a broad spectrum of inculpatory evidence on the basis that it is prejudicial under Rule 403. ECF Nos. 2475 & 2477. However, because such evidence is not unfairly prejudicial, his motion must fail.

## LEGAL STANDARD

Evidence is relevant if it has "any tendency to make the existence of an element slightly more [or less] probable than it would be without the evidence." *Jackson v. Virginia,* 443 U.S. 307, 320 (1979).

Federal Rule of Evidence 403 provides, in its pertinent part:

> Although relevant, evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time . . . .

Fed. R. Evid. 403; *see also United States v. Sarno,* 73 F.3d 1470, 1488-89 (9th Cir. 1995) (exclusion of evidence relating to proof of fact that was not element of charge not abuse of discretion where such evidence "might well have (as the district court

here concluded) induced confusion in the minds of the jury and distracted them from the true issue [of the charge]").

Rule 403, however, is "an extraordinary remedy to be used sparingly because it permits the trial court to exclude otherwise relevant evidence." *United States v. Mende*, 43 F.3d 1289, 1302 (9th Cir. 1995) (quoting *United States v. Patterson*, 819 F.2d 1495, 1505 (9th Cir. 1987). As the Advisory Note to Rule 403 makes clear, the "only" conditions justifying the exclusion of relevant evidence are those described in Rule 403: "unfair prejudice, confusion of the issues, misleading the jury, undue delay, waste of time, or needless presentation of cumulative evidence. *Curtin*, 489 F.3d at 944. Unfair prejudice refers to "the capacity of some concededly relevant to lure the factfinder into declaring guilt on a ground different from proof specific to the offense charged." *Old Chief v. United States*, 519 U.S. 172, 180 (1997). Such evidence is admissible unless it "tends to prove only criminal disposition." *United States v. Ayers*, 924 F.2d 1468, 1473 (9th Cir. 1991) (internal quotation marks and citation omitted).

Rule 403 only works to exclude evidence that is unfairly prejudicial, as all evidence against the accused is prejudicial. *See, e.g.*, *United States v. Thompson*, 359 F.3d 470, 479 (7th Cir. 2004) ("It is not sufficient to find that the evidence is simply prejudicial because, as we have remarked in the past, all probative evidence is prejudicial to the party against whom it is offered. Rather, the relevant inquiry is whether there was *unfair* prejudice from the introduction of [the evidence]".).

# **ARGUMENT**

In his motion to limit Agent Seyler's testimony, ECF No. 2475, Payne claims that it is not relevant that Agent Seyler investigates militia and domestic terrorism. The Court has already ruled that such background information about an investigator is relevant, and cannot be artificially stripped from the presentation of evidence. See ECF No. 1543. Seyler's familiarity with militia extremism provides context and credibility to steps that he undertook in his investigation of Payne.

Payne claims that Seyler's pre-existing investigation of Payne is not relevant. This is also untrue. The government will present evidence that Payne was looking for an opportunity to have a forcible confrontation with government agents and that Bundy Ranch provided that opportunity. Seyler's investigation of Payne's pre-April 2014 activities show that Payne had such a motivation. Motive is relevant and not unfairly prejudicial. *See, e.g.*, Fed. R. Evid. 404(b).

Payne also moves to exclude reference to Payne's other missions with OMA. The government has noticed other missions in a notice pursuant to Fed. R. Evid. 404(b). Rule 404(b) is a rule of inclusion, not a rule of exclusion. Although evidence is not admissible to show a criminal predisposition, it is to show motive, intent, knowledge, absence of mistake, modus operandi, and so on. Payne's other OMA missions show that his mission and motivation at Bundy Ranch was to seek a forcible confrontation with a government. They show that he had the intention to do the crimes charged in the indictment, particularly, to assault and threaten federal officers. They show that this was not a protest run amok or that Payne

merely had a "defensive" posture at Bundy Ranch. Therefore they are probative and not unfairly prejudicial.

In his motion to exclude "irrelevant and unfairly prejudicial testimony," ECF No. 2477, Payne adds several other items he would not like the jury to hear: the victim's testimony as to their fear when being assaulted, the constant threats that members of Payne's conspiracy delivered against the victims, abusive activity by the mob against the victims that is inconsistent with a peaceful protest, some of the methods used by the conspiracy to launch an effective assault—such as favorable terrain and the threat of being trampled by horses that resemble a cavalry, the victim's decision to retreat to save civilian lives, and so on. Each of these arguments is thoroughly baseless and constitutes an attempt to prevent the government from putting on vital aspects of a fair case against Payne.

