STEVEN W. MYHRE
Acting United States Attorney
District of Nevada
Nevada Bar No. 9635
NADIA J. AHMED
DANIEL R. SCHIESS
Assistant United States Attorneys
ERIN M. CREEGAN
Special Assistant United States Attorney
501 Las Vegas Blvd. South, Suite 1100
Las Vegas, Nevada 89101
(702) 388-6336
steven.myhre@usdoj.gov
nadia.ahmed@usdoj.gov
dan.schiess@usdoj.gov
erin.creegan@usdoj.gov

*Representing the United States of America*

# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>RYAN W. PAYNE, et al.,<br><br>Defendants. | 2:16-CR-00046-GMN-PAL<br><br>**GOVERNMENT'S RESPONSE IN OPPOSITION TO DEFENDANT PAYNE'S MOTION IN LIMINE TO PROHIBIT ARGUMENT TYING PARKER AND DREXLER TO THE CONSPIRACY COUNT AGAINST PAYNE (ECF Nos. 2532, 2540 and 2545)** |

**CERTIFICATION: The undersigned certify that this Response is timely filed.**

The United States, by and through the undersigned, respectfully files this opposition to defendant Ryan Payne's Motion in Limine to Prohibit Argument Tying Parker and Drexler to the Conspiracy Count Against Payne (ECF No. 2532) which was joined by defendants Ammon Bundy (ECF No. 2540) and Cliven Bundy (ECF

No. 2545). Payne claims that the typically-civil law doctrine of "issue preclusion" prevents the government from making certain arguments with regard to Payne's liability for co-defendants who were acquitted of conspiracy (but not assault, threats, or use of a firearm in commission of a crime of violence). For the reasons given below, Payne is wrong.

## BACKGROUND

On March 2, 2016, a federal grand jury in the District of Nevada returned a sixteen-count superseding indictment against 19 defendants, charging them with:

Conspiracy to Commit an Offense Against the United States, 18 U.S.C. § 371;

Conspiracy to Impede or Injure a Federal Officer, 18 U.S.C. § 372;

Use and Carry of a Firearm in Relation to a Crime of Violence, 18 U.S.C. § 924(c);

Assault on a Federal Officer, 18 U.S.C. § 111(a)(1), (b);

Threatening a Federal Law Enforcement Officer, 18 U.S.C. § 115(a)(1)(B);

Obstruction of the Due Administration of Justice, 18 U.S.C. § 1503;

Interference with Interstate Commerce by Extortion, 18 U.S.C. § 1951; and

Interstate Travel in Aid of Extortion, 18 U.S.C. § 1952.

These charges all stem from a massive assault on law enforcement officers in April 2014, while those officers were duly executing the orders of the United States District Court for the District of Nevada.

Six defendants—Burleson, Drexler, Parker, Stewart, Lovelien, and Engel—were severed and tried in the first trial, beginning in February 2017. In April 2017,

the jury returned guilty verdicts on some of the counts as against Burleson and Engel, but were deadlocked on the remaining counts. The jury further remained deadlocked on all counts as to defendants Parker, Drexler, Stewart, and Lovelien.

The Court declared a mistrial on all deadlocked counts and ordered their retrial on June 26, 2017.  The government has since dismissed the remaining deadlocked counts against defendants Burleson and Engel, and the retrial of Parker, Drexler, Stewart, and Lovelien commenced on July 10, 2017. The jury acquitted Lovelien and Stewart, but hung on assault, threat, and 924(c) charges as to Parker and Drexler. Parker and Drexler were joined for trial with Cliven Bundy, Ryan Bundy, Ammon Bundy, Ryan Payne, and Peter Santilli. On October 6, 2017, Santilli pled guilty to conspiracy to impede or injure federal officers. The six remaining defendants are proceeding to trial October 30, 2017.

