STEVEN W. MYHRE
Acting United States Attorney
District of Nevada
Nevada Bar No. 9635
NADIA J. AHMED
DANIEL R. SCHIESS
Assistant United States Attorneys
ERIN M. CREEGAN
Special Assistant United States Attorney
501 Las Vegas Blvd. South, Suite 1100
Las Vegas, Nevada 89101
(702) 388-6336
steven.myhre@usdoj.gov
nadia.ahmed@usdoj.gov
dan.schiess@usdoj.gov
erin.creegan@usdoj.gov

*Representing the United States*

# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>RYAN W. PAYNE, et al.,<br><br>Defendants. | 2:16-CR-00046-GMN-PAL<br><br>**GOVERNMENT'S RESPONSE IN OPPOSITION TO DEFENDANT PAYNE'S MOTION TO DISQUALIFY JURY PANEL AND SEND A NEW QUESTIONNAIRE (ECF No. 2639)** |

**CERTIFICATION**: The undersigned certify that this pleading is timely filed.

The United States, by and through the undersigned, submits its Response in Opposition to Defendant Payne's Motion to Disqualify Jury Panel and Send a New Questionnaire (ECF No. 2639), which is joined by defendants Ammon Bundy (ECF No. 2643) and Cliven Bundy (ECF No. 2646). Payne's Motion seeks a new jury pool and a new jury questionnaire. The Motion should be denied.

1

## BACKGROUND

On March 2, 2016, a federal grand jury in the District of Nevada returned a sixteen-count superseding indictment against 19 defendants, charging them with:

Conspiracy to Commit an Offense Against the United States, 18 U.S.C. § 371;

Conspiracy to Impede or Injure a Federal Officer, 18 U.S.C. § 372;

Use and Carry of a Firearm in Relation to a Crime of Violence, 18 U.S.C. § 924(c);

Assault on a Federal Officer, 18 U.S.C. § 111(a)(1), (b);

Threatening a Federal Law Enforcement Officer, 18 U.S.C. § 115(a)(1)(B);

Obstruction of the Due Administration of Justice, 18 U.S.C. § 1503;

Interference with Interstate Commerce by Extortion, 18 U.S.C. § 1951; and

Interstate Travel in Aid of Extortion, 18 U.S.C. § 1952.

These charges all stem from a massive assault on law enforcement officers in April 2014, while those officers were duly executing the orders of the United States District Court for the District of Nevada.

Six defendants—Burleson, Drexler, Parker, Stewart, Lovelien, and Engel—were severed and tried in the first trial, beginning in February 2017. In April 2017, the jury returned guilty verdicts on some of the counts as against Burleson and Engel, but were deadlocked on the remaining counts. The jury further remained deadlocked on all counts as to defendants Parker, Drexler, Stewart, and Lovelien.

The Court declared a mistrial on all deadlocked counts and ordered their retrial on June 26, 2017. The government has since dismissed the remaining deadlocked counts against defendants Burleson and Engel, and the retrial of Parker, Drexler, Stewart, and Lovelien commenced on July 10, 2017. The jury acquitted Lovelien and Stewart, but hung on assault, threat, and 924(c) charges as to Parker and Drexler. Parker and Drexler were joined for trial with Cliven Bundy, Ryan Bundy, Ammon Bundy, Ryan Payne, and Peter Santilli. Santilli entered a plea of guilty to conspiracy to impede or injure federal officers on October 6, 2017. The remaining six defendants are proceeding to trial October 30, 2017.

On October 6, 2017, the Court indicated the responses for a few questions were improperly coded and that the Court would resend the questions which were not answered, as well as consider adding questions regarding the tragic events of October 1, 2017. The parties submitted notices to that effect on October 10, 2017. Notwithstanding, on October 10, 2017, Payne filed the instant motion.

## ARGUMENT

Payne Motion seeks to strike the existing jury pool and re-do the jury questionnaire because, according to him, the questionnaire is biased and has tainted the jury pool. He provides no evidence of this -- only speculation and musings. And he provides no legal authority either, except for general exhortations to the Sixth Amendment which doesn't address jury questionnaires at all.

Payne speculates that the questionnaire did not sample a fair cross-section of the community because, so the argument goes, an individual would have had to

purchase a stamp in order to mail the questionnaire back to the Court or have otherwise computer access. He muses about the "digital divide" and keeps everyone updated with what his family, friends and fellow attorneys in the community think about the whole process. He also wonders whether jurors could have answered the questions by telephone, lectures on how the statement of facts should be written, and complains about being "unaware of the methodology" employed in devising and circulating the questionnaire despite his repeated asking for special treatment to be kept informed of these things.

