**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | Case No.: 2:16-cr-0046-GMN-PAL |
| Plaintiff, ) | |
| vs. ) | **ORDER** |
| ) | |
| CLIVEN D. BUNDY, ) | |
| ) | |
| Defendant. ) | |

Pending before the Court is Defendant Cliven D. Bundy's ("Defendant's") Objection (ECF No. 2226) to the Magistrate Judge Peggy A. Leen's Order (ECF No. 2166) denying in part[1] Defendant's Motion for Discovery (ECF No. 1971). The Government filed a Response to Defendant's Objection. (ECF No. 2259).

When reviewing the order of a magistrate judge, a district judge should only set aside the order if it is clearly erroneous or contrary to law. 28 U.S.C. § 636(b)(1)(A); D. Nev. R. IB 3-1(a). A magistrate judge's order is "clearly erroneous" if the court has "a definite and firm conviction that a mistake has been committed." *See Burdick v. Comm'r IRS*, 979 F.2d 1369, 1370 (9th Cir. 1992). When reviewing the order, however, the magistrate judge "is afforded broad discretion, which will be overruled only if abused." *Columbia Pictures, Inc. v. Bunnell*, 245 F.R.D. 443, 446 (C.D. Cal. 2007) (citation omitted). The district judge "may not simply

---

[1] Judge Leen granted Defendant's motion to the "limited extent that the government must inform the defendants, in writing, whether Burleson was offered, received or will receive any benefit or concession from the government for providing statement related to this case." (*See* Order 5:16–19, ECF No. 2166). The Government states in its Response that it complied with Judge Leen's Order on August 9, 2017, and advised Defendant and his co-defendants: "Burleson was never offered, never received, and will never receive any benefit or concession from the government for providing any assistance in this case, United States v. Bundy et al., 2:16-cr-46." (Gov't Resp. 2:17–20, ECF No. 2259).

substitute its judgment" for that of the magistrate judge. *Grimes v. City & Cty. of San Francisco*, 951 F.2d 236, 241 (9th Cir. 1991).

Defendant's original motion sought to compel discovery related to co-defendant Greg Burleson's service as an informant for the FBI. (Order 1:15–16, ECF No. 2166). Specifically, Defendant argued that because Burleson's statements were introduced in the first trial as statements of a co-conspirator in furtherance of the conspiracy, his statements were essentially criminal accusations against Defendant. (*Id.* 2:7–9). Under this theory, Defendant argued that the defense is entitled to discovery to show that "the weight and meaning" of Burleson's statements during and after the events at Bunkerville "are impacted by his history as a paid FBI informant." (*Id.* 3:22–23).

Upon review, Judge Leen found that Defendant had failed to meet his burden of establishing materiality. Specifically, Judge Leen noted that "there is nothing in the record to suggest that Burleson was acting as a government informant in any manner related to this case." (*Id.* 4:28–5:2). Moreover, Judge Leen found that Defendant failed to establish how the requested discovery would support any of his or the joining co-defendants' defense theories. (*Id.* 5:8–9).

In the instant opposition, Defendant asserts that Judge Leen's order is "clearly erroneous and contrary to law." (Obj., ECF No. 2226). However, Defendant fails to provide any substantive argument or legal authority to support this assertion. Instead, Defendant merely attempts to reargue the same points raised in his underlying motion. In doing so, Defendant fails to address the reasons for denial set forth in the underlying Order. The Court has reviewed the record and finds that Judge Leen properly determined that Defendant failed meet his burden under Rule 16 of the Federal Rules of Criminal Procedure.

Accordingly, the Court finds that Judge Leen's Order denying the requested discovery was neither clearly erroneous nor contrary to law, and the Court overrules Defendant's objection.

**IT IS HEREBY ORDERED** that Defendant's Objection (ECF No. 2226) is **OVERRULED**.

**DATED** this __31__ day of October, 2017.

_____
Gloria M. Navarro, Chief Judge
United States District Court