**BRET WHIPPLE, ESQ**
Nevada Bar No. 6168
**JUSTICE LAW CENTER**
1100 S. Tenth Street
Las Vegas, Nevada, 89104
702-731-0000

Attorney for Defendant Cliven Bundy

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEVADA

| | |
|---|---|
| THE UNITED STATES OF AMERICA, <br><br> Plaintiff, <br><br> v. <br><br> CLIVEN D. BUNDY, et. al <br><br> Defendants. | Case No: 2:16-cr-00046-GMN-PAL <br><br> **LOCAL COUNSEL'S MOTION FOR RECONSIDERATION OF MR. LARRY KLAYMAN'S APPLICATION FOR *PRO HAC VICE* ENTRY AS DIRECTED BY CLIVEN BUNDY** |

Defendant Cliven Bundy ("Mr. Bundy"), through the undersigned counsel, hereby moves this Court, as directed by Mr. Bundy, for reconsideration of the denial, without prejudice, of Mr. Larry Klayman's ("Mr. Klayman") application for *pro hac vice* entry into this case. I will serve as the resident and lead counsel on Mr. Bundy's trial team. Mr. Bundy has directed me to file this motion, which incorporates Exhibit 1, as it sets forth the factual and legal bases for Mr. Klayman's entry pro hac vice, which Mr. Bundy has attested to under oath, as he desires, pursuant to his Sixth Amendment right to counsel, a defense team comprised of myself and Mr. Klayman. Pursuant to LR IA 11-2(d), I will have authority to sign binding stipulations.

    /s/ Bret O. Whipple, Esq.
Bret Whipple, Esq.
Nevada Bar No. 6168
**JUSTICE LAW CENTER**
1100 S. Tenth Street
Las Vegas, Nevada, 89104
702-731-0000

-1-

BRET WHIPPLE, ESQ
Nevada Bar No. 6168
**JUSTICE LAW CENTER**
1100 S. Tenth Street
Las Vegas, Nevada, 89104
702-731-0000

Attorney for Defendant Cliven Bundy

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEVADA

| | |
|---|---|
| THE UNITED STATES OF AMERICA, | Case No: 2:16-cr-00046-GMN-PAL |
| Plaintiff, | MOTION FOR RECONSIDERATION OF MR. LARRY KLAYMAN'S *PRO HAC VICE* APPLICATION PREVIOUSLY DENIED WITHOUT PREJUDICE |
| v. | |
| CLIVEN D. BUNDY, et. al | |
| Defendants. | |

Defendant Cliven Bundy ("Bundy") hereby moves this Court for reconsideration of its denial, without prejudice, of Mr. Larry Klayman's ("Mr. Klayman") admission *pro hac vice*. Given the fact that Bundy's trial has begun and he faces the possibility of life imprisonment, he requires a full legal defense team, including a counsel of choice Mr. Klayman, now more than ever.

Mr. Klayman has continuously and collectively been a member in good standing of the District of Columbia Bar and The Florida Bar for approximately thirty-seven and forty years respectively. Furthermore, Mr. Klayman truthfully and candidly answered the questions presented to him in the District of Nevada's *pro hac vice* application. The Honorable Ronald M. Gould ("Judge Gould") confirmed this fact in his forceful dissent, holding that Mr. Klayman should be admitted *pro hac vice*:

> Klayman properly disclosed the ongoing disciplinary proceeding in his initial
> application for pro hac vice admission, saying that the proceeding had not yet been

-1-

resolved. **This disclosure was accurate**....I agree with Klayman that he was not obligated to re-litigate the D.C. proceeding before the district court and that he did not have to provide the district court with the entire record from D.C. And if his disclosures were selective, still he is an advocate, an advocate representing defendant Cliven Bundy, and after submitting a compliant response to the questions in the pro hac vice application, **he had no greater duty to disclose any possible blemish on his career or reputation beyond responding to the district court's further direct requests**

*Bundy v. United States Dist. Court (In re Bundy)*, 840 F.3d 1034, 1054 -55 (9th Cir. 2016) (emphasis added). Tellingly, this Court denied Mr. Klayman's application <u>without prejudice</u>, as clear evidence that the sole, original ground upon which it was denied was the unresolved bar proceeding in the District of Columbia. If, in fact, this Court had originally considered all the *ex post facto* justifications that were set forth later when prompted by the U.S. Court of Appeals for the Ninth Circuit, then a denial without prejudice simply would not have made sense. Furthermore, as the District of Columbia bar proceeding had been already pending for 8 years at that time, it will almost certainly not be resolved, pending any appeals, until well after Bundy has been tried and, if convicted, sentenced to possible life imprisonment – thereby effectively precluding Bundy from exercising his constitutional right to counsel of choice.

