1

BRET O. WHIPPLE, ESQ
Nevada Bar Number 6168
**JUSTICE LAW CENTER**
1100 S. Tenth Street
Las Vegas, Nevada  89104
(702) 731-0000

2

3

4

5

**UNITED STATES DISTRICT COURT**

6

**DISTRICT OF NEVADA**

7

8

THE UNITED STATES OF AMERICA,

CASE NO.:  2:16-cr-00046-GMN-PAL

9

10

Plaintiff,

11

12

Vs.

**DEFENDANT CLIVEN D. BUNDY'S**
**EMERGENCY MOTION TO DISMISS**
**FOR DISCOVERY MISCONDUCT**

13

CLIVEN D. BUNDY,

14

(REQUEST FOR AN EXPEDITED
HEARING – EVIDENTIARY HEARING
REQUESTED)

15

Defendant.

16

17

        COMES NOW, CLIVEN D. BUNDY, ESQ., by and through BRET O .WHIPPLE,

18

ESQ., and hereby enters the following Motion to Dismiss for Discovery Misconduct. This

19

motion is based upon the memorandum of points and authorities included herein, as well as

20

other pleadings on file with this Court, and any evidentiary hearing conducted as it relates to

21

22

the subject matter of the present motion.

23

        DATED THIS 6th day of November, 2017.

24

25

**JUSTICE LAW CENTER**
/s/ Bret O. Whipple, Esq.
Bret O. Whipple, Esq.
Bar No 6168

26

27

28

1

*(left margin, rotated)* **JUSTICE LAW CENTER**
Tel (702) 731-0000 Fax (702) 974-4008

**JUSTICE LAW CENTER**
Tel (702) 731-0000 Fax (702) 974-4008

## MEMORANDUM OF POINTS AND AUTHORITIES

A specter is haunting this case – the specter of repeated and ongoing discovery misconduct by the United States. All of the power of the United States, exercised through its law enforcement agencies and through the United States Attorney's Office has generated a fog that obfuscates the truth surrounding the events of March, 2014 and April, 2014. This situation exists as a direct result of the prosecution's ongoing failure to abide by the rules of discovery and disclose discoverable evidence. Those obfuscatory discovery practices have continually thwarted defense efforts to acquire and review helpful or exculpatory evidence and use that evidence to prepare for trial. The government's bad faith misconduct is ongoing, and the defense has often been left wondering what *other evidence* remains undisclosed by the United States simply because such evidence would make the United States look bad or would reveal government misconduct against citizens lawfully protesting in the United States.

The defendants, including Cliven Bundy, cannot receive a fair trial under these circumstances. The public cannot rest assured that justice is going to be done in a criminal trial when everyone involved is left wondering what exculpatory evidence, unknown to the defense, remains hidden. The only appropriate remedy under the circumstances is dismissal of the indictment, with prejudice, as to all defendants.

## I.     BACKGROUND INFORMATION.

### A.     Discovery Allegations in Sealed Motion ECF No. 2727.

The defense, and this Court, now knows that law enforcement or bureaucratic agents, including the government eye-witness (SAC Dan Love) who commanded the operation against the Bundys, has a long history of, to put it diplomatically, manipulative practices, including the

misuse of his official position. *See* ECF No. 2727. We know now that that same officer has previously pressured, or otherwise acted inappropriately, in his direction of other law enforcement officers, including several government witnesses who have testified in this case. *Id.* This information was not fully disclosed to the defense, and indeed, there is evidence that such material was affirmatively hidden from the court and the defense. *Id.* These matters are currently subject of a sealed Motion to Dismiss [ECF No. 2727] which defendant Bundy has joined [ECF No. 2737].

This same agent who has, in other instances, engaged in misconduct towards his subordinate employees and the public, had nearly complete access to all law enforcement personnel, including BLM witnesses, at the time they formulated their reports and memoranda in April, 2014. We know now that this officer intended to build evidence for a criminal case against the Bundys at the time he had direct access to his subordinates who are witnesses in this case, including subordinates he has corruptly pressured in other instances. None of this information was affirmatively disclosed by the United States. The defense discovered it late through collateral happenstance, and even when it has been disclosed in response to defense motions and proceedings in this case, the most pertinent portions have often been minimized or withheld by the United States' Attorney's Office, purportedly because those portions were irrelevant. *See* ECF No. 2727, Motion to Dismiss.

### B. Ryan Bundy's Specific Demands Regarding Surveillance Evidence.

The defendants have long suspected *other forms* of government misconduct which they could not immediately prove. From the time the events occurred in April of 2014, there have been reports of mysterious occurrences, government snipers aiming for the defendants,

JUSTICE LAW CENTER
Tel (702) 731-0000 Fax (702) 974-4008

surveillance of their residence and personal property through covert government operations, and numerous other incidents allegedly witnessed by the defendants or other pro-civil-liberty witnesses in April, 2014.

Specifically, defendant Ryan Bundy moved to discover evidence relating to surveillance equipment being used against the Bundy home and the American People in March and April, 2014. *See* ECF No. 2299. The prosecution was evasive in its response, where it claimed that Bundy failed to meet and confer regarding discovery, and that is claims were part of a "fantastical fishing expedition." ECF No. 2340. While the government did not explicitly deny the existence of the requested surveillance evidence, the implication of its response was that Ryan Bundy's theories were too crazy to be given serious consideration by the court.

### C.   Cliven Bundy's Attempts to Obtain Evidence from United States.

The prosecution in this case has an affirmative duty to disclose evidence to the defense through discovery. Because the prosecution has failed to disclose favorable evidence later discovered serendipitously by the defense, Cliven has been forced to seek to discover evidence through collateral legal maneuvering.

Specifically, Bundy has sought evidence through Freedom of Information Act ("FOIA") requests. Because the United States failed to properly respond to those FOIA requests, a civil suit was filed by Freedom Watch on Mr. Bundy's behalf. *See* Exhibit A, Civil Complaint Case No. 1:16-cv-02320-CKK. This FOIA request also sought discoverable material which would have included surveillance video live feed, which must have also been streamed back to FBI headquarter computers, of the Bundy home during March and April of 2014. *Id.* The FBI estimated it would take almost forty-one (41) years to deliver the requested documentation to

JUSTICE LAW CENTER
Tel (702) 731-0000 Fax (702) 974-4008

Bundy, and to date, no material has been delivered. *See* Exhibit B, FBI's Status Report and Proposed Schedule.

### D. Testimony Reveals that the Surveillance Evidence Exists.

The defendants had previously filed a motion for relief regarding the government's destruction of evidence, specifically, the government's shredding of documents in the aftermath of the events of April, 2014. *See* ECF No. 1878, Motion to Dismiss. During the testimony of witness Mary Hinson, it was revealed that a "live video feed" depicting the Bundy home, and ingress and egress from the home, was being piped in to the BLM "Command Center" during the events in question. Furthermore, it was revealed that SAC Dan Love, among others, had access to this live video feed.[1]

The existence of this video surveillance has never been disclosed to the defense. No copy of the video has been produced pursuant to the government's affirmative duty to disclose relevant and material evidence to the defense. As mentioned earlier, when allegations that such video exists was made by Ryan Bundy, the government called it a "fantastical fishing expedition." The defense first learned of the actual existence of such facts and evidence on November 3, 2017, *after* trial had already begun. On November 3, 2017, counsel for Cliven Bundy e-mailed the prosecution demanding the disclosure of the surveillance evidence that had, thus far, been hidden from the defense. *See* Exhibit C, Letter to Prosecution.

---

[1] Counsel for Cliven Bundy has requested the transcript from this hearing on an expedited basis, however, the transcript has not been produced as of the time of this filing, and therefore, the exact testimony of the witness cannot be cited at this time. The Court is aware of the nature of the witness's testimony, and this motion can be supplemented once the transcript is produced.

JUSTICE LAW CENTER
Tel (702) 731-0000 Fax (702) 974-4008

JUSTICE LAW CENTER
Tel (702) 731-0000 Fax (702) 974-4008

II.     **LEGAL STANDARDS.**

A.     **Brady, Giglio, Jencks, and Discovery Procedure.**

The prosecution has "an affirmative duty to disclose information favorable to a defendant." *Kyles v. Whitley*, 514 U.S. 419, 432 (1995). If the government has no inculpatory information of the alleged offenses, the absence of such evidence ipso facto constitutes exculpatory information, such as showing video of the alleged crime scene that lacks evidence of any criminal conduct. This duty extends to "impeachment" evidence, *Id.* at 433, and requires an "individual prosecutor . . . to learn of any favorable evidence known to the others acting on the government's behalf in the case, including the police." *Id.* at 437. The Ninth Circuit has ruled that the prosecution has the specific duty to "to produce any favorable evidence in the personnel records of an officer." *United States v. Cadet*, 727 F.2d 1453, 1467 (9th Cir. 1984). If there is any doubt about disclosure requirements, the prosecution can "may submit the information to the trial court for an *in camera* inspection." *Id.* at 1467-68. A prosecutor "anxious about tacking too close to the wind will disclose a favorable piece of evidence." *Kyles* at 439.

To establish a *Brady* violation, three elements - favorability, suppression, and materiality - must be shown. That is, "[t]he evidence at issue must be favorable to the accused, either because it is exculpatory, or because it is impeaching; that evidence must have been suppressed by the State, either willfully or inadvertently; and prejudice must have ensued." *United States v. Olsen, 704* F.3d 1172, 1181 (9th Cir. 2013) (alteration in original) (citations and quotation marks omitted). Suppression may be either intentional or inadvertent, and even "[a]n innocent failure to disclose favorable evidence constitutes suppression . . . ." Id. at 1182 (citations omitted). A *Giglio* violation occurs where the prosecution suppresses

JUSTICE LAW CENTER
Tel (702) 731-0000 Fax (702) 974-4008

evidence that impeaches a witness's credibility. *Giglio,* 405 U.S. at 154.  Materiality, the third element of a *Brady/Giglio* violation, can be the most elusive.

Discovery in federal criminal cases is generally governed by Fed. R. Crim. P. 16. Rule 16 is broader than *Brady,* "requiring disclosure of all documents 'material to preparing the defense.'" *United States v. Muniz-Jaquez,* 718 F.3d 1180, 1183 (9th Cir. 2013) (quoting Fed. R. Crim. P. 16(a)(1)(E)(i)). Rule 16(a)(1)(E) provides for the production of discovery, upon a defendant's request. It directs: "[T]he government must permit the defendant to inspect and to copy or photograph books, papers, documents, data, photographs, tangible objects, buildings or places, or copies or portions of any of these items, if the item is within the government's possession, custody, or control and: (i) the item is material to preparing the defense; (ii) the government intends to use the item in its case-in-chief at trial; or (iii) the item was obtained from or belongs to the defendant."

"Evidence is 'material' under Rule 16 if it is helpful to the development of a possible defense." *United States v. Budziak,* 697 F.3d 1105, 1111-12 (9th Cir. 2012) (citing *United States v. Olano,* 62 F.3d 1180, 1203 (9th Cir. 1995)), *cert. denied,* 133 S. Ct. 1621, 185 L. Ed. 2d 605 (2013). The government is required to provide discovery in its possession or if the "prosecutor has knowledge of and access to the documents sought by the defendant." *United States v. Santiago,* 46 F.3d 885, 893 (9th Cir. 1995). A "prosecutor will be deemed to have knowledge of and access to anything in the possession, custody or control of any federal agency participating in the same investigation of the defendant." *United States v. Bryan,* 868 F.2d 1032, 1036 (9th Cir. 1989).

JUSTICE LAW CENTER

Tel (702) 731-0000 Fax (702) 974-4008

In the event that a Court does find *Brady, Giglio,* or *Jencks* violations, dismissal is within its power to grant as a remedy. "[First, a] district court may dismiss an indictment on the ground of outrageous government conduct if the conduct amounts to a due process violation. [Second, i]f the conduct does not rise to the level of a due process violation, the court may nonetheless dismiss under its supervisory powers." *United States v. Chapman*, 524 F.3d 1073, 1084 (9th Cir. 2008) (quoting *United States v. Barrera-Moreno*, 951 F.2d 1089, 1091 (9th Cir. 1991)). However, a district court's supervisory powers are limited to three areas pertinent: "(1) to implement a remedy for a violation of recognized rights; (2) to preserve judicial integrity by ensuring that a criminal conviction rests on appropriate considerations validly before the jury; and (3) to deter future illegal conduct." *United States v. W.R. Grace,* 526 F.3d 499, 511 n.9 (9th Cir. 2008) (citations omitted).

Likewise, in the event that the district court finds that a party committed discovery violations, Rule 16(d)(2)authorizes sanctions which include ordering that party to permit the discovery or inspection; granting a continuance; prohibiting that party from introducing the undisclosed evidence; or entering "any other order that is just under the circumstances." Fed. R. Crim. P. 16(d)(2)(A)-(D). Underlying the directives enunciated by *Brady, Giglio*, *Jencks*, and Rule 16 is the overarching principle that the prosecuting attorney has a duty to be more than a mere advocate and must, above all, seek to do justice.

The Supreme Court has emphasized "the special role played by the American prosecutor in the search for truth in criminal trials." *Strickler v. Greene*, 527 U.S. 263, 281, 119 S. Ct. 1936, 144 L. Ed. 2d 286 (1999). "A prosecutor has the responsibility of a minister of justice and not simply that of an advocate. This responsibility carries with it specific obligations to see

**JUSTICE LAW CENTER**
Tel (702) 731-0000 Fax (702) 974-4008

that the defendant is accorded procedural justice. . . ." ABA Model Rules of Professional Conduct Rule 3.8 cmt. (2002); <u>accord</u> ABA Standards for Criminal Justice 3-1.2(b) (3d. 1993) ("The prosecutor is both an administrator of justice and an advocate. The prosecutor must exercise sound discretion in the performance of his or her functions."); <u>id.</u> at 3-1.2(c) ("The duty of the prosecutor is to seek justice, not merely to convict"); *see also Hayes v. Brown,* 399 F.3d 972 (9th Cir. 2005) ("The prosecuting attorney['s] . . . obligation is to govern impartially[,] . . . to do justice[,] . . . [and] . . . to assure that the defendant has a fair and impartial trial") (quoting *Commonwealth of The Northern Mariana Islands v. Mendiola*, 976 F.2d 475, 486 (9th Cir. 1992) (citations omitted), *overruled on other grounds  by George v. Camacho,* 119 F.3d 1393 (9th Cir. 1997) (en banc)).

A prosecutor's failure to fulfill discovery obligations, whether due to mere oversight or to ill intent, defiles our system of justice and calls into question whether a defendant has been afforded a fair and impartial trial. Some courts decree strong sanctions for these failures*. See, e.g., United States v. Olsen*, 737 F.3d 625, 633 (9th Cir. 2013) (Kozinski, C.J., dissenting).

## B.  <u>Outrageous Government Conduct.</u>

A district court should dismiss an indictment on the ground of outrageous government conduct if the conduct amounts to a due process violation. If the conduct does not rise to the level of a due process violation, the court may nonetheless dismiss under its supervisory powers. *United States v. Chapman,* 524 F.3d 1073, 1084 (9th Cir. 2008).

In order to show outrageous government conduct, defendants must show conduct that violates due process in such a way that it is "so grossly shocking and so outrageous as to violate the universal sense of justice." *United States v. Restrepo*, 930 F.2d 705, 712 (9th Cir.

JUSTICE LAW CENTER
Tel (702) 731-0000 Fax (702) 974-4008

1991) (quoting *United States v. O'Connor,* 737 F.2d 814, 817 (9th Cir. 1984)) (internal quotation marks omitted). The defense is therefore "limited to extreme cases in which the government's conduct violates fundamental fairness." *[United States v.] Gurolla,* 333 F.3d [944,] 950 [(9th Cir. 2011)]. *United States v. Stinson,* 647 F.3d 1196, 1209 (9th Cir. 2011). In addition, "[a] court may dismiss an indictment under its supervisory powers only when the defendant suffers substantial prejudice, and where no lesser remedial action is available." *Chapman,* 524 F.3d at 1087 (citations and internal quotation marks omitted).

## III.   ARGUMENT.

To resolve the present motion, this Court must determine: **(A)** whether the government committed discovery violations, engaged in misconduct, and/or acted in bad faith by failing to disclose the existence of, or provide in discovery, evidence relating to the surveillance of the Bundy home during the events underlying the indictment; and **(B)** if so, what the proper remedy for is for the defendants in light of those violations and/or bad faith actions and misconduct on the part of the United States.

### A.   Discovery Violations, Misconduct, and Bad Faith.

As mentioned previously, ECF No. 2727 is a pending motion to dismiss which conclusively demonstrates the existence of other discovery violations. That motion has been joined by Cliven Bundy and remains pending.

The present circumstance is a separate distinct incident which, individually and combined with the subject matter of ECF No. 2727, demonstrates the government's discovery violations, misconduct, and bad faith. Collectively, the circumstances show "outrageous

government conduct" exists in this case which has destroyed any chance of providing the defendants with due process and a fair trial.

### 1. The Live Stream Video Exists.

Live stream video surveillance conducted by the government exists because it was testified to, under oath, by a witness who has seen the video (Mary Hinson on November 3, 2017). Furthermore, apparently, Ryan Bundy or the other defendants in this case discovered what possibly electronic surveillance devices were during April, 2014, as referenced in ECF No. 2299.

### 2. The Video evidence is and has been in the prosecution's possession.

Regardless of what government agency has the video, be it the BLM, FBI, or some other entity, the video of the live stream is clearly in the possession of the government (and the prosecution) for the purposes of discovery, whether it be in its actual or constructive possession. Even if the prosecution were to claim it lacked actual possession of the video, at the very least, the prosecution has been on notice of the possible existence of such video since ECF No. 2299 was filed by Ryan Bundy. Furthermore, it would be impossible to believe that the prosecution --- who has extensively interviewed the eye-witnesses to this case --- was unaware of a prominently-positioned video display in the incident command center underlying one of the most heavily litigated indictments in American history. Many government witnesses, insofar as we know they were in the incident command post, must have been aware of the video stream. It would be implausible to suggest this matter never came up in discussions between the prosecution and its own witnesses.

JUSTICE LAW CENTER
Tel (702) 731-0000 Fax (702) 974-4008

11

JUSTICE LAW CENTER
Tel (702) 731-0000 Fax (702) 974-4008

### 3.    The evidence is material, helpful, and exculpatory.

The evidence is clearly material. The United States alleges that a large-scale conspiracy was orchestrated by Cliven Bundy in March and April of 2014 for the purpose of obstructing, impeding, threatening, and assaulting federal officers.

Specifically, the government alleges that Bundy recruited and incited individuals to "travel to Bundy Ranch" for unlawful purposes in furtherance of an unlawful conspiracy. *See* ECF No. 27 at 13. The government alleges that Bundy (and others) used the internet to facilitate interstate travel for the aims of the conspiracy. *Id*. Bundy was allegedly the "ultimate authority" over the scope, manner, and means of the conspiracy operation. *Id* at 15. Bundy was allegedly involved in planning, making public statements, and using internet devices from Bundy Ranch in the lead up to the events of April 12, 2014. *Id* at 16-21.

Bundy is charged with fifteen (15) counts. As this Court can see, and as the United States is aware, Cliven Bundy was not physically present during most of the events underlying the specific counts of the indictment. Specifically:

**Count Four – Assault**: alleges that on April 9, allegations that the defendants assaulted and intimidated federal officers engaged in their official duties by interfering with a BLM convoy during impoundment operations. The evidence will show that Cliven Bundy was not present during the alleged incident. As a result, Cliven is charged was (1) part of a conspiracy and (2) under 18 U.S.C. 2 aiding and abetting.

**Count Five – Assault:** alleges that on April 12, 2014, federal officers were assaulted by the defendants at the impoundment site. The evidence will show that Cliven Bundy was not

JUSTICE LAW CENTER
Tel (702) 731-0000 Fax (702) 974-4008

present during the alleged incident. As a result, Cliven is charged was (1) part of a conspiracy and (2) under 18 U.S.C. 2 aiding and abetting.

**Count Seven – Threats:** alleges that on April 11, 2014, defendant Santilli confronted SAC Love at the Impoundment Site and made unlawful threats on behalf of Cliven Bundy. The evidence will show that Cliven Bundy was not present during the alleged incident. As a result, Cliven is charged was (1) part of a conspiracy and (2) under 18 U.S.C. 2 aiding and abetting.

**Count Eight – Threats:** alleges that on April 12, 2014, defendants allegedly confronted SAC Love at the Impoundment Site and made unlawful threats on behalf of Cliven Bundy. The evidence will show that Cliven Bundy was not present during the alleged incident. As a result, Cliven is charged was (1) part of a conspiracy and (2) under 18 U.S.C. 2 aiding and abetting.

**Counts Ten, Eleven, and Twelve – Obstruction:** alleges that on April 6, 2014 R. Bundy and D. Bundy attempted to impede and obstruct a BLM convoy. Next, Count Eleven alleges that on April 9, 2014 the defendants obstructed a BLM convoy. Next, Count Twelve, alleges that on April 12, 2014 the defendants impeded the impoundment of cattle at the Impoundment Site.  The evidence will show that Cliven Bundy was not present during any of the alleged incidents. As a result, Cliven is charged was (1) part of a conspiracy and (2) under 18 U.S.C. 2 aiding and abetting.

As this Court can see, Cliven's alleged liability does not arise out of his physical conduct or physical presence where the specific incidents occurred. Instead, the indictment seeks to prove Cliven's guilt by showing that he was the leader of a conspiracy, orchestrated in person and through the internet, out of his home at Bundy Ranch and upon the stage where he occasionally made political speeches, and otherwise aided and abetted the "direct actors". This

necessarily indicates that the alleged "crime scene" used by Cliven Bundy is his "headquarters", i.e., his home upon Bundy Ranch. The government alleges this is where he met with, organized, and instructed other members of the conspiracy, as well as the location Bundy used phone or internet to coordinate with other conspirators.

As a result of these circumstances, much "material evidence" must necessarily exist in a video surveillance of Bundy's home. At minimum this would include: **(1)** video evidence regarding the number of individuals, and the identity of individuals, entering and exiting Bundy ranch; **(2)** where Bundy was during the events of April, 2014; **(3)** who, besides Bundy and the co-defendants, had access to internet and communication devices at Bundy ranch, which is material to the question of who sent certain particular communications which are the subject of this case; and **(4)** the presence of politicians, or media members, at Bundy ranch, which is relevant to portions of the defense's theory of the case (i.e. that Bundy, rather than pursuing a criminal conspiracy, attempted to pressure the BLM to cease its operations through lawful appeals to the public through politicians and the media).

Furthermore, the existence and content of the video surveillance is relevant **(1)** to explain the defendant's beliefs regarding government misconduct, **(2)** to explain their fears of government aggression, **(3)** to explain the non-criminal reason so-called militia members came to Bundy's property (i.e. the reasonable fear of government who was spying on the Bundy's and could turn to aggressive violence at any moment); and **(4)** possible motives of the government, its agents, and its witnesses during trial, to exaggerate evidence for the purposes of incarcerating Bundy and the other defendants, to cover-up government misconduct,

JUSTICE LAW CENTER
Tel (702) 731-0000 Fax (702) 974-4008

JUSTICE LAW CENTER
Tel (702) 731-0000 Fax (702) 974-4008

including but not limited to, to suppress the Bundys' knowledge of government spying and surveillance of U.S. citizens.

Furthermore, the video is likely material in a multitude of additional ways not currently known to the defense *precisely because* the evidence has been suppressed by the United States, as the defense has been excluded from viewing the video, or indeed, even knowing about its very existence until trial had already begun. The video is literally a video of the crime scene, while Cliven Bundy was present, during which he was allegedly committing his crime. Without access to the video, and the ability to closely parse the video for favorable defense evidence, there is no way for Bundy to explain its full materiality to the court.

4.     **The prosecution acted in bad faith in failing to disclose the existence of the evidence and by failing to provide the evidence in discovery.**

Not only has the government failed to meet its affirmative discovery obligations, it has actively obscured the matter by suggesting the surveillance video was part of a "fantastical fishing expedition" previously pursued by defendant Ryan Bundy. Although the government did not explicitly state that the Bundy home was not the target of extensive electronic surveillance, the suggestion in the government's ECF No. 2340 was that the existence of such technological surveillance by the government was a fantasy of the pro per defendant Ryan Bundy. The fact that the government made this characterization *while knowing* that the electronic surveillance technology was used by the government in a manner incredibly similar to that described by Ryan Bundy is evidence of bad faith and the suppression of discoverable evidence by the government.

**JUSTICE LAW CENTER**
Tel (702) 731-0000 Fax (702) 974-4008

5. **Proper Remedy.**

No remedy, other than dismissal with prejudice, can protect the constitutional rights of the defendants to be free from this type of discovery misconduct and outrageous government conduct. Trial has already begun. The defendants have been incarcerated for almost two entire years without receiving trial. Even when trials have been held, the United States has been nearly uniformly unable to convince any juror that any of the defendants engaged in any wrong-doing. Even the two convictions obtained, out of many numerical chances when considering successive trials on dozens of counts, were not convictions for conspiracy. A continuance, causing the defendants to lose an additional year of their life while these matters of misconduct are investigated by the defense, is not a remedy which would protect fairness, due process, or the Constitution. Given the apparent bad faith of the government, and given the discovery of this matter at the start of trial, no remedy will protect the defendants' rights other than dismissal.

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

## IV.   <u>Conclusion.</u>

In any criminal proceeding, the parties, the court, and the public, must be able to believe that the proceedings will be fair, just, and aimed at the determination of truth.

Where faith in a fair proceeding is diminished to the point that no side can believe the representations of the other, and where the suspicion of hidden evidence infects the entirety of the case, the case simply cannot go on.

Unfortunately, this case has reached the point where faith in an open and fair proceeding, aimed a truth, is no longer plausible.   The government's repeated failure to abide by its affirmative duty to disclose evidence has undermined the appearance of justice so fundamentally that no result reached in this case can protect the constitutional rights of the defendants, and the virtue of this court, other than dismissal.

DATED THIS 6th day of November, 2017

<div align="right">

**JUSTICE LAW CENTER**
<u>/s/ Bret O. Whipple, Esq.</u>
Bret O. Whipple, Esq.
Bar No 6168

</div>

## CERTIFICATION OF SERVICE

I hereby certify that on the 6th day of November, 2017 a true and correct copy of the foregoing MOTION TO DISMISS was delivered via E-filing to:

DANIEL BOGDEN
United States Attorney

STEVEN MYHRE
First Assistant United States Attorney

NICHOLAS DICKINSON
Assistant United States Attorney

NADIA AHMED
Assistant United States Attorney

ERIN M. CREEGAN
Assistant
United States Attorney

501 Las Vegas Blvd. South, Suite 1100
Las Vegas, NV 89101


_____/S/  Tatum Wehr____
An Employee of Justice Law Center

JUSTICE LAW CENTER
Tel (702) 731-0000 Fax (702) 974-4008

18

# EXHIBIT A

# EXHIBIT A

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

FREEDOM WATCH,
2020 Pennsylvania Ave. NW, Suite 345
Washington, DC, 20006

                    Plaintiff,

v.

BUREAU OF LAND MANAGEMENT
1849 C Street NW, Room 2134LM
Washington, DC, 20240

                    and

U.S. DEPARTMENT OF JUSTICE
1100 L Street NW, Room 8020
Washington, DC, 20530

                    Defendants.

## COMPLAINT

Plaintiff FREEDOM WATCH, INC. ("Plaintiff") brings this action against Defendants Bureau of Land Management ("BLM") and the Department of Justice ("DOJ") to compel compliance with the Freedom of Information Act, 5 U.S.C.§ 552 ("FOIA"). As grounds therefore, Plaintiff alleges as follows:

### JURISDICTION AND VENUE

1.      The Court has jurisdiction over this action pursuant to 5. U.S.C. § 552(a)(4)(B) and 28 U.S.C 1331.

2.      Venue is proper in this district pursuant to 28. U.S.C.  1391(e)

### PARTIES

1

3.    Plaintiff Freedom Watch, Inc. is a 501(c)(3), non-profit, public interest foundation organized under the laws of the District of Columbia and having its principal place of business at 2020 Pennsylvania Ave., NW Suite 345, Washington, DC, 20006. Plaintiff seeks to promote openness within the federal government and their actions. Plaintiff regularly requests records under FOIA to shed light on the operations of the federal government and to educate the public about these operations. Plaintiff then analyzes the agency records and disseminates the results of its analysis to the public.

4.    Defendants are agencies of the United States Government. Defendants have possession, custody, and control of records to which Plaintiff seeks access.

## STATEMENT OF FACTS

5.    On October 7, 2016, Plaintiff sent FOIA requests to Defendant BLM and Defendant DOJ by certified mail and facsimile, seeking the production of agency records relating to:

(1)    Any and all documents that refer or relate in any way to Cliven Bundy;

(2)    Any and all documents that refer or relate in any way to the case of *United States v. Cliven Bundy*, in the U.S. District Court for the District of Nevada, which may or may not also be identified in particular records by Civil Action No. or Case No. 2:12-cv-0804;

(3)    Any and all documents that refer or relate in any way to any criminal prosecution of Cliven Bundy, including discussions, arguments or proposals about whether Cliven Bundy ought to be prosecuted at any time after January 2010;

(4)    Any and all documents that refer or relate in any way to plans, efforts, strategies, and/or implementation of criminal prosecution of Cliven Bundy at any time after January 2010;

(5)    Any and all documents that refer or relate in any way to the case of *United States v. Cliven Bundy*, in the U.S. District

Court for the District of Nevada, which may or may not also be identified in particular records by Criminal Action No. or Case No. 2:16-CR-00046-1;

(6)     Any and all documents that refer or relate in any way to criminal prosecution of Ammon Bundy and others in the U.S. District Court for the District of Oregon during 2016;

(7)     Any and all documents that refer or relate in any way to an incident known as the "Bundy Standoff," in Clark County, Nevada, from January 2014 through May 2014, but primarily in March and April of 2014;

(8)     Any and all documents that refer or relate in any way to an incident in which Cliven Bundy and supporters faced off against personnel of the Bureau of Land Management at or near Bundy's ranch located near Bunkerville, Nevada in Clark County, Nevada, from January 2014 through May 2014, but primarily in March and April of 2014;

(9)     Any and all documents that refer or relate in any way to an incident in the Malheur National Wildlife Refuge in Oregon in and around December 2015 and/or January 2016, which may be described in documents as protests, occupation, demonstrations, a takeover of government buildings, and/or opposition to the treatment by the Bureau of Land Management or the U.S. Government in general of ranchers;

(10)    Any and all documents that refer or relate in any way to protests in Oregon in 2015 or 2016 concerning Dwight Hammond and/or Steven Hammond. For identification purposes, this request refers to that Dwight Hammond and Steven Hammond who are father and son cattle ranchers, and who are accused of setting fire to public land while they claim that they were conducting a controlled burn of their own land next door;

(11)    Any and all documents, created in or after January 2010 that refer or relate in any way to the Cliven Bundy Ranch in Clark County, Nevada;

(12)    Any and all documents that refer or relate in any way to the group of citizens from throughout the United States who protested against the government in March and/or April 2014 at or near Bunkerville, Nevada in Clark County, Nevada;

3

(13)     Any and all documents that refer or relate in any way to stand-
off(s), clash(es), demonstrations and/or protests opposing
agents from the Bureau of Land Management in March or
April of 2015, at or near Bunkerville, Nevada in Clark County,
Nevada;

(14)     Any and all documents that refer or relate in any way to
Senator Harry Mason Reid in the possession, custody or
control of BLM, excluding newspaper or other news reports;

(15)     Any and all documents that refer or relate in any way to
Senator Harry Mason Reid and all real estate purchase deals
that he is involved with;

(16)     Any and all documents that refer or relate in any way to plans,
proposals, strategies, or requests from, by, or of Senator Harry
Reid for the use of land administered by the Bureau of Land
Management in Clark County, Nevada;

(17)     Any and all communications between Senator Harry Reid and
your agency which refer or relate in any way to Cliven Bundy;

(18)     Any and all documents that refer or relate in any way to Rory
Reid and all real estate sale and or purchase deals that he is
involved with;

(19)     Any and all documents that refer or relate in any way to plans,
proposals, strategies, or requests from, by, or of Rory Reid for
the use of land administered by the Bureau of Land
Management in Clark County, Nevada

(20)     Any and all communications between Rory Reid and your
agency which refer or relate in any way to Cliven Bundy;

(21)     All documents created on or after January 1, 2012, which
report, discuss, describe, explain, refer to, or relate in any way
to any plan or proposal for the BLM or agents for the BLM to
take physical possession or custody of Cliven Bundy's cattle
within Clark County in the State of Nevada; and

(22)     All documents created on or after October 1, 2013, which
report, discuss, describe, explain, refer to, or relate in any way
to any plan or proposal to employ or deploy any U.S.
Government employees carrying guns to remove Cliven
Bundy's cattle within Clark County in the State of Nevada.
("Plaintiff's FOIA Request")

6.     A true and correct copy of Plaintiff's FOIA Request and Proof of Service are attached hereto as **Exhibit A**.

7.     Defendants BLM and DOJ were required to determine whether to comply with Plaintiff's FOIA Request within 20 days, excepting Saturdays, Sundays, and legal public holidays, pursuant to 5 U.S.C.§ 552(a)(6)(A). Pursuant to this same provision, Defendants BLM and DOJ also were required to notify Plaintiff immediately of this determination, the reasons therefore, and the right to appeal any adverse determination to the head of the agency. Excluding weekends, and October 10, 2016 in observance of Columbus Day, Defendants BLM and DOJ were required to make its determination and provide Plaintiff with requisite notifications regarding Plaintiff's First FOIA Request by November 7, 2016

8.     As of the date of this Complaint, the Defendants BLM and DOJ have failed to make bona fide, good faith, much less any, determinations about whether they will comply with either of Plaintiff's requests. Nor have Defendants BLM and DOJ produced any records responsive to either request, indicated when any responsive records will be produced, or demonstrated that specific responsive records are exempt from production. The attached FOIA requests and Plaintiff's response to Defendants' failure to produce records, failure to say when any such records will be produced, and failure to grant expedited treatment and feed waivers demonstrates that any administrative appeal would be futile and thus the complaint is being filed upon notification to the agency. *See Singh v. Ashcroft*, 362 F.3d 1164, 1169 (9th Cir. 2004) (A plaintiff need not "exhaust administrative remedies that would be futile" to exhaust). *See also Sokha Sun v. Ashcroft*, 370 F.3d 932, 943 (9th Cir. 2004) ("where the agency's position on the

question at issue appears already set, and it is very likely what the result of recourse to administrative remedies would be, such recourse would be futile and is not required.").

**CAUSE OF ACTION**
**(Violation of FOIA, 5 U.S.C. § 552)**

9.     Plaintiff realleges paragraphs 1 through 8 as if fully stated herein.

10.     Defendants are unlawfully withholding records requested by Plaintiff's FOIA Request pursuant to 5 U.S.C. § 552 as set forth in Exhibit A, which is incorporated herein by reference.

11.     Plaintiff is being irreparably harmed by reason of Defendants' unlawful withholding of requested records, and Plaintiff will continue to be irreparably harmed unless Defendants are compelled to conform its conduct to the requirements of the law.

12.     Plaintiff respectfully requests a FOIA fee waiver pursuant to 5 U.S.C. § 552, as Plaintiff is a non-profit, public interest organization that seeks to promote openness within the federal government and their actions. Plaintiff regularly requests records under FOIA to shed light on the operations of the federal government and to educate the public about these operations. Plaintiff then analyzes the agency records and disseminates the results of its analysis to the public at large.

WHEREFORE, Plaintiff respectfully request that the Court: (1) order Defendants to conduct a search for any and all responsive records to Plaintiff's FOIA request and demonstrate that it employed search methods reasonably likely to lead to the discovery of records responsive to Plaintiff's FOIA request; (2) order Defendants to produce, by a certain date, any and all non-exempt records responsive to Plaintiff's FOIA request and a *Vaughn* index of any responsive records withheld under claim of exception.; (3) enjoin Defendants from continuing to withhold any and all non-exempt records responsive to Plaintiff's FOIA request; (4) grant Plaintiff a fee

waiver for produced records and an award of attorneys' fees and other litigation costs reasonably incurred in this action pursuant to 5 U.S.C. § 552(a)(4)(E); and (5) grant Plaintiff such other relief as the Court deems just and proper.

Dated: November 22, 2016

<div style="margin-left:40%">

Respectfully submitted,

*/s/ Larry Klayman*

Larry Klayman, Esq.
Freedom Watch, Inc.
D.C. Bar No. 334581
2020 Pennsylvania Ave, NW
Suite 345
Washington, DC, 20006
Tel: (310) 595-0800
Email: leklayman@gmail.com

</div>

# EXHIBIT A

**Card 1:**

SENDER: COMPLETE THIS SECTION

- Complete items 1, 2, and 3.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

Michelle P. Land
FOIA Officer
Bureau of Land Management
1340 Financial Boulevard
Reno, Nevada 89502

9590 9403 0703 5196 5137 99

2. Article Number (Transfer from service label)
7015 1520 0002 1936 3450

PS Form 3811, April 2015 PSN 7530-02-000-9053

COMPLETE THIS SECTION ON DELIVERY

A. Signature
☐ Agent
☐ Addressee

B. Received by (Printed Name)      C. Date of Delivery

D. Is delivery address different from item 1?  ☐ Yes
   If YES, enter delivery address below:         ☐ No

3. Service Type
☐ Adult Signature
☐ Adult Signature Restricted Delivery
☐ Certified Mail®
☐ Certified Mail Restricted Delivery
☐ Collect on Delivery
☐ Collect on Delivery Restricted Delivery
☐ Insured Mail
☐ Insured Mail Restricted Delivery (over $500)
☐ Priority Mail Express®
☐ Registered Mail™
☐ Registered Mail Restricted Delivery
☐ Return Receipt for Merchandise
☐ Signature Confirmation™
☐ Signature Confirmation Restricted Delivery

Domestic Return Receipt

**Card 2:**

SENDER: COMPLETE THIS SECTION

- Complete items 1, 2, and 3.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

FOIA/PA Officer
Angela Cecil
US Department of Justice
400 L Street NW 8080
Washington, DC 20530

9590 9403 0394 5155 7821 30

2. Article Number (Transfer from service label)
7015 1520 0002 1936 3436

PS Form 3811, April 2015 PSN 7530-02-000-9053

COMPLETE THIS SECTION ON DELIVERY

A. Signature
☐ Agent
☐ Addressee

B. Received by (Printed Name)      C. Date of Delivery

D. Is delivery address different from item 1?  ☐ Yes
   If YES, enter delivery address below:         ☐ No

3. Service Type
☐ Adult Signature
☐ Adult Signature Restricted Delivery
☐ Certified Mail®
☐ Certified Mail Restricted Delivery
☐ Collect on Delivery
☐ Collect on Delivery Restricted Delivery
☐ Insured Mail
☐ Insured Mail Restricted Delivery (over $500)
☐ Priority Mail Express®
☐ Registered Mail™
☐ Registered Mail Restricted Delivery
☐ Return Receipt for Merchandise
☐ Signature Confirmation™
☐ Signature Confirmation Restricted Delivery

Domestic Return Receipt

11/14/2016

Case 2:16-cr-00046-GMN-PAL    Document 2828    Filed 11/06/17    Page 29 of 47
Case 1:16-cv-02320-CKK    Document 1    Filed 11/22/16    Page 10 of 15
Gmail - Fwd: Successful transmission to 12022450027. Re: UNKNOWN



Dina James <daj142182@gmail.com>

---

## Fwd: Successful transmission to 12022450027. Re: UNKNOWN
1 message

**Jonathon Moseley** <contact@jonmoseley.com>                    Mon, Nov 14, 2016 at 1:35 PM
To: daj142182@gmail.com

*Ryan Witt*
*FOIA Coordinator*

Jon Moseley
Cell phone: (703) 656-1230
Fax (703) 783-0449

This message may contain confidential, proprietary or legally privileged information and is intended only for the use of the
addressee named above. No confidentiality or privilege is waived or lost by any mis-transmission. If you are not the
intended recipient of this message you are hereby notified that you must not use, disseminate, or copy it in any form or
take any action in reliance on it. If you have received this message in error please delete it and any copies of it and notify
Jonathon Moseley by reply. The reliability of this method of communication cannot be guaranteed. It can be intercepted,
corrupted, delayed, may arrive incomplete, contain viruses or be affected by other interference. We have taken
reasonable steps to reduce risks against viruses but cannot accept liability for any damage sustained as a result of this
transmission.

-----Original Message-----
**From:** send@mail.efax.com [mailto:send@mail.efax.com]
**Sent:** Tuesday, October 11, 2016 04:08 PM
**To:** contact@jonmoseley.com
**Subject:** Successful transmission to 12022450027. Re: UNKNOWN

The 4 page fax you sent through eFax to No 12022450027 was successfully transmitted at 2016-10-11 21:08:20 (GMT)

**eFax** *Faxing Simplified*

Dear Jonathon,                                                      Re: UNKNOWN

The fax you sent through eFax to 12022450027 was successfully transmitted.

### Fax Details

| | |
|---|---|
| **Date:** | 2016-10-11 21:08:20 (GMT) |
| **Number of Pages:** | 4 |
| **Length of Transmission:** | 339 seconds |

If you have any questions about your service please call (800) 958-2983 or visit our Online Help
Center.

Thank you for choosing eFax.

Sincerely,

11/14/2016

The eFax Team

P.S. Too busy to answer all your business calls? eVoice answers, manages and routes your phone calls 24/7. Try a Free 30-Day Trial Today!



© 2016 j2 Cloud Services, Inc and affiliates. All rights reserved.
eFax is a registered trademark of j2 Cloud Services, Inc. and affiliates.
6922 Hollywood Blvd., Los Angeles, CA 90028

This account is subject to the terms listed in the eFax Customer Agreement.

 Gmail

Dina James <daj142182@gmail.com>

---

## Fwd: Successful transmission to 12025147866. Re: UNKNOWN
1 message

**Jonathon Moseley** <contact@jonmoseley.com>
To: daj142182@gmail.com

Mon, Nov 14, 2016 at 1:35 PM



Jon Moseley
Cell phone: (703) 656-1230
Fax (703) 783-0449

This message may contain confidential, proprietary or legally privileged information and is intended only for the use of the addressee named above. No confidentiality or privilege is waived or lost by any mis-transmission. If you are not the intended recipient of this message you are hereby notified that you must not use, disseminate, or copy it in any form or take any action in reliance on it. If you have received this message in error please delete it and any copies of it and notify Jonathon Moseley by reply. The reliability of this method of communication cannot be guaranteed. It can be intercepted, corrupted, delayed, may arrive incomplete, contain viruses or be affected by other interference. We have taken reasonable steps to reduce risks against viruses but cannot accept liability for any damage sustained as a result of this transmission.

-----Original Message-----
**From:** send@mail.efax.com [mailto:send@mail.efax.com]
**Sent:** Tuesday, October 11, 2016 04:07 PM
**To:** contact@jonmoseley.com
**Subject:** Successful transmission to 12025147866. Re: UNKNOWN

The 4 page fax you sent through eFax to/to 12025147866 was successfully transmitted at 2016-10-11 21:07 29 (GMT)

**eFax** *Faxing Simplified*

Dear Jonathon,

Re: UNKNOWN

The fax you sent through eFax to 12025147866 was successfully transmitted.

**Fax Details**

| | |
|---|---|
| **Date:** | 2016-10-11 21:07:28 (GMT) |
| **Number of Pages:** | 4 |
| **Length of Transmission:** | 279 seconds |
| **Receiving Machine Fax ID:** | 202 514 7866 |

If you have any questions about your service please call (800) 958-2983 or visit our Online Help Center.

Thank you for choosing eFax.

11/14/2016

Sincerely,
The eFax Team

**P.S.** Too busy to answer all your business calls? eVoice answers, manages and routes your phone calls 24/7. Try a Free 30-Day Trial Today!



© 2016 j2 Cloud Services, Inc and affiliates. All rights reserved.
eFax is a registered trademark of j2 Cloud Services, Inc. and affiliates.
6922 Hollywood Blvd., Los Angeles, CA 90028

This account is subject to the terms listed in the eFax Customer Agreement.

11/14/2016                                                    Gmail - Fwd: Successful transmission to 17758616688. Re: UNKNOWN

 Gmail                                                    Dina James <daj142182@gmail.com>

---

**Fwd: Successful transmission to 17758616688. Re: UNKNOWN**
1 message

**Jonathon Moseley** <contact@jonmoseley.com>                          Mon, Nov 14, 2016 at 1:33 PM
To: daj142182@gmail.com

*Michelle Piland*
*Nevada State Office*

Jon Moseley
Cell phone: (703) 656-1230
Fax (703) 783-0449

This message may contain confidential, proprietary or legally privileged information and is intended only for the use of the
addressee named above. No confidentiality or privilege is waived or lost by any mis-transmission. If you are not the
intended recipient of this message you are hereby notified that you must not use, disseminate, or copy it in any form or
take any action in reliance on it. If you have received this message in error please delete it and any copies of it and notify
Jonathon Moseley by reply. The reliability of this method of communication cannot be guaranteed. It can be intercepted,
corrupted, delayed, may arrive incomplete, contain viruses or be affected by other interference. We have taken
reasonable steps to reduce risks against viruses but cannot accept liability for any damage sustained as a result of this
transmission.

-----Original Message-----
**From:** send@mail.efax.com [mailto:send@mail.efax.com]
**Sent:** Tuesday, October 11, 2016 04:08 PM
**To:** contact@jonmoseley.com
**Subject:** Successful transmission to 17758616688. Re: UNKNOWN

The 4 page fax you sent through eFax now to **17758616688** was successfully transmitted at 2016-10-11 21:08:18 (GMT)

**eFax** ® *Faxing Simplified*

---

Dear Jonathon,                                                    Re: UNKNOWN

The fax you sent through eFax to 17758616688 was successfully transmitted.

**Fax Details**

|   |   |
|---|---|
| **Date:** | 2016-10-11 21:08:18 (GMT) |
| **Number of Pages:** | 4 |
| **Length of Transmission:** | 336 seconds |
| **Receiving Machine Fax ID:** | 17758616688 |

If you have any questions about your service please call (800) 958-2983 or visit our Online Help
Center.

Thank you for choosing eFax.

11/14/2016
Case 2:16-cr-00046-GMN-PAL   Document 2828   Filed 11/06/17   Page 34 of 47
Case 1:16-cv-02320-CKK   Document 1   Filed 11/22/16   Page 15 of 15



Sincerely,
The eFax Team

P.S. Too busy to answer all your business calls? eVoice answers, manages and routes your phone calls 24/7. Try a Free 30-Day Trial Today!

© 2016 j2 Cloud Services, Inc and affiliates. All rights reserved.
eFax is a registered trademark of j2 Cloud Services, Inc. and affiliates.
6922 Hollywood Blvd., Los Angeles, CA 90028

This account is subject to the terms listed in the eFax Customer Agreement.

## CIVIL COVER SHEET

JS-44 (Rev. 7/16 DC)

| I. (a) PLAINTIFFS | DEFENDANTS |
|---|---|
| Freedom Watch, Inc. | Bureau of Land Management, U.S. Department of Justice |

| (b) COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF _____<br>(EXCEPT IN U.S. PLAINTIFF CASES) | COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT _____<br>(IN U.S. PLAINTIFF CASES ONLY)<br>NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED |
|---|---|

| (c) ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)<br>Larry Klayman, Esq.<br>2020 Pennsylvania Ave, NW, #345<br>Washington, DC, 20006<br>310-595-0800 | ATTORNEYS (IF KNOWN) |
|---|---|

### II. BASIS OF JURISDICTION
(PLACE AN x IN ONE BOX ONLY)

- ⦿ 1 U.S. Government Plaintiff
- ⦿ 2 U.S. Government Defendant
- ⦿ 3 Federal Question (U.S. Government Not a Party)
- ⦿ 4 Diversity (Indicate Citizenship of Parties in item III)

### III. CITIZENSHIP OF PRINCIPAL PARTIES (PLACE AN x IN ONE BOX FOR PLAINTIFF AND ONE BOX FOR DEFENDANT) FOR DIVERSITY CASES ONLY!

| | PTF | DFT | | PTF | DFT |
|---|---|---|---|---|---|
| Citizen of this State | ◯ 1 | ◯ 1 | Incorporated or Principal Place of Business in This State | ◯ 4 | ◯ 4 |
| Citizen of Another State | ◯ 2 | ◯ 2 | Incorporated and Principal Place of Business in Another State | ◯ 5 | ◯ 5 |
| Citizen or Subject of a Foreign Country | ◯ 3 | ◯ 3 | Foreign Nation | ◯ 6 | ◯ 6 |

### IV. CASE ASSIGNMENT AND NATURE OF SUIT
(Place an X in one category, A-N, that best represents your Cause of Action and one in a corresponding Nature of Suit)

**◯ A. Antitrust**
- ☐ 410 Antitrust

**◯ B. Personal Injury/Malpractice**
- ☐ 310 Airplane
- ☐ 315 Airplane Product Liability
- ☐ 320 Assault, Libel & Slander
- ☐ 330 Federal Employers Liability
- ☐ 340 Marine
- ☐ 345 Marine Product Liability
- ☐ 350 Motor Vehicle
- ☐ 355 Motor Vehicle Product Liability
- ☐ 360 Other Personal Injury
- ☐ 362 Medical Malpractice
- ☐ 365 Product Liability
- ☐ 367 Health Care/Pharmaceutical Personal Injury Product Liability
- ☐ 368 Asbestos Product Liability

**◯ C. Administrative Agency Review**
- ☐ 151 Medicare Act

**Social Security**
- ☐ 861 HIA (1395ff)
- ☐ 862 Black Lung (923)
- ☐ 863 DIWC/DIWW (405(g))
- ☐ 864 SSID Title XVI
- ☐ 865 RSI (405(g))

**Other Statutes**
- ☐ 891 Agricultural Acts
- ☐ 893 Environmental Matters
- ☐ 890 Other Statutory Actions (If Administrative Agency is Involved)

**◯ D. Temporary Restraining Order/Preliminary Injunction**

Any nature of suit from any category may be selected for this category of case assignment.

*(If Antitrust, then A governs)*

---

**◯ E. General Civil (Other)**   OR   **◯ F. Pro Se General Civil**

**Real Property**
- ☐ 210 Land Condemnation
- ☐ 220 Foreclosure
- ☐ 230 Rent, Lease & Ejectment
- ☐ 240 Torts to Land
- ☐ 245 Tort Product Liability
- ☐ 290 All Other Real Property

**Personal Property**
- ☐ 370 Other Fraud
- ☐ 371 Truth in Lending
- ☐ 380 Other Personal Property Damage
- ☐ 385 Property Damage Product Liability

**Bankruptcy**
- ☐ 422 Appeal 27 USC 158
- ☐ 423 Withdrawal 28 USC 157

**Prisoner Petitions**
- ☐ 535 Death Penalty
- ☐ 540 Mandamus & Other
- ☐ 550 Civil Rights
- ☐ 555 Prison Conditions
- ☐ 560 Civil Detainee – Conditions of Confinement

**Property Rights**
- ☐ 820 Copyrights
- ☐ 830 Patent
- ☐ 840 Trademark

**Federal Tax Suits**
- ☐ 870 Taxes (US plaintiff or defendant)
- ☐ 871 IRS-Third Party 26 USC 7609

**Forfeiture/Penalty**
- ☐ 625 Drug Related Seizure of Property 21 USC 881
- ☐ 690 Other

**Other Statutes**
- ☐ 375 False Claims Act
- ☐ 376 Qui Tam (31 USC 3729(a))
- ☐ 400 State Reapportionment
- ☐ 430 Banks & Banking
- ☐ 450 Commerce/ICC Rates/etc.
- ☐ 460 Deportation
- ☐ 462 Naturalization Application
- ☐ 465 Other Immigration Actions

- ☐ 470 Racketeer Influenced & Corrupt Organization
- ☐ 480 Consumer Credit
- ☐ 490 Cable/Satellite TV
- ☐ 850 Securities/Commodities/Exchange
- ☐ 896 Arbitration
- ☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision
- ☐ 950 Constitutionality of State Statutes
- ☐ 890 Other Statutory Actions (if not administrative agency review or Privacy Act)

| ○ **G.** *Habeas Corpus/ 2255* | ○ **H.** *Employment Discrimination* | ⊙ **I.** *FOIA/Privacy Act* | ○ **J.** *Student Loan* |
|---|---|---|---|
| ☐ 530 Habeas Corpus – General<br>☐ 510 Motion/Vacate Sentence<br>☐ 463 Habeas Corpus – Alien Detainee | ☐ 442 Civil Rights – Employment (criteria: race, gender/sex, national origin, discrimination, disability, age, religion, retaliation)<br><br>*(If pro se, select this deck)* | ☒ 895 Freedom of Information Act<br>☐ 890 Other Statutory Actions (if Privacy Act)<br><br><br><br>*(If pro se, select this deck)* | ☐ 152 Recovery of Defaulted Student Loan (excluding veterans) |

| ○ **K.** *Labor/ERISA (non-employment)* | ○ **L.** *Other Civil Rights (non-employment)* | ○ **M.** *Contract* | ○ **N.** *Three-Judge Court* |
|---|---|---|---|
| ☐ 710 Fair Labor Standards Act<br>☐ 720 Labor/Mgmt. Relations<br>☐ 740 Labor Railway Act<br>☐ 751 Family and Medical Leave Act<br>☐ 790 Other Labor Litigation<br>☐ 791 Empl. Ret. Inc. Security Act | ☐ 441 Voting (if not Voting Rights Act)<br>☐ 443 Housing/Accommodations<br>☐ 440 Other Civil Rights<br>☐ 445 Americans w/Disabilities – Employment<br>☐ 446 Americans w/Disabilities – Other<br>☐ 448 Education | ☐ 110 Insurance<br>☐ 120 Marine<br>☐ 130 Miller Act<br>☐ 140 Negotiable Instrument<br>☐ 150 Recovery of Overpayment & Enforcement of Judgment<br>☐ 153 Recovery of Overpayment of Veteran's Benefits<br>☐ 160 Stockholder's Suits<br>☐ 190 Other Contracts<br>☐ 195 Contract Product Liability<br>☐ 196 Franchise | ☐ 441 Civil Rights – Voting (if Voting Rights Act) |

**V. ORIGIN**

⊙ 1 Original Proceeding ○ 2 Removed from State Court ○ 3 Remanded from Appellate Court ○ 4 Reinstated or Reopened ○ 5 Transferred from another district (specify) ○ 6 Multi-district Litigation ○ 7 Appeal to District Judge from Mag. Judge ○ 8 Multi-district Litigation – Direct File

**VI. CAUSE OF ACTION** (CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE A BRIEF STATEMENT OF CAUSE.)
5 U.S.C.§ 552 (FOIA)

| **VII. REQUESTED IN COMPLAINT** | CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23 | **DEMAND $**<br>**JURY DEMAND:** | Check YES only if demanded in complaint<br>YES ☐   NO ☐ |
|---|---|---|---|
| **VIII. RELATED CASE(S) IF ANY** | (See instruction) | YES ☐   NO ☒ | If yes, please complete related case form |

DATE: _____11/22/2016_____   SIGNATURE OF ATTORNEY OF RECORD   /s/ Larry Klayman

INSTRUCTIONS FOR COMPLETING CIVIL COVER SHEET JS-44
Authority for Civil Cover Sheet

The JS–44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and services of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently, a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. Listed below are tips for completing the civil cover sheet. These tips coincide with the Roman Numerals on the cover sheet.

I.   COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF/DEFENDANT (b) County of residence: Use 11001 to indicate plaintiff if resident of Washington, DC, 88888 if plaintiff is resident of United States but not Washington, DC, and 99999 if plaintiff is outside the United States.

III.   CITIZENSHIP OF PRINCIPAL PARTIES: This section is completed <u>only</u> if diversity of citizenship was selected as the Basis of Jurisdiction under Section II.

IV.   CASE ASSIGNMENT AND NATURE OF SUIT: The assignment of a judge to your case will depend on the category you select that best represents the <u>primary</u> cause of action found in your complaint. You may select only <u>one</u> category. You <u>must</u> also select <u>one</u> corresponding nature of suit found under the category of the case.

VI.   CAUSE OF ACTION: Cite the U.S. Civil Statute under which you are filing and write a brief statement of the primary cause.

VIII.   RELATED CASE(S), IF ANY: If you indicated that there is a related case, you must complete a related case form, which may be obtained from the Clerk's Office.

Because of the need for accurate and complete information, you should ensure the accuracy of the information provided prior to signing the form.

FOIA Summons
1/13

# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| Freedom Watch, Inc. | ) | |
| *Plaintiff* | ) | |
| | ) | |
| v. | ) | Civil Action No. 1:16-cv-2320 |
| Bureau of Land Management | ) | |
| *Defendant* | ) | |

## SUMMONS IN A CIVIL ACTION

To:    *(Defendant's name and address)* Bureau of Land Management
1849 C Street NW, Room 2134LM
Washington, DC, 20240


A lawsuit has been filed against you.

Within 30 days after service of this summons on you (not counting the day you received it) you must serve on the plaintiff an answer to the attached complaint or a motion under Rule 12 of the Federal Rules of Civil Procedure.  The answer or motion must be served on the plaintiff or plaintiff's attorney, whose name and address are:    Larry Klayman, Esq.
2020 Pennsylvania Ave, NW, #345
Washington, DC, 20006




If you fail to respond, judgment by default may be entered against you for the relief demanded in the complaint.  You also must file your answer or motion with the court.


*ANGELA D. CAESAR, CLERK OF COURT*


Date: _____          _____

*Signature of Clerk or Deputy Clerk*

FOIA Summons (12/11) (Page 2)

Civil Action No. 1:16-cv-2320

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 4 (l))*

This summons for *(name of individual and title, if any)* _____

was received by me on *(date)* _____ .

❏ I personally served the summons on the individual at *(place)* _____

_____ on *(date)* _____ ; or

❏ I left the summons at the individual's residence or usual place of abode with *(name)* _____

_____ , a person of suitable age and discretion who resides there,

on *(date)* _____ , and mailed a copy to the individual's last known address; or

❏ I served the summons on *(name of individual)* _____ , who is

designated by law to accept service of process on behalf of *(name of organization)* _____

_____ on *(date)* _____ ; or

❏ I returned the summons unexecuted because _____ ; or

❏ Other *(specify):*

_____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $      0      .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc:

FOIA Summons
1/13

# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| Freedom Watch, Inc. | ) |
| *Plaintiff* | ) |
| | ) |
| v. | ) |
| Bureau of Land Management | ) |
| *Defendant* | ) |

Civil Action No. 1:16-cv-2320

## SUMMONS IN A CIVIL ACTION

To:     *(Defendant's name and address)* Bureau of Land Management
1849 C Street NW, Room 2134LM
Washington, DC, 20240

A lawsuit has been filed against you.

Within 30 days after service of this summons on you (not counting the day you received it) you must serve on the plaintiff an answer to the attached complaint or a motion under Rule 12 of the Federal Rules of Civil Procedure.  The answer or motion must be served on the plaintiff or plaintiff's attorney, whose name and address are:     Larry Klayman, Esq.
2020 Pennsylvania Ave, NW, #345
Washington, DC, 20006

If you fail to respond, judgment by default may be entered against you for the relief demanded in the complaint.  You also must file your answer or motion with the court.

*ANGELA D. CAESAR, CLERK OF COURT*

Date: _____     _____

*Signature of Clerk or Deputy Clerk*

FOIA Summons (12/11) (Page 2)

Civil Action No. 1:16-cv-2320

## PROOF OF SERVICE

### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 4 (l))*

This summons for *(name of individual and title, if any)* _____

was received by me on *(date)* _____ .

❒ I personally served the summons on the individual at *(place)* _____

_____ on *(date)* _____ ; or

❒ I left the summons at the individual's residence or usual place of abode with *(name)* _____

_____ , a person of suitable age and discretion who resides there,

on *(date)* _____ , and mailed a copy to the individual's last known address; or

❒ I served the summons on *(name of individual)* _____ , who is

designated by law to accept service of process on behalf of *(name of organization)* _____

_____ on *(date)* _____ ; or

❒ I returned the summons unexecuted because _____ ; or

❒ Other *(specify):*

My fees are $ _____ for travel and $ _____ for services, for a total of $      0      .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc:

# EXHIBIT B

# EXHIBIT B

**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

———————————————————— )
                                                    )
FREEDOM WATCH,                      )
                                                    )
              Plaintiff,                     )
                                                    )
       v.                                       )        Civil Action No. 16-2320 (CKK)
                                                    )
BUREAU OF LAND MANAGEMENT   )
and U.S. DEPARTMENT OF JUSTICE, )
                                                    )
              Defendants.                  )
———————————————————— )

**<u>FBI'S STATUS REPORT AND PROPOSED SCHEDULE</u>**

Pursuant to the Court's April 12, 2017 Order, the Federal Bureau of Investigation ("FBI"), by and through its undersigned counsel, respectfully submits this status report and proposed schedule for its processing of the at least 250,000 pages of documents responsive to Plaintiff's FOIA request seeking 22 broad categories of records concerning, *inter alia*, Cliven Bundy; the criminal prosecutions of Cliven Bundy, Ammon Bundy, and "others"; Senator Harry Reid; and Rory Reid, Senator Reid's son, from a time period dating at least as far back as 2010.

FBI began by processing public source documents in files likely to contain such information and, to date, has made two releases totaling approximately 1,000 pages. Specifically, FBI released approximately 512 pages on March 31, 2017, and approximately 500 pages on May 1, 2017. FBI anticipates making a third release of approximately 500 pages on May 31, 2017. FBI is nearing completion of the processing of these readily identifiable public source materials and estimates that it will complete its processing of these documents on or before June 30, 2017.

Although the hundreds of thousands of pages potentially responsive to the request that still need to be processed may include additional non-exempt public source documents, FBI believes

it would be inefficient to attempt to segregate those materials from the remainder of the documents because such materials are comingled with other records, and attempting such a segregation would unnecessarily extend what is already going to be a very lengthy process. Therefore, FBI proposes that it process all of the remaining documents at the rate of 500 pages per month and release to Plaintiff responsive, non-exempt records and segregable portions of records that FBI identifies in that process. [1] With each of the periodic releases FBI also proposes to notify Plaintiff of the number of processed pages it has withheld in whole or in part and the basis for any withholdings. This Court has previously approved similar processing schedules on numerous occasions. *See, e.g., Cruz v. Exec. Office for U.S. Attorneys*, 15-cv-1977 (RMC) (D.D.C.); *Farahi v. Federal Bureau of Investigation*, 15-cv-2122 (RBW) (D.D.C.); *Leopold v. Dep't of Justice*, 14-cv-327 (APM) (D.D.C.). [2]

Considering the significant volume of documents to be processed, FBI informs undersigned counsel that it will take at least 500 months to complete its entire production of responsive documents under FBI's standard document-by-document, page-by-page processing

---

[1] As FBI has previously noted, it estimates that the responsive documents contain a substantial amount of documents compiled for law enforcement purposes that are exempt from production pursuant to Exemption 7(A). FBI further notes that due to the ongoing criminal prosecutions of Cliven Bundy and 17 co-defendants in the United States District Court for the District of Nevada (*see United States v. Bundy, et. al.*, 16-cr-00046 (D. Nev.)), it is possible that certain files may be temporarily inaccessible or FBI may otherwise be unable to process documents pursuant to this proposed schedule. In the event that occurs, FBI will make an appropriate motion for a stay.

[2] FBI is aware that this Court has granted in some instances, and denied in others, FBI's request that it be permitted to seek summary judgment based on the applicability of Exemption 7(A) without waiving any allegation or claim that the records are exempt from release for other reasons as well. *See, e.g., Leopold, et. al v. Dep't of Justice, et. al*, 16-cv-1827 (KBJ) (D.D.C.) (April 7, 2017 Minute Order granting FBI's request); *Farahi v. Federal Bureau of Investigation*, 15-cv-2122 (RBW) (D.D.C.) (Jan. 23, 2017 Order denying FBI's request). If the Court were to permit FBI to proceed in that manner here, FBI has advised undersigned counsel that it estimates that the time needed to process the material on a document-by-document basis would be cut approximately in half.

technique proposed above.  In light of this lengthy period, FBI stands ready, willing, and able to consider and apply any reasonable limitations on the scope of Plaintiff's significantly broad request.  Additionally, due to the large volume of documents and the length of time required to process them under its standard approach, FBI is currently exploring alternative methods of streamlining this extensive process in a manner that permits it to more quickly complete its processing while still meeting its obligations under the FOIA.  Although FBI has not yet identified such a method, FBI respectfully requests that it be permitted to further update the Court concerning those efforts on or before June 30, 2017.

Dated:  May 31, 2017

        Respectfully submitted,

        CHANNING D. PHILLIPS, D.C. Bar No. 415793
        United States Attorney

        DANIEL F. VAN HORN, D.C. Bar No. 924092
        Chief, Civil Division

        */s/ Melanie D. Hendry*
        Melanie D. Hendry
        Assistant United States Attorney
        555 Fourth Street, N.W.
        Washington, D.C. 20530
        (202) 252-2510
        melanie.hendry2@usdoj.gov

        *Counsel for Defendants*

OF COUNSEL:

Jonathan Fleshner, Esq.
Assistant General Counsel
Federal Bureau of Investigation
935 Pennsylvania Avenue NW
Washington, D.C. 20535
(202) 324-4964
jonathan.fleshner@ic.fbi.gov

# EXHIBIT C

# EXHIBIT C



**JUSTICE LAW CENTER**

1100 S. 10th Street, Las Vegas, Nevada 89104
T: (702) 731-0000   F: (702) 974-4008
bretwhipple@gmail.com

November 3, 2017

To:     Steven W. Myhre
        U.S. Attorney's Office
        501 Las Vegas Blvd South Suite 1100
        Las Vegas, NV 89101
        702-388-6296 (Fax)
        Steven.Myhre@usdoj.gov

Re:     <u>Discovery Request Relating to Video Surveillance</u>

On November 3, 2017, during the court's evidentiary hearing on the destruction of evidence, the defense learned for the first time that law enforcement had conducted extensive video surveillance of the Bundy home, and other relevant locations, during the events of April, 2014. Specifically, witness Mary Hinson conveyed personal knowledge of such video "live streams" being recorded and utilized by the government during the events of April, 2014.

Defendant Ryan Bundy had previously specifically requested this type of material (ECF No. 2526). The government did not disclose discovery in response. The government implied Bundy's description of the material sought was "fantastic[al]."

Your office has also had an affirmative duty to disclose and provide evidence favorable to the defense. Video surveillance of the crime scene in this case (the Bundy property, where the conspiracy was allegedly housed and coordinated) is clearly evidence "favorable" to the defense as it would allow the defense to, among other things, rebut evidence of a conspiracy, show the jury where individuals were on specific dates as it relates to their alleged involvement in the conspiracy, and reveal which individuals were present and/or had access to Bundy's property when the alleged conspiracy allegedly occurred (including access to electronic devices allegedly used by Bundy and/or his family in the course of the conspiracy).

Additionally, as your office is aware, the primary law enforcement officer involved in the events underlying this case (Dan Love) has engaged in numerous instances of misconduct, many involving other government actors or witnesses involved in the Bundy case. Mr. Love's apparent access to outrageous and invasive government surveillance of private property, and what he did with that information, is also relevant to matters of government misconduct.

Accordingly, it is our position that your office has had a duty to affirmatively provide the following discovery. To the extent you have not already done so, this letter represents a particularized demand to turn over such discovery immediately:

1.  The name and address of any law enforcement officer, or any other person, who was involved in creating, monitoring, saving, or reviewing video surveillance of Cliven Bundy's property, his ranch, access roads to and from his property, or any other surveillance video from May through June, 2014, which portrays any defendant in this case or any unindicted co-conspirator.

2.  Copies of any video surveillance of Cliven Bundy's property, his ranch, access roads to and from his property, or any other surveillance video from May through June, 2014, which portrays any defendant in this case or any unindicted co-conspirator.

3.  Law enforcement reports or memorandums relating to the video surveillance of Cliven Bundy's property, his ranch, access roads to and from his property, or any other surveillance video from May through June, 2014, which portrays any defendant in this case or any unindicted co-conspirator.

4.  Any other previously undisclosed video surveillance as it pertains to the conspiracy charged against Cliven Bundy, any co-defendant, or any unindicted co-conspirator.

SINCERELY,

BRET O. WHIPPLE, ESQ.