Steven W. Myhre
Acting United States Attorney
Nadia J. Ahmed
Daniel R. Schiess
Nevada State Bar No. 5483
Assistant United States Attorneys
501 Las Vegas Boulevard, 11th Floor
Las Vegas, Nevada 89101
(702)388-6336
dan.schiess@usdoj.gov

Attorneys for Plaintiff
United States of America

# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

| | |
|---|---|
| **United States of America,** | 2:16-CR-0046-GMN-PAL |
| Plaintiff, | |
| v. | **Renewed Motion to Exclude Irrelevant Evidence** |
| **Cliven D. Bundy,** **Ryan C. Bundy,** **Ammon E. Bundy, and** **Ryan W. Payne,** | |
| Defendants. | |

The United States renews its motion for the Court to preclude the defendants from introducing evidence of water rights, fencing laws, open range laws, and any other topic that would constitute a collateral attack on the merits of the 1998 and 2013 Court Orders and that could lead to jury nullification.

A party is not entitled to collaterally attack the merits of a final order for relief. The doctrine of res judicata precludes a party from relitigating issues involving the merits of a claim that were or could have been raised in the original action. *Federated Department Stores, Inc. v. Moitie*, 452 U.S. 394, 397 (1982).

There the Court stated: "A final judgment on the merits of an action precludes the parties or their privies from relitigating issues that were or could have been raised in the action." *Id.*

Here the defendants seek to relitigate the merits of the 1998 and 2013 Orders by introducing evidence of water rights, fencing laws, open range laws, and similar subjects. They have sought to introduce some of these subjects in opening statements and during their cross-examinations of Mary Jo Rugwell, and are likely to do so elsewhere in the trial. Specifically, from Cliven Bundy's opening statement and his cross-examination of Ms. Rugwell, it is apparent he is seeking to prove and argue to the jury that his water rights on the Bunkerville allotment gave him grazing rights.[1] This argument is nothing short of a collateral attack on the Orders and an attempt at jury nullification.

This Court has excluded evidence likely to cause jury nullification. The Court has excluded "argument, evidence, or testimony explaining, demonstrating, or supporting Defendants' beliefs regarding the Constitution and federal law as irrelevant and as a possibility of jury nullification attempt." Dkt. 2770, pg. 11. However, the Court stated that evidence would not be excluded by the doctrine of jury nullification if the defendants' beliefs are interlaced with independently admissible evidence, such evidence will not be excluded simply because it references their opinions." *Id.* That is not the case here.

Defendants have argued that evidence of water rights is interlaced with the defense to the April 9 convoy incident. They have argued that Cliven Bundy's possession of water rights is relevant to proving they did not obstruct Court Orders on April 9, 2014, because the Orders authorized BLM to remove cattle from the

---

[1] Cliven Bundy also seems to be arguing that he was protesting the taking of his water rights during the April 2014 events, not the Court Orders. The argument is disingenuous. Whatever his reasons for doing what he did, he was allegedly obstructing the Court Orders. He told the armed crowd on April 12, 2014, to get his cows. The issue here is what he did, not what his legal theories were. Stated differently, this case is not about Bundy's beliefs, but his means of expressing them.

2

range, not remove range improvements.  But defendants do not need to prove Cliven Bundy's arguable water rights to raise this defense.  Range improvements are not cows.  Defendants allege Ammon Bundy interfered with the convoy because he believed a dump truck in the convoy may have been hauling range improvements, and intend to rely on this fact to argue they did not violate the Orders that authorized removal of cows not pipes.  No jury needs to know about water rights to decide that pipes are not cows.  Stated in terms of the definition of relevance under Rule 401, evidence of water rights does not have "any tendency to make a fact [that pipes are not cows] more or less probable than it would be without the evidence."

The Court should also exclude water rights and any other collateral attack on the merits of the Orders on 403 grounds.  The probative value of water rights and similar subjects is substantially outweighed by the danger of unfair prejudice, confusing the issues, misleading the jury, undue delay, and a waste of time.  *See* F.R.E. 403.  Evidence and arguments of water rights could easily cause the jury to be influenced by the notion that Cliven possessed an ownership interest in the land because he may have possessed water rights on the land, and that he was wronged when ordered to remove his cattle.  Indeed, one juror presented that question to Ms. Rugwell, asking whether water rights gives ownership rights.  As seen from this question, evidence and argument of water rights invites the jury to evaluate the validity of the Court Orders, and thus potentially engage in jury nullification.

Evidence of water rights will also be misleading and confusing because clear case law contradicts Bundy's claim that water rights bestows grazing rights on public land.  As early as 1967, the Ninth Circuit expressly rejected a rancher's argument that water rights entitled him to an appurtenant right to graze or any additional or to any 'additional or other easements. *Hunter v. United States*, 388 F.2d 148 (9th Cir. 1967).  An owner of water rights on public lands possesses a right of way only for diversionary purposes such as by means of construction of ditches

3

and canals.  *Hunter* at 154.  Specifically, the *Hunter* court held that the rancher "is not entitle dot an easement to graze livestock on the lands within the boundaries of the [federal lands]" but that "he should be allowed a right of way over those lands to divert the water by one of the methods contemplated by the [Mining Act of 1866]."  *Id.*  The Tenth Circuit and Federal Circuits have agreed.  *See Diamond Bar Cattle Co. v. United States*, 168 F.3d 1209, 1214-15 (10th Cir. 1999); *Estate of Hage v. United States*, 687 F.3d 1281, 1290 (Fed.Cir. 2012); *See also Colvn Cattle Co. v. United States*, 67 Fed.Cl. 568 (2005).

If Bundy is permitted to introduce evidence of water rights, the government would need to introduce case law regarding res judicata and water rights.  This will slow down the trial even further.

To this end, Cliven Bundy has submitted a notice of expert on water rights.  Dkt. 2826.  His testimony should not be permitted, nor should the Court allow any other evidence of water rights, fencing laws, open range laws, and so on.

Steven W. Myhre
Acting United States Attorney

*/S/ Daniel R. Schiess*

Nadia J. Ahmed
Daniel R. Schiess
Assistant United States Attorneys

**Certificate of Service**

I certify that a copy of the foregoing response was served on counsel of record by filing in ECF.

/S/ Daniel R. Schiess

---
Daniel R. Schiess
Assistant United States Attorney

5