STEVEN W. MYHRE
Acting United States Attorney
District of Nevada
Nevada Bar No. 9635
NADIA J. AHMED
DANIEL R. SCHIESS
Assistant United States Attorneys
ERIN M. CREEGAN
Special Assistant United States Attorney
501 Las Vegas Blvd. South, Suite 1100
Las Vegas, Nevada 89101
(702) 388-6336
steven.myhre@usdoj.gov
nadia.ahmed@usdoj.gov
dan.schiess@usdoj.gob
erin.creegan@usdoj.gov

*Representing the United States of America*

# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>CLIVEN D. BUNDY, et al.,<br><br>Defendants. | 2:16-CR-00046-GMN-PAL<br><br>**GOVERNMENT'S BENCH MEMORANDUM RE: ENTRAPMENT** |

The United States, by and through the undersigned, respectfully submits the following bench memo in connection with evidence to be introduced in the government's case in chief in the trial of defendants Cliven D. Bundy, Ammon E. Bundy, Ryan C. Bundy, and Ryan W. Payne.

## LEGAL STANDARD

A claim of provocation does not make out a claim of entrapment – no more than it affords a defense to assault, extortion, or the numerous other crimes of violence with which these defendants are charged. And, the risible claim that BLM officers conspired with each other and with members of the United States Attorney's Office to provoke Bundy into violence is not entrapment either. Defendants' attempt to adduce inadmissible information before this jury – like pointing fingers at the prosecutors and emphasizing that one of them also made an appearance in the civil case, as if that was improper -- is not only inadmissible, it smacks of jury nullification.

"The affirmative defense of entrapment contains two elements: (1) government inducement to commit the crime; and (2) the absence of predisposition to commit the crime." *United States v. Collins*, 551 F.3d 914, 923 (9th Cir. 2009) (quoting *United States v. Ross*, 372 F.3d 1097, 1108 (9th Cir. 2004)); *see also United States v. Gurolla*, 333 F.3d 944, 951 (9th Cir. 2003) (same). Because the government conduct that the defendants allege (i.e. conspiracy to provoke the Bundys and Payne to violence—even taken at face value and accepted as true, for the sake of argument—simply does not constitute "inducement," any attempt by the defendants to adduce evidence that questions the roles of AUSA's and BLM officers engaged in legal and legitimate exercise of law enforcement authority under the guise of entrapment fails as a matter of law. The Court should therefore reject any such

attempt, and exclude any irrelevant or unduly prejudicial, time-wasting, or confusing evidence defendants offer to support that untenable defense.

Only a government official or agent can entrap a defendant. *United States* v. *Emmert*, 829 F.2d 805, 808 (9th Cir. 1987) *see also United States v. Aburto-Castellanos*, 313 F. App'x 13, 15 (9th Cir. 2008) ("The 'entrapment defense is only available to defendants who were *directly* induced by government agents.' ) (quoting *Emmert*, 829 F.2d at 808 (emphasis added)); *United States v. North*, 746 F.2d 627 (9th Cir.1984) (same). In *United States v. Vazquez*, 977 F.2d 594 (9th Cir. 1992), the court rejected the defendant's contention that he was entitled to an entrapment jury instruction because he offered "no evidence that any government agent tried to induce him personally into participating in the conspiracy." The Court reiterated that it had "consistently held that the entrapment defense is available only to defendants who were directly induced by government agents," and that it "does not recognize the theory of derivative entrapment." (citations omitted).

Even where the defendant does make a showing that a government agent personally encouraged a defendant to commit a crime, "[m]ere suggestions or the offering of an opportunity to commit a crime is not conduct amounting to inducement." *United States* v. *Simas*, 937 F.2d 459, 462 (9th Cir. 1991) (noting that "inducement has been defined as 'repeated and persistent solicitation' or 'persuasion' which overcomes the defendant's reluctance"). "A solicitation, request or approach by law enforcement officials to engage in criminal activity standing alone is not an inducement." *United States* v. *Hoyt*, 879 F.2d 505, 510 n.3, *as*

3

*amended*, 888 F.2d 1257 (9th Cir. 1989); s*ee also United States* v. *Poehlman*, 217 F.3d 692, 701 (9th Cir. 2000) ("An 'inducement' consists of an 'opportunity' *plus* something else – typically, excessive pressure by the government upon the defendant or the government's taking advantage of an alternative, non-criminal type of motive.") (*citing United States* v. *Gendron*, 18 F.3d 955, 961 (1st Cir. 1994)).

*Every* case of which the government is aware in which the courts have found an entrapment defense viable involved claims that the otherwise innocent defendant was *approached* by a government actor (usually operating undercover) who proposed an illegal offense; and was persuaded, cajoled, or talked into committing that offense despite his reluctance. *See, e.g.*, *United States v. Poehlman*, 217 F.3d 692, 699–700 (9th Cir. 2000) (defendant claimed he was just a lonely man looking for an adult relationship, and that undercover officer posing as a mother of young children repeatedly pressured him into having sex with her children, making it "a condition of her own continued interest in" him); *United States* v. *Becerra*, 992 F.2d 960, 962 (9th Cir. 1993), as amended (July 16, 1993) (defendant claimed that the undercover law enforcement officer, posing as a mobster, asked to buy drugs from the defendant's source, "pestered him almost constantly, visiting him at the restaurant 44 times in a three-month period," and that he "kept trying to discourage" the officer but ultimately agreed to set up the deal).

At the Ninth Circuit explained in *Poehlman*:

An improper 'inducement' goes beyond providing an ordinary 'opportunity
to commit a crime.' An 'inducement' consists of an 'opportunity' *plus*
something else—typically, excessive pressure by the government upon the

4

defendant or the government's taking advantage of an alternative, non-criminal type of motive.

*Poehlman*, 217 F.3d at 701 (quoting *United States v. Gendron*, 18 F.3d 955, 961 (1st Cir. 1994) (internal quotation marks and alterations omitted).

As the Supreme Court articulated the issue: "It is well settled that the fact that officers or employees of the government merely afford opportunities or facilities for the commission of the offense does not defeat the prosecution. Artifice and stratagem may be employed to catch those engaged in criminal enterprises." *Jacobson v. United States*, 503 U.S. 540, 548 (1992) "In their zeal to enforce the law, however, government agents may not originate a criminal design, *implant in an innocent person's mind the disposition to commit a criminal act*, and then induce commission of the crime so that the government may prosecute." *Id.* (emphasis added).

As best the government can understand, the defendants here contend that government agents took steps to enforce a lawful court order with the subjective intention of provoking the defendants into resisting the execution of that lawful court order, and that this somehow constitutes "entrapment." That contention is meritless for several reasons, not least of which is that the government actors had every right to enforce the lawful court order, and the subjective hopes or intentions of any particular officer or officers are irrelevant.

More important, even if every allegation the defendants make was true, those allegations would amount to nothing more than the government agents "afford[ing] opportunities or facilities for the commission of the offense." *Jacobson*, 503 U.S. at

548. Defendants do not contend, and nothing in the record would support a contention, that any government agent *suggested* or *proposed* to the defendants that they interfere or obstruct the BLM, much less that agents engaged in 'repeated and persistent solicitation' or 'persuasion'" that overcame the defendants' reluctance to interfere, obstruct, assault or extort. *See Simas*, 937 F.2d at 462 (9th Cir. 1991).

Defendants' attempts to, essentially, put the prosecution team on trial are simply not probative of any issue legitimately subject to the jury's consideration. For example, defendants appear to be suggesting that the BLM's consultation with an Assistant United States Attorney during the impoundment is improper or evidence of nefarious purpose. Such suggestions are flatly incorrect; to the contrary, law enforcement's real-time consultation with prosecutors is frequently praised by the courts as evidence of the law enforcement agents' careful and cautious approach to their work. *See. e.g.*, *United States* v. Payton, 573 F.3d 859, 862 (9th Cir. 2009) (distinguishing a case in which evidence was not suppressed because, there, "[a]cting on the advice of an Assistant U.S. Attorney who had been contacted," the officers had "secured the computer until the agents could obtain a second search warrant"). Moreover, it is well settled that an officer's subjective motivation is irrelevant when his actions are objectively reasonable and lawful. *Cf. Whren v. United States*, 517 U.S. 806, 813 (1996) ("Subjective intentions play no role in ordinary, probable-cause Fourth Amendment analysis.").

Permitting defendants' unwarranted and irrelevant accusations of improper subjective motivation by government agents and prosecutors would be unduly

6

confusing and time-consuming. Given that any such evidence would have no probative value on any fact of consequence in determining the action, and would create a substantial risk of confusion and unnecessarily delay in what is already expected to be a very long trial, the Court should also exclude it under Federal Rules of Evidence 401 and 403.

Defendants should not be permitted to elicit testimony or seek to admit evidence that supports no valid defense of entrapment but rather creates a very serious risk of prejudice to the government by creating distrust in the jurors' minds of the prosecutors in this case.

**WHEREFORE**, the government submits that statements admitted not for the truth but for their effect on the listener must be admitted as evidence in the trial of these defendants.

**DATED** this 22nd day of November, 2017.

Respectfully,

STEVEN W. MYHRE
Acting United States Attorney

*/s/ Steven W. Myhre*

_____
NADIA J. AHMED
DANIEL R. SCHIESS
Assistant United States Attorneys
ERIN M. CREEGAN
Special Assistant United States Attorney

*Attorneys for the United States*

7

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

<u>**CERTIFICATE OF SERVICE**</u>

I certify that I am an employee of the United States Attorney's Office.  A copy of the foregoing **GOVERNMENT'S BENCH MEMORANDUM RE: ENTRAPMENT** was served upon counsel of record, via Electronic Case Filing (ECF).

DATED this 22nd day of November, 2017.


*/s/ Steven W. Myhre*
_____
STEVEN W. MYHRE
Acting United States Attorney

8