## Other Documents

2:16-cr-00046-GMN-PAL USA v. Bundy et al

APPEAL,Restraint_Legs

### United States District Court

### District of Nevada

## Notice of Electronic Filing

The following transaction was entered by Myhre, Steven on 11/20/2017 at 10:28 AM PST and filed on 11/20/2017

**Case Name:** USA v. Bundy et al
**Case Number:** 2:16-cr-00046-GMN-PAL
**Filer:** USA
**Document Number:** 2882

**Docket Text:**
SEALED MEMORANDUM *Government Bench Memorandum re: Statements Admitted for their Effect on the Listener* by USA as to Cliven D. Bundy, Ryan C. Bundy, Ammon E. Bundy, Ryan W. Payne. (Myhre, Steven)


**2:16-cr-00046-GMN-PAL-1 No electronic public notice will be sent because the case/entry is sealed.**

**2:16-cr-00046-GMN-PAL-2 No electronic public notice will be sent because the case/entry is sealed.**

**2:16-cr-00046-GMN-PAL-3 No electronic public notice will be sent because the case/entry is sealed.**

**2:16-cr-00046-GMN-PAL-4 No electronic public notice will be sent because the case/entry is sealed.**

The following document(s) are associated with this transaction:

**Document description:**Main Document
**Original filename:**n/a
**Electronic document Stamp:**
[STAMP dcecfStamp_ID=1101333072 [Date=11/20/2017] [FileNumber=8465110-0] [112a3d0ca0891c5b15fd873b907ec07c2b226eddec1ab0735ad86b418346cbf5e9 691566b402c3a7eee23266d65f04188aa0b508593a74c2b79fa890b41bb296]]



# SEALED

**Office of the United States Attorney**
District of Nevada
501 Las Vegas Blvd., South, Suite 1100
Las Vegas, Nevada 89101
**(702) 388-6336**

STEVEN W. MYHRE
Acting United States Attorney
District of Nevada
Nevada Bar No. 9635
NADIA J. AHMED
DANIEL R. SCHIESS
Assistant United States Attorneys
ERIN M. CREEGAN
Special Assistant United States Attorney
501 Las Vegas Blvd. South, Suite 1100
Las Vegas, Nevada 89101
(702) 388-6336
steven.myhre@usdoj.gov
nadia.ahmed@usdoj.gov
dan.schiess@usdoj.gob
erin.creegan@usdoj.gov

*Representing the United States of America*

# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

| | |
|---|---|
| UNITED STATES OF AMERICA, | 2:16-CR-00046-GMN-PAL |
| Plaintiff, | |
| v. | **GOVERNMENT'S BENCH MEMORANDUM RE STATEMENTS ADMITTED FOR THEIR EFFECT ON THE LISTENER** |
| CLIVEN D. BUNDY, et al., | |
| Defendants. | |

The United States, by and through the undersigned, respectfully submits the following bench memo in connection with evidence to be introduced in the government's case in chief in the trial of defendants Cliven D. Bundy, Ammon E. Bundy, Ryan C. Bundy, and Ryan W. Payne.

## LEGAL STANDARD

Federal Rule of Evidence 801(c) provides that hearsay is a statement offered for the truth of the matter asserted. "If the significance of an out-of-court statement lies in the fact that the statement was made and not in the truth of the matter asserted, then the statement is not hearsay." *Calmat Co. v. U.S. Dept. of Labor*, 364 F.3d 1117, 1124 (9th Cir. 2004).

Courts recognize as appropriate non-hearsay uses of out-of-court statements under a variety of circumstances, including: 1) demonstrating "the effect the statement had on the hearer," *United States v. Kirk*, 844 F.2d 660, 663 (9th Cir. 1988) (per curiam); 2) "explaining to the jury why a police investigation was undertaken," *United States v. King*, 36 F.3d 728, 732 (8th Cir. 1994); 3) providing context for the government's investigative decisions, *United States v. James*, 487 F.3d 518, 523-24 (7th Cir. 2007); and 4) demonstrating that an individual acted pursuant to instructions, *Katzenmeier v. Blackpowder Prod., Inc.*, 628 F.3d 948, 951-52 (8th Cir. 2010); *see also United States v. Strong*, 826 F.3d 1109, 1115 (8th Cir. 2016) (noting that "[a] jury is entitled to know the circumstances and background of a criminal charge.  It cannot be expected to make its decisions in a void—without knowledge of the time, place, and circumstances of the acts which form the basis of the charge.") (quotation omitted).

In this case, the Government intends to introduce numerous statements made by Bundy supporters which were threatening in nature as well as reports officers received from other officers (particularly in over-watch positions above the

Wash on April 12) about the presence of militia and guns in the area of Bunkerville and the Wash.   For example, Special Agent Stover – a victim/officer – is expected to testify that before April 12, he received reports from law enforcement sources that the build-up of militia in and around Bunkerville, NV,  (i.e., the impoundment are) was unprecedented and believed to be the largest group of militia ever gathered in one spot and focused on a single issues.  He also observed numerous postings on social media that propounded a narrative that BLM officers were surrounding the Bundy residence, aiming weapons at Bundy family members, stealing cattle, and messages of this nature, all of which informed Agent Stover of the hostility mounting against officers associated with the Impoundment operation.

He is further expected to testify that on April 12, 2014, he responded to Post 2 and, while doing so, heard over his police radio the call-outs from officers in over-watch positions at the ICP, describing people on the bridges with rifles and others in the wash, at one point an officer calling out words to the effect that there were too many guns to count. (Note: Statements from officers in over-watch will also be offered under F.R.E. 803(1) (present sense impression—contemporaneous observations/perceptions of events).

These statements are relevant evidence and should be admitted so that the jury can understand the effect these threats had on the victim-officers. Many of these threats are by co-conspirators and are substantively admissible under Federal Rule of Evidence 801(d)(2)(E). However, even if there are threats which the government cannot definitely tie to a conspirator during the course of the

3

conspiracy, the statements are still admissible. These threats are not introduced for the truth of the matter asserted (e.g., that the particular Bundy supporter making the particular threat had the intention to follow through with it) but rather to show: (1) why the officers undertook the actions they did, (2) the overall threatening environment which the Bundys exploited in order to effectuate their crime.

As to the first point, the Ninth Circuit has repeatedly reaffirmed that out-of-court statements introduced to show the effect on the listener are not hearsay. *United States v. Payne*, 944 F.2d 1458, 1472 (9th Cir. 1991). This is so where the effect on the listener explains the listener's next steps. *See United States v. Connelly*, 395 F. App'x 407, 408 (9th Cir. 2010) (unpublished) ("[b]ank and credit card fraud victim's statement regarding a warning she received from a local banker that a large check had been drawn in her name was not hearsay, where it was not offered for its truth; rather, it was offered to show the effect on the listener, victim, and explain why she went to the bank to investigate."); *United States v. Walling,* 486 F.2d 229, 234 (9th Cir. 1973) (holding that statement was not hearsay because it was offered to demonstrate the "circumstances which served as a foundation for [witness's] own observations and actions"); *United States v. Cawley*, 630 F.2d 1345, 1350 (9th Cir. 1980) (collecting cases in which agents were allowed to testify to statements by informants because they explained why the agents conducted the investigation). In this case, the actions of the officers are very relevant. The defendants have tried to portray the officers as aggressive; showing the officers were under a barrage of threats demonstrates that their actions were

actually defensive, and provides context to a number of decisions that the defendants could easily mis-portray.

Courts have specifically allowed threatening statements to be introduced as nonhearsay in order to show the reaction of the listener. *United States v. Herrera,* 600 F.2d 502, 504 (5th Cir. 1979) (threatening statements properly admissible when used to show reaction to them and not the truth of the matters asserted); *United States v. Williams*, 952 F.2d 1504, 1518 (6th Cir. 1991) ("It was therefore proper for the court to admit this testimony because the testimony of victims as to what others said to them, and the testimony of others as to what they said to victims is admitted not for the truth of the information in the statements but for the fact that the victim heard them and that they would have tended to produce fear in his mind.") (citing *United States v. Hyde,* 448 F.2d 815, 845 (5th Cir. 1971)). In this case, the government must prove that a reasonable person in the officers' position on April 12, 2014 would have felt fear. The defendants may argue, for example, that the officers' choice to stay at the ICP demonstrates that they were not very concerned about the Bundys and their supporters, or else they would have left the area. The fact that the officers were threatened repeatedly and also informed that a decision to leave the ICP could provoke a violent confrontation shows that the officers' decision to stay was not the result of an unreasonable fear.

Courts have also held that out-of-court statements are not hearsay when they are introduced not for the truth, but to show the defendant's state of mind. *See, e.g., United States v. Johnson,* 71 F.3d 539, 543 (6th Cir. 1995) (holding that declarant's

description of overheard telephone conversation conveying information to defendant admissible to prove defendant's knowledge and intent to commit fraud). In this case, Bundy supporters delivered numerous threats and the circumstantial evidence in this case will show the Bundys were aware of those threats. The assault did not occur in a vacuum. Even if the declarants of these statements cannot be identified as co-conspirators, the Bundys knew threats were being received (hence their repeatedly public exhortations to keep the situation peaceful—a warning that would not be necessary if the "protest" were entirely peaceful). Therefore the Bundys and their supporters' subsequent actions, to exploit this fear by coming to the impoundment site and provoking numerous confrontations, show their own state of mind to intimidate the officers. This is relevant evidence that the jury must consider, not for the truth of the threats, but for what the threats say about what the defendants themselves intended.

/////

/////

/////

/////

/////

/////

/////

/////

/////

**WHEREFORE**, the Government submits that statements admitted not for the truth but for their effect on the listener must be admitted as evidence in the trial of these defendants.

**DATED** this 20th day of November, 2017.

Respectfully,

STEVEN W. MYHRE
Acting United States Attorney

*/s/ Steven W. Myhre*

_____
NADIA J. AHMED
DANIEL R. SCHIESS
Assistant United States Attorneys
ERIN M. CREEGAN
Special Assistant United States Attorney

*Attorneys for the United States*

7

**<u>CERTIFICATE OF SERVICE</u>**

I certify that I am an employee of the United States Attorney's Office.  A copy of the foregoing **GOVERNMENT'S BENCH MEMORANDUM RE STATEMENTS ADMITTED FOR THEIR EFFECT ON THE LISTENER GOVERNMENT'S** was served upon counsel of record, via Electronic Case Filing (ECF).

DATED this 20th day of November, 2017.


/s/ Steven W. Myhre
_____
STEVEN W. MYHRE
Acting United States Attorney

8