First, and among the most offensive, is Payne's motion that the victims cannot describe the fear they felt while 400 people surround them, many armed, and made them fear they would be killed. Payne's anemic reasoning is that "degree of fear a victim feels is not relevant" Mot. at 6. Payne is wrong.  Assault on a federal officer, for example, requires that a reasonable person would feel an apprehension of an imminent bodily contact. The fact that officers felt that they would be shot or stampeded shows that a reasonable person would think the same. (In fact it is not clear how else, except asking the victims themselves what they experienced, the government can elicit evidence relevant to this element). The fact that officers have had other experiences which can help the jury put this fear into context is relevant

and helpful to the jury to understand why they thought an immediate bodily contact was going to occur. Payne cites no law, and surely none exists, that muzzles an assault victim from describing their belief that they would be harmed.

Likewise, conduct of the assailants, including hurling angry words, giving the thousand yard stare, and other pre-assault indicators, is relevant to help the jury understand why the officers were afraid and did not consider the mob surrounding them to be a peaceful protest. Payne does not explain how this information is unfairly prejudicial except to say that talk of a serious incident will inflame the jury. Mot. at 15. But this assertion makes no sense. The standoff was an extremely serious incident, and the fact that the officers feared it would escalate, and had to evacuate, is relevant to numerous charges including obstruction of justice and conspiracy to impede officers.

Payne fares no better arguing that the assailants use of terrain and mounted horseman is irrelevant to the crimes charged. The effective nature of the assault, using a fatal funnel from which retreat or cover were difficult, or utilizing numerous mounted horsemen who could trample the officers, is a relevant to show a conspiracy to assault, to threaten, and to impede officers. Payne claims the language of "fatal funnel" or "cavalry" or references to the women and children (human shields) forcing the officers to stand down is "highly inflammatory." Payne is charged with leading a conspiracy to assault federal officers that entailed armed gunmen in sniper positions, 40 mounted horsemen, a crowd of over 400 including unarmed human shields, attacking officers in a vital chokepoint. Evidence cannot

be "unfairly" prejudicial where it is the essence of the charge itself. Evidence of what Payne conspired to do might provoke an emotional response from the jury, but that is because it is a horrific crime, and the government has the right to prove Payne committed these crimes.

Payne also complains that reports of threats are unfairly prejudicial to him. Mot. at 9. Except, of course, that Payne is charged with threats, conspiracy to threaten, conspiracy to impede officers by use of threats, obstructing justice by threat, etc. If the government can show that threats were issued or solicited by a possible co-conspirator, they are relevant and there is no unfair prejudice. The fact that, for example, the Bundys, and their supporters, plastered contractor information all over social media, and then, exactly as the Bundys hoped, people then called the contractors to harass and threaten them, is evidence of conspiracy. It is not an irrelevant, improper, "emotional" basis for a verdict.

Prejudice is only "unfair" to the extent that it "provokes an emotional response in the jury or otherwise tends to affect adversely the jury's attitude toward the defendant wholly apart from its judgment as to his guilt or innocence of the crime charged." *United States v. Bailleaux*, 685 F.2d 1105, 1111 (9th Cir. 1982). None of the proffered evidence has the tendency to provoke an emotional response in any inappropriate way that would warrant precluding the evidence at trial. The fact that the evidence will show that Payne planned and committed horrific crimes is not a basis to exclude evidence of those crimes. Therefore, the significant probative value of this evidence discussed above is not outweighed, much less

substantially outweighed, by any danger of unfair prejudice.

**WHEREFORE**, for the foregoing reasons, the government respectfully requests that the Court enter an Order denying Payne's motions in limine.

**DATED** this 3rd day of October, 2017.

Respectfully,

STEVEN W. MYHRE
Acting United States Attorney

/s/ Steven W. Myhre
_____
NADIA J. AHMED
DANIEL R. SCHIESS
Assistant United States Attorneys
ERIN M. CREEGAN
Special Assistant United States Attorney

*Attorneys for the United States*

## <u>CERTIFICATE OF SERVICE</u>

I certify that I am an employee of the United States Attorney's Office.  A copy of the foregoing **GOVERNMENT'S CONSOLIDATED RESPONSE IN OPPOSITION TO DEFENDANT PAYNE'S MOTIONS IN LIMINE (ECF Nos. 2475 & 2477)** was served upon counsel of record, via Electronic Case Filing (ECF).

**DATED** this 3rd day of October, 2017.


/s/ Steven W. Myhre
_____
STEVEN W. MYHRE
Acting United States Attorney

10