## ARGUMENT

A.    *Payne Misunderstands or Misrepresents "Issue Preclusion"*

"In criminal prosecutions, as in civil litigation, the issue-preclusion principle means that 'when an issue of ultimate fact has once been determined by a valid and final judgment, that issue cannot again be litigated between the *same parties* in any future lawsuit.' " *Bravo-Fernandez v. United States*, 137 S. Ct. 352, 356–57 (2017), citing *Ashe v. Swenson,* 397 U.S. 436, 443 (1970) (emphasis added); *see also* Payne's cited civil case *Int'l Brh'd Teamsters v. U.S. Dept. of Transp.*, 861, F.3d 944, 955 (9th Cir. 2017) (referring to previous litigation between the same parties). In criminal litigation, issue preclusion comes under the umbrella of the Double Jeopardy

Clause, which provides that an individual defendant shall not be twice be tried for the same offense. *Bravo-Fernandez*, 137 S. Ct. at 356.

Payne's interpretation of the Double Jeopardy Clause is that an acquittal of a co-conspirator can somehow affect the charges or evidence against him. It should be self-evident, but in the trial of *United States v. Eric Parker & Scott Drexler*, Ryan Payne was not a party. He was not placed into "jeopardy" by Parker and Drexler's trial. There is no preclusive effect of Parker of Drexler's acquittal of conspiracy as to Payne at all. (Parker and Drexler are protected from being placed in double jeopardy because the conspiracy counts are dismissed, and will not be presented to the jury again.)

The fallacy of Payne's argument becomes immediately obvious when flipped on its head: defendant Santilli recently pled guilty to a conspiracy with Cliven Bundy and his sons. But the government cannot file a motion that, because Santilli has agreed that a conspiracy existed, Payne can no longer argue the absence of a conspiracy. Nor does, for example, defendant Burleson's conviction for assault preclude Payne from arguing that a person in the victim-officer's position on April 12, 2014 had no reasonable apprehension of harm (something the jury would have had to have found beyond a reasonable doubt in order to convict Burleson). Payne's omission of the requirement that an issue be litigated between the same parties in order to be preclusive gravely misrepresents the precedent of this Circuit and the Supreme Court, and would lead to nonsensical results if applied.

B.   *It is Appropriate for the Government to Argue Pinkerton Liability as to Payne for the actions Co-Defendants Acquitted of Conspiracy*

There is no requirement that the government obtain a conviction on a conspiracy charge as to one defendant is order to argue that his co-conspirator is liable for his actions. A defendant can be liable for the acts of an unindicted co-conspirator, *United States v. Carpenter*, 961 F.2d 824, 828 n. 3 (9th Cir. 1992); an unidentified co-conspirator, *United States v. Elima*, 2016 WL 3546584, at *10 (C.D. Cal. June 22, 2016), *United States v. Luong*, 2009 WL 1393406, at *12 (E.D. Cal. May 15, 2009); or an acquitted co-conspirator, *United States v. Dean*, 59 F.3d 1479, 1490 n. 19 (5th Cir. 1995). Payne's arguments otherwise find no basis in the law.

**WHEREFORE**, for all the foregoing reasons, the government respectfully requests that this Court deny Payne's motion, ECF No. 2532.

**DATED** this 10th day of October, 2017.

Respectfully,

STEVEN W. MYHRE
Acting United States Attorney

*/s/ Steven W. Myhre*
_____
NADIA J. AHMED
DANIEL R. SCHIESS
Assistant United States Attorneys
ERIN M. CREEGAN
Special Assistant United States Attorney

*Attorneys for the United States*

5

**CERTIFICATE OF SERVICE**

I certify that I am an employee of the United States Attorney's Office.  A copy of the foregoing **GOVERNMENT'S RESPONSE IN OPPOSITION TO DEFENDANT PAYNE'S MOTION IN LIMINE TO PROHIBIT ARGUMENT TYING PARKER AND DREXLER TO THE CONSPIRACY COUNT AGAINST PAYNE (ECF No. 2532, 2540 and 2545)** was served upon counsel of record, via Electronic Case Filing (ECF).

**DATED** this 10th day of October, 2017.

*/s/ Steven W. Myhre*
_____
STEVEN W. MYHRE
Acting United States Attorney