But none of this is evidence of anything. His musings, speculation, and lectures are just that and they do not show that a particular group or class of people have been systematically or purposefully excluded from the jury pool. *See e.g., United States v. James*, 453 F.2d 27, 29 (9th Cir. 1971); *United States v. Abell*, 552 F. Supp. 316, 322 (D. Me. 1982); *Quadra v. Superior Court*, 378 F. Supp. 605, 621 (N.D. Cal. 1974); *United States v. Greene*, 489 F.2d 1145, 1150 (D.C. Cir. 1973); *United States v. McDaniels*, 370 F. Supp. 298, 312 (E.D. La. 1973), aff'd sub nom. *United States v. Goff*, 509 F.2d 825 (5th Cir. 1975); *United States v. Kleifgen*, 557 F.2d 1293, 1296 (9th Cir. 1977); *United States v. Arnett*, 342 F. Supp. 1255, 1261 (D. Mass. 1970). Because he provides no evidence of any improper exclusion, his claim that the questionnaire doesn't muster constitutionally must likewise fail.

The argument that a juror cannot obtain access to the internet (offered free at libraries) or purchase a postage stamp is wholly unsupported by anything. By providing both options (mail or internet), the selection process was more than

reasonable to capture a broad cross-section of the community and cannot reasonably be construed as a subterfuge for discrimination.

Payne argument that the questionnaire's statement of the case tainted the jury pool is similarly unavailing. As a threshold matter, he provides no authority for this proposition. But even more to the point, the statement correctly that the charges were allegations and that the defendants have pleaded not guilty. Further, any jurors actually chosen for service will be instructed as to the government's burden of proof. There simply is no basis, as Payne claims, to strike the entire panel of potential jurors based on the statement of the case.

Payne also requests to review the instructions given to prospective jurors on how to fill out the questionnaire. Again, Payne does not support this request with any legal authority. Nor does he support his request to rewrite the Court's supposedly "duplicitous questions." The Court has broad discretion to devise questions and to conduct voir dire as it sees fit. *Ham v. South Carolina*, 409 U.S. 524, 527 (1973). A defendant has no veto power in this arena.

Payne's last request is for a new questionnaire in which all questions and any statement of the case will be subject to his approval. He claims this is necessary because of the tragic shooting of October 1, 2017. The Court has already solicited the parties' feedback on a supplemental questionnaire. Even if the Court does not order a supplemental questionnaire to be issued, Payne will have an opportunity to ask jurors about the effect of October 1, 2017 on their ability to sit as a juror in this

case, to the extent it is even relevant to unrelated charges arising from conduct that occurred years earlier.

The government opposes any further continuances, change of venue, or other relief based on the events of October 1, 2017. Although Payne appears to intend to reinvigorate numerous previously denied motions on this basis, the law does not support him. *See, e.g., Miller v. Martin*, 276 F. App'x 927 (11th Cir. 2008) (defendant who murdered a schoolmate was not entitled to relief when the Columbine shooting occurred days before trial because (1) the Columbine trial was not factually related to the crime and (2) there is no right to being tried after a factually unrelated but emotionally significant event); *United States v. Lampley*, 127 F.3d 1231 (10th Cir. 1997) (district court properly conducted trial in Oklahoma for bombmaking on the anniversary of the Oklahoma City Bombing); *United States v. Salim*, 189 F. Supp. 93 (S.D.N.Y. 2002) (trial for the 1998 embassy bombings shortly after the events of September 11, 2001 was not improper).

In sum, Payne provides no evidence or legal authority for any of the relief he seeks. The Motion should be denied.

**WHEREFORE**, for the foregoing reasons, the government respectfully requests that the Court enter an Order denying Payne's Motion.

**DATED** this 17th day of October, 2017.

    Respectfully,

    STEVEN W. MYHRE
    Acting United States Attorney

    */s/ Steven W. Myhre*
    _____
    NADIA J. AHMED
    DANIEL R. SCHIESS
    Assistant United States Attorneys
    ERIN M. CREEGAN
    Special Assistant United States Attorney

    *Attorneys for the United States*

**CERTIFICATE OF SERVICE**

I certify that I am an employee of the United States Attorney's Office. A copy of the foregoing **GOVERNMENT'S RESPONSE IN OPPOSITION TO DEFENDANT PAYNE'S MOTION TO DISQUALIFY JURY PANEL AND SEND A NEW QUESTIONNAIRE (ECF No. 2639)** was served upon counsel of record, via Electronic Case Filing (ECF).

DATED this 17th day of October, 2017.

*/s/ Steven W. Myhre*
_____
STEVEN W. MYHRE
Acting United States Attorney