Even more, the reasons that were later raised by this Court to deny Mr. Klayman's *pro hac vice* application, although not a stated reason in the Court's prior orders denying *pro hac vice* entry, are not sufficient to deny Mr. Bundy of his constitutional Sixth Amendment right to the counsel of his choice, and to prevent Mr. Klayman from joining Mr. Bret Whipple on the defense team. Importantly, the prestigious U.S. Court of Appeals for Eleventh Circuit has held that "[a]bsent a showing of unethical conduct rising to a level that would justify disbarment, the court must admit the attorney." *See Schlumburger Techs., Inc. v. Wiley*, 113 F.3d 1553, 1561 (11th Cir. 1997). Furthermore and similarly, the U.S. Court of Appeals for the Ninth Circuit has unequivocally held that "[a] defendant's right to the counsel of his choice includes the right to have an out-of-state lawyer admitted *pro hac vice*." *United States v. Lillie*, 989 F.2d 1054, 1056 (9th Cir. 1993).

Here, the fact remains that, over the course of his forty-year legal career Mr. Klayman has been a zealous advocate for his clients and has on occasion strongly challenged some judges on

legal issues. Consistent with this zealous representation, Judge Gould found, this aggressive style is often necessary in high-profile matters with such high stakes (i.e., Mr. Bundy faces life imprisonment) such as this one, in order to ensure that the defendant receives a fair trial:

> It may be that Klayman is not an attorney whom all district court judges would favor making an appearance in their courtroom. It seems he has been, and may continue to be, a thorn in the side. Still, concerns about trial judge irritation pale in comparison to a criminal defendant's need for robust defense. <u>In providing a full and fair defense to every criminal defendant, there will by necessity be occasions when the difficult nature of the case evokes sharply confrontational lawyering. In tough cases with skilled prosecutors, aggressive positions by defense lawyers are sometimes an unavoidable part of strong advocacy, and contribute to making the proceeding an ultimately fair one for the defendant.</u>

*Bundy*, 840 F.3d at 1055-56 (emphasis added).

Ultimately, the focus should not be on Mr. Klayman, but on Mr. Bundy and his need for a full legal defense team. Mr. Bundy unequivocally enjoys the same constitutional rights, including the right to counsel of choice, that all criminal defendants do. And, Mr. Bundy has already been incarcerated for a year and eight months, and will likely be incarcerated for over two years by the time his trial is concluded. At the very least, in a matter serious enough that he faces the possibility of life imprisonment, he must be allowed to exercise that constitutional right and have a full legal defense team that includes Mr. Klayman. This is an extremely complex matter, and to essentially limit the amount of help that Mr. Bundy's legal defense team can receive, while the prosecution enjoys the benefit unlimited government resources, would be unfair and in effect a denial of due process and equal protection, notwithstanding the sacrosanct rights provided to criminal defendants under the Sixth Amendment.

Mr. Bundy does not seek to supplant Mr. Bret Whipple as defense counsel, simply to have Mr. Klayman join the team, which will also allow him to sit at counsel table, review documents and other evidence and testimony under seal, and to assist with any other duties that he may be assigned. And, Mr. Klayman has stipulated to the appellate court and stipulates to this Court that he would obey all of this Court's orders.

Mr. Klayman respectfully requests the opportunity to address this honorable Court on this issue.

  Defendant Cliven Bundy, having read and understood this motion, hereby endorses it as it was prepared at his direction. He feels very strongly about the need to have Mr. Klayman to be a part of his defense team such that he can be admitted *pro hac vice*. He has thus instructed local counsel Bret Whipple to endorse and support and file the above motion for reconsideration of entry of Mr. Klayman *pro hac vice* into this case, and have it submitted to and have it filed, with the attached cover pleadings, with this Court in conformity with local rules and the Federal Rules of Civil Procedure.

## SWORN ATTESTATION OF CLIVEN BUNDY

Signed, attested to and sworn to under penalty of perjury this 6th day of November 2017 in and at Henderson County Detention Center, 18 E, Basic Road, Henderson, Nevada 89015, that the foregoing is true and correct.

*/s/ Cliven Bundy*
Cliven Bundy

-4-