Case No.

## IN THE UNITED STATES COURT OF APPEALS FOR THE NINTH CIRCUIT

In re: Cliven Bundy,
*Petitioner*
v.

UNITED STATES DISTRICT COURT FOR THE DISTRICT OF NEVADA
333 S. Las Vegas Blvd. South
Las Vegas, NV, 89101
*Respondent*

From the United States District Court For the District of Nevada The Honorable Gloria Navarro, Presiding  Case No. 2:16-CR-00046-GMN-PAL-1

### PETITION FOR WRIT OF MANDAMUS

***Oral Argument Requested***

Larry Klayman, Esq.
KLAYMAN LAW GROUP, P.A.
2020 Pennsylvania Avenue,
N.W. Suite 800  Washington, D.C. 20006
Tel: (310) 595-0800
Email: leklayman@gmail.com

Date: February 6, 2018

# **TABLE OF CONTENTS**

Corporate Disclosure Statement ............................................................... 1

Certificate as to Named Parties and Interested Parties ............................ 1

Jurisdictional Statement ........................................................................... 2

Questions Presented for Review ............................................................... 2

Statement of Facts .................................................................................... 2

   Judge Navarro's Clearly Erroneous Denial of Mr. Klayman's *Pro Hac Vice*
   Application ............................................................................................ 5

   Despite the Clear Error in Judge Navarro's Rulings, Judge Bybee has
   Apparently Been Influenced By His Personal Relationships, Friendships, and
   Associations with Judge Navarro and Sen. Reid .................................. 8

Summary of Argument .............................................................................. 14

Legal Argument ........................................................................................ 15

   Judge Bybee's Orders Must Be Vacated Because They Are Now Moot ........... 15

   Mr. Bundy had Right to Counsel *Pro Hac Vice* Under the Sixth Amendment, as
   Set Forth Forcefully by Judge Gould .................................................. 16

   Judge Bybee Has Apparently Been Influenced Extra-judicially by His Personal
   Relationships, Friendship, and Associations with Judge Navarro and Sen. Reid,
   Which Has Resulted in a Distorted Record .......................................... 18

Conclusion ................................................................................................ 21

# TABLE OF AUTHORITIES

*Cases*

*Bundy v. United States Dist. Court (In re Bundy)*, 840 F.3d 1034
(9th Cir. 2016)........................................................................ 6, 7, 10, 13, 14, 17, 20

*Gormley v. Judicial Conduct Comm'n*, 332 S.W.3d 717
(Ky. Aug. 26, 2010) ....................................................................................... 19

*In re a Charge of Judicial Misconduct or Disability*, 170 F.3d 1152 (D.C. Cir. Mar.
24, 1999) ...................................................................................................... 21

*In re Evans*, 524 F.2d 1004 (5th Cir. 1975) ...................................................... 16

*In re Quirk*, 705 So. 2d 172, 178 (La. Dec. 12, 1997) ........................................ 19

*Liteky v. United States*, 510 U.S. 540 (1994).................................................. 18, 19

*Powell v. Alabama*, 287 U.S. 45 (1932) .......................................................... 16

*Schlumberger Techs., Inc. v. Wiley*, 113 F.3d 1553 (11th Cir. 1997).................... 16

*United States v. Lillie*, 989 F.2d 1054 (9th Cir. 1993)....................................... 16

*United States v. Munsingwear, Inc.*, 340 U.S. 36 (1950) ..................................... 15

*Wheat v. United States*, 486 U.S. 153 (1988) ................................................... 16

**Statutes and Rules**

Federal Code of Judicial Conduct................................................................. 18, 20

Model Rules of Judicial Conduct .................................................................... 18

## CORPORATE DISCLOSURE STATEMENT

Petitioners Cliven Bundy ("Mr. Bundy") and Larry Klayman ("Mr. Klayman") are naturals person and is not an officer, director, or majority shareholder of any publicly traded corporation. Mr. Bundy operates a private ranching business. There is no parent corporation or publicly-held corporation that owns more than ten percent of its stock, or any of the stock.

## CERTIFICATE AS TO NAMED PARTIES AND INTERESTED PARTIES

Petitioner certifies pursuant to Circuit Rule 28-2.1 that:

**A. Parties-Petitioner**

    1) Mr. Bundy is a natural person

    2) Mr. Klayman is a natural person

**B. Parties-Respondent**

    1) The Honorable Gloria Navarro

    2) U.S. District Court for the District of Nevada

**C. Interested Parties Participating**

There are no other interested persons to identify for this specific matter.

**D. Amicus Curiae**

The Petitioner is not aware of any amicus curiae participating.

**E. Related Cases**

Cliven Bundy has also filed an appeal here in Appeal No. 16-10264, Appeal

No. 16-72275, Appeal No. 17-70700, and Appeal No. 17-72733

## JURISDICTIONAL STATEMENT

This Court has jurisdiction to hear this case pursuant to 28 U.S.C. § 1651. "The Supreme Court and all courts established by Act of Congress may issue all writs necessary or appropriate in aid of their respective jurisdictions and agreeable to the usages and principles of law." 28 U.S.C. § 1651. Venue is proper in the U.S. Court of Appeals for the Ninth Circuit ("Ninth Circuit") as the subject District Court is within the Ninth Circuit of the federal judicial system.

## QUESTIONS PRESENTED FOR REVIEW

1.    The Ninth Circuit should vacate the orders of the Honorable Jay S. Bybee's ("Judge Bybee") and the Honorable Gloria Navarro ("Judge Navarro") because they are now moot.

2.    Did the Ninth Circuit err by failing to consider the apparent conflict of interest of Judge Bybee's close personal relationships, friendships, and associations with Judge Navarro and former Senator Harry Reid ("Sen. Reid"), which influenced his rulings and exhibited the appearance of extrajudicial bias?

## STATEMENT OF FACTS

This Petition centers around the U.S. District Court for the District of Nevada's ("District Court") and Judge Navarro's clearly erroneous denial of criminal defendant Cliven Bundy's constitutional Sixth Amendment right to

counsel of choice, Mr. Larry Klayman ("Mr. Klayman") and the erroneous rulings and factual finding concerning Mr. Klayman. In the interests of justice and fundamental fairness, it is imperative that the Ninth Circuit vacate of all Judge Bybee and Judge Navarro's orders in this matter, given the fact that Judge Bybee's rulings have now become moot, as required by case law set forth in the foregoing section. Indeed, Petitioners only recently discovered the facts set forth herein, and were in the process of seeking relief from the Ninth Circuit when Judge Navarro precipitously dismissed the superseding indictment against Mr. Bundy. Alternatively, if this Court will not vacate Judge Navarro and Judge Bybee's rulings, then at a minimum, this Court must step in to correct the record. Furthermore, Petitioners respectfully request that a judicial panel, not including Judge Bybee, be assigned to decide this Petition, as the issues set forth herein directly concern Judge Bybee, as this matter concerns his prior rulings and findings.

Mr. Klayman has only recently discovered during the trial of Mr. Bundy and his co-defendants that Judge Bybee has close friendships and personal relationships and associations with Judge Navarro and Sen. Reid that have appeared to influence his rulings in this matter. These personal relationships and associations have likely caused extra-judicial biases and resulted in Judge Bybee reaching outside of what was relevant and put before him and rule erroneously and

mischaracterize the record; for instance, a *Bivens* Complaint was filed against Judge Navarro and Sen. Reid by Mr. Bundy's counsel, Joel Hansen, Esq., that Judge Bybee attributed to Mr. Klayman. While these erroneous rulings and facts may simply have been a human reaction to a lawsuit filed against Judge Bybee's close friends, and associates, as well as a U.S. Senator who recommended him to the bench, the ensuing result has regrettably been a clear error that must be vacated or corrected. It would appear that Judge Bybee was following the lead of the man who recommended him to the bench, Sen. Reid – who had publicly defamed Mr. Bundy and his family as "domestic terrorists" - in acting to deny Mr. Klayman's application to be admitted *pro hac vice*. Indeed, the Honorable Ronald M. Gould ("Judge Gould"), who is truly neutral with no apparent conflicts of interest, authored a strong dissent where he in essence ruled that Judge Bybee had committed a clear error and that Mr. Klayman's *pro hac vice* application should have been granted.

These clearly erroneous rulings are still and now being used against Mr. Klayman in other litigation. Given Mr. Klayman's status as a prominent public interest attorney that practices nationwide, these clearly erroneous rulings are still presently causing Mr. Klayman grave harm and impeding him from his performing his work. Mr. Klayman's adversaries are even using Judge Bybee's clearly erroneous rulings to attempt to report Mr. Klayman to a state bar disciplinary

counsel. In sum, while Judge Bybee's rulings are now moot, the injurious effect
that they have had and currently still have on Mr. Klayman are very real. Indeed, if
it were a member of this Court whose reputation was being harmed by clearly
erroneous rulings, he or she would want this the Court to take appropriate remedial
action. The judges who sit on the Ninth Circuit have a duty to correct the record
and must respectfully act in accordance with the standards of this honorable court.
The Ninth Circuit has long had a reputation of being willing to stand up for the
individual liberties and rights of individuals and Mr. Klayman respectfully requests
that it again do so now. This is especially true given the fact that Mr. Klayman is
an officer of this court, as an attorney licensed to practice before the Ninth Circuit.
Even though some members of this Court may not agree with Mr. Klayman's
conservative political views, the fact of the matter is that there are clearly
erroneous rulings that have nothing to do with politics, which simply must be
corrected in the interest of justice and fundamental fairness.

## I.      Judge Navarro's Clearly Erroneous Denial of Mr. Klayman's *Pro Hac Vice* Application

Judge Navarro erroneously denied Mr. Klayman's application to be admitted
*pro hac vice* to defend Cliven Bundy in a complex criminal trial where he faced the
possibility of life imprisonment if convicted. **Importantly, the Honorable Ronald
M. Gould ("Judge Gould") clearly and unequivocally found that Mr.
Klayman had fulfilled his obligation of candor and truthfully answered all the**

questions presented to him in his *pro hac vice* application, and therefore should have been admitted:

> after submitting a compliant response to the questions in the pro hac vice application, he had no greater duty to disclose any possible blemish on his career or reputation beyond responding to the district court's further direct requests." *Bundy v. United States Dist. Court (In re Bundy)*, 840 F.3d 1034, 1055 (9th Cir. Oct. 28, 2016) (emphasis added).

It is clear from the record that Judge Navarro denied Mr. Klayman's *pro hac vice* application solely due to an unproven, pending, and unresolved bar proceeding in the District of Columbia - essentially finding Mr. Klayman guilty until proven innocent – in clear contravention of one of the most basic legal principles in the American legal system. Only when pressed by the Ninth Circuit for did Judge Navarro come up with clearly irrelevant *ex post facto* justifications for her clearly erroneous denial of Mr. Klayman's *pro hac vice* application, which indicates how weak the true basis for her rulings were. Judge Navarro's *ex post facto* justifications include certain instances during Mr. Klayman's 40-year career as a prominent public interest attorney where he has "locked horns" with certain judges in the course of zealously representing his clients. The fact remains, however, that Mr. Klayman has never once been found to have acted unethically by any bar association who reviewed his conduct before a judge. Furthermore, Judge Navarro *ex post facto* falsely accused Mr. Klayman of not being forthcoming in his *pro hac vice* application, stating that District of Columbia Hearing Committee had

reviewed the Mr. Klayman's Negotiated Discipline documentation, but had rejected it, falsely construing it as a misstatement.[1] However, at oral argument, Mr. Klayman cleared up any possible misunderstanding, saying that he had continued to negotiate with the counsel for the D.C. Bar after it had rejected the initial Affidavit of Negotiated Discipline, but ultimately <u>did</u> decide to withdraw from negotiations and go to a hearing.[2] *Bundy v. United States Dist. Court (In re Bundy)*, 840 F.3d 1034, 1055 (9th Cir. Oct. 28, 2016).

Judge Navarro's *ex post facto* justifications improperly look beyond the scope of Mr. Klayman's *pro hac vice* application and presented irrelevant information that Mr. Klayman was never asked to provide, and on this basis sought to justify her rulings. This ignores the fact that Mr. Klayman answered the questions presented to him, <u>truthfully</u>, and properly provided his opinion when appropriate.

---

[1] In Mr. Klayman's first *pro hac vice* application, attached hereto as <u>Exhibit A</u>, he truthfully answers the question presented regarding disciplinary proceedings, stating that, "[t]here is a disciplinary proceeding pending before the District of Columbia Board of Professional Responsibility that was filed almost 8 years ago…." Mr. Klayman opines that "[t]he matter is likely to be resolved in my favor" and points out that "…there has been no disciplinary action." <u>Exhibit A</u>. At the time, Mr. Klayman was entitled to his opinion about the eventual outcome, which would, in any event, include possible appeals. As Judge Gould found, "Klayman properly disclosed the ongoing disciplinary proceeding in his initial application for pro hac vice admission, saying that the proceeding had not yet been resolved. This disclosure was accurate." *Bundy*, 840 F.3d at 1054.

[2] Oral Argument Audio File available at:
https://www.ca9.uscourts.gov/media/view.php?pk_id=0000016486

Tellingly, Judge Navarro denied Mr. Klayman's application <u>without prejudice</u>, as clear evidence that the sole, original ground upon which it was denied was the unresolved bar proceeding in the District of Columbia, not her *ex post facto* irrelevant justifications. If, in fact, Judge Navarro had originally considered all the *ex post facto* justifications that she set forth later, then a denial without prejudice simply would not have made sense. In any event, it is clear from the record that Mr. Klayman truthfully and candidly answered the questions presented to him in the Nevada *pro hac vice* application, as was his sole duty as an out of state attorney hired on as part of Mr. Bundy's defense team. Judge Gould clearly emphasized this fact, and as such, Judge Navarro's rulings were in clear error.

## II. Despite the Clear Error in Judge Navarro's Rulings, Judge Bybee Has Apparently Been Influenced By His Personal Relationships, Friendships, and Associations with Judge Navarro and Sen. Reid

Despite the fact that Judge Gould clearly and unequivocally found that Mr. Klayman had truthfully and honestly answered the questions presented to him, and should have been admitted *pro hac vice*, Judge Bybee authored two majority opinions that somehow inexplicably reach the opposite conclusion. This can only be explained by the appearance of Judge Bybee's extrajudicial bias and prejudice stemming from his personal relationships, friendships, and associations with Judge Navarro and Sen. Reid, which Mr. Klayman has now recently discovered in the final days of Cliven Bundy's trial.

8

One prominent example of Judge Bybee being apparently influenced by his friendships, personal relationships, and associations with Judge Navarro and Sen. Reid occurred on October 21, 2016 during a telephonic hearing for the first Petition for Writ of Mandamus.[3] During the hearing, at around the 46-minute mark, Judge Bybee begins to, *sua sponte*, aggressively grill Mr. Klayman on a *Bivens* Complaint filed by counsel for Cliven Bundy, Joel Hansen, Esq., against Judge Navarro, Harry Reid, Rory Reid, and Barack Obama on May 10, 2016 alleging that they had deprived Cliven of numerous constitutional rights. The *Bivens* Complaint alleged that Sen. Reid and his son, Rory, sought to improperly and illegally remove Mr. Bundy and his family from the Bundy ranch so that it could be sold for profit and/or kickbacks. *Bivens* Comp. ¶ 12. In order to further ensure that Mr. Bundy would be convicted for his peaceful role in the ensuing standoff, Sen. Reid abused his position of influence by engaging in a media campaign to defame and slander Mr. Bundy and his family by – for instance – labelling them as "domestic terrorists." *Bivens* Comp. ¶ 15. The *Bivens* Complaint further alleged that Judge Navarro "undertook to violate [Mr. Bundy's] constitutional rights not just because she was told to do so by Defendant Harry Reid and Defendant Obama, who proposed and nominated her to the federal bench, but also to curry favor with the

---

[3] Audio of the October 21, 2016 hearing where this occurred is available on the Ninth Circuit's website at https://www.ca9.uscourts.gov/media/.

likelihood of a Democrat administration under the presidency of Hillary Clinton." *Bivens* Comp. ¶ 41.

At around 46 minutes into the October 21, 2016 hearing, Judge Bybee says, "Mr. Klayman let me ask you the following: I gather that you filed a civil suit against Judge Navarro, is that correct?" Despite the obvious fact the Mr. Klayman was not the lawyer who filed the *Bivens* Complaint - it was Mr. Hansen, as stated previously –  and the fact the Mr. Klayman made it clear that he did not file the suit, Judge Bybee proceeded to attempt to aggressively "grill" Mr. Klayman on the *Bivens* Complaint. Even more, despite the fact that any "confusion" regarding Mr. Klayman's role (or lack thereof) in the *Bivens* Complaint should have been clarified during the October 21, 2016, Judge Bybee still accused Mr. Klayman of "play[ing] some role in the preparation and filing of the [*Bivens* Complaint]" and writing Mr. Klayman's alleged "participation" as "smack[s] of intimidation and retaliation." *Bundy*, 840 F. 3d at 1048.

It strongly appears from Judge Bybee's conduct in the October 21, 2016 hearing and thereafter that he was influenced by his friendships, close personal relationships, and associations with Judge Navarro and Sen. Reid, and that he had taken offense to the allegations set forth by Mr. Hansen in *Bivens* Complaint and then reacted by attributing these allegations to Mr. Klayman. Judge Bybee's extrajudicial bias and prejudice are clearly shown from the fact that he extra-

10

judicially went outside of the issue before him – Judge Navarro's denial of Mr. Klayman's *pro hac vice* – to *sua sponte* raise a completely irrelevant lawsuit that was not even filed by Mr. Klayman, and then subsequently adopted Judge Navarro's irrelevant *ex post facto* justifications. These actions are likely explained by facts that Mr. Klayman has recently discovered regarding the extent to which Judge Bybee is associated professionally and personally to Judge Navarro and Sen. Reid, which indicate the Judge Bybee was simply "returning the favor" to those who have supported him throughout the years. While Judge Bybee's conduct may be the result of a human reaction towards his close friends and associates, it has resulted in an erroneous ruling that is severely harming Mr. Klayman and therefore must be vacated or corrected.

In this regard, it has only recently come to Mr. Klayman's attention toward the end of Mr. Bundy's trial, through Shauna Cox – a paralegal on Mr. Bundy's defense team -  that Judge Bybee and Judge Navarro are close friends and associates. This has led Mr. Klayman to do more research on this issue. Judge Bybee, who has long practiced in Nevada, was a founding faculty member of the William S. Boyd School of Law at the University of Nevada, Las Vegas. Not coincidentally, Judge Navarro is also a life-long Las Vegas resident, who attended the University of Nevada, Las Vegas for her undergraduate studies This close interpersonal relationship, friendship, and association between Judge Bybee and

Judge Navarro likely influenced Judge Bybee's decision-making and explains why he affirmed Judge Navarro's clearly erroneous rulings.

Furthermore, Judge Bybee has a longstanding relationship, friendship, and association with former Senator Harry Reid, who has been credibly accused of – along with his son Rory – misusing his authority to carry out the raid on Cliven Bundy's ranch in order to seize the land and sell it to Chinese and other interests for their own illegal pecuniary gain. Indeed, Harry Reid spoke at the deliberations for Judge Bybee's nomination to the U.S. Court of Appeals and strongly supported Judge Bybee's appointment.[4] Harry Reid even took the questionable position that Judge Bybee should not be punished or disbarred for the his infamous "Torture Memorandums" where Judge Bybee[5] "gave a green light to CIA interrogators to employ waterboarding and other harsh interrogation tactics on terror suspects that a range of authorities have declared to be torture." It would therefore at least appear that Harry Reid has steadfastly publicly supported Judge Bybee, with the understanding that Judge Bybee would one day "return the favor", and Judge Bybee has followed the lead of Sen. Reid, who recommended him to bench, and

---

[4] https://www.c-span.org/video/?c4386100/senators-harry-reid-john-ensign-nomination-jay-bybee-ninth-circuit-court-appeals

[5] https://www.reviewjournal.com/news/reid-says-bybee-shouldnt-be-punished-in-torture-memo-case/

who once labelled Mr. Bundy and his family as "domestic terrorists," by denying

Mr. Klayman's *pro hac vice* application.[6]

Furthermore, it is apparent that Judge Bybee and Harry Reid's relationship

and association extends beyond the professional level and that they have a social

and familial relationship. Both Harry Reid and Judge Bybee's wife, Shannon, are

members of the UNLV "Gambling Hall of Fame," having been inducted within a

year of each other.

These interpersonal relationships, friendships, and associations create at

least the appearance of conflicts of interest that explain why Judge Bybee, as a

matter of human nature, reacted towards Mr. Klayman by mischaracterizing the

record by improperly accusing Mr. Klayman of "fail[ing] to mention"

"sanctionable conduct in other proceedings." *Bundy*, 840 F.3d at 1045. Judge

Bybee omits the fact that Mr. Klayman was never under any duty to disclose

alleged "sanctionable conduct in other proceedings," creating the false impression

that Mr. Klayman was not forthcoming before the Court. Indeed, the Nevada

application expressly asks for only instances of "disciplinary proceedings instituted

against petitioner...any suspension of license, certificate of privilege to appear

---

[6] Indeed, Sen. Reid hand picked his former top aide, Neil Kornze, to be appoionted as the head of the Bureau of Land Management ("BLM"). The BLM and the Federal Bureau of Investigation ("FBI") were both involved in the raid on Mr. Bundy's ranch and were subsequently found to have engaged in gross misconduct including the destruction, hiding, and shredding of exculpatory evidence. This led to the dismissal of the Bundy superseding indictment with prejudice.

13

before any judicial, regulatory or administrative body, or any resignation or termination in order to avoid disciplinary or disbarment proceedings...." <u>Exhibit A</u>. Mr. Klayman truthfully answered that he had not, as he has never once been found to have acted unethically by any bar association who reviewed his conduct before a judge, and truthfully answered the question presented to him, in fulfillment of his obligation of candor, as set forth above. Again, this caused Judge Gould to strongly agreed with Mr. Klayman in his forceful dissent, where he found:

> after submitting a compliant response to the questions in the pro hac vice application, he had no greater duty to disclose any possible blemish on his career or reputation beyond responding to the district court's further direct requests." *Bundy*, 840 F.3d at 1055 (emphasis added).

## <u>SUMMARY OF ARGUMENT</u>

The Ninth Circuit in the interest of justice and fundamental fairness and vacate Judge Bybee's orders now that they have become moot by virtue of the the superseding indictment against Mr. Bundy having been dismissed with prejudice. Judge Bybee has close personal relationships, friendships, and associations with Judge Navarro and Sen. Reid that likely influenced his decision-making, which has resulted in serious injury to Mr. Klayman. Thus, alternatively, this Court must step in to vacate, or alternatively correct the record on Judge Bybee's previous rulings and orders in the matter.

///

14

## **LEGAL ARGUMENT**

### I.    **Judge Bybee's Orders Must Be Vacated Because They Are Now Moot**

As set forth previously, Judge Bybee's Orders in this matter are now moot, by virtue of the the superseding indictment against Mr. Bundy having been dismissed with prejudice by Judge Navarro. Importantly, before Judge Navarro dismissed the superseding indictment on January 8, 2018, there was a pending Motion for Reconsideration of Mr. Klayman's Application to Practice Pro Hac Vice before Judge Navarro.[7] In *United States v. Munsingwear, Inc.*, 340 U.S. 36, 39–40 (1950), the Supreme Court stated that the established practice of the Court when the case becomes moot on appeal is vacatur of the lower court's judgment. The Court in *Munsingwear* emphasized the fairness and importance of vacating any judgment that preceded mootness in order "to prevent a judgment, unreviewable because of mootness, from spawning any legal consequences."

Here, Mr. Klayman had a pending motion for reconsideration of the denial of his *pro hac vice* application when Judge Bybee and Judge Navarro's rulings were mooted out by Judge Navarro's dismissal of the superseding indictment of Mr. Bundy. Thus, under *Musingwear*, the proper remedy is the vacatur of the rulings and orders at issue.

///

---

[7] United States v. Bundy, 2:16-cr-00046 (D. Nev.) ECF No. 2827.

## II.  Mr. Bundy Had a Right to Counsel of Choice *Pro Hac Vice* Under the Sixth Amendment, as Set Forth Forcefully by Judge Gould

A criminal defendant's Sixth Amendment rights ensure the right to be represented by the attorney selected by the defendant. *Wheat v. United States*, 486 U.S. 153, 159, 100 L. Ed. 2d 140, 108 S. Ct. 1692 (1988); *Powell v. Alabama*, 287 U.S. 45, 53, 77 L. Ed. 158, 53 S. Ct. 55 (1932). "It is hardly necessary to say that, the right to counsel being conceded, a defendant should be afforded a fair opportunity to secure counsel of his own choice." *Powell v. Alabama*, 287 U.S. at 53. At least two other circuits have held that the only thing a district court may consider in pro hac vice admission is whether the out-of-state attorney is guilty of conduct so unethical as to justify disbarment. *See In re Evans*, 524 F.2d 1004, 1007 (5th Cir. 1975); *Schlumberger Techs., Inc. v. Wiley*, 113 F.3d 1553, 1561 (11th Cir. 1997). Even the Ninth Circuit has also firmly ruled, "[a] defendant's right to the counsel of his choice includes the right to have an out-of-state lawyer admitted pro hac vice. *United States v. Lillie*, 989 F.2d 1054, 1056 (9th Cir. 1993).

Judge Gould, after actually applying the law to the facts at bar, conclusively found that Mr. Klayman's *pro hac vice* application should have been granted. Judge Gould forcefully finds that the Ninth Circuit's jurisprudence on this point "should be altered" because it "stands as a barrier to justice."

> If, as the majority holds, our circuit's law on abuse of discretion and clear error for mandamus relief requires its conclusion to deny the mandamus petition, then in my view that law stands as a barrier to

16

> justice and should be altered. In an unusual case such as this, involving a massive federal prosecution of many persons and allegations that their sentiments and alleged criminal conduct were sharply opposed to our federal government, it is particularly important to ensure that target defendants are able to be represented and defended vigorously.

*Bundy*, 840 F. 3d at 1057. Judge Gould found that the District Court acted arbitrarily and abused its discretion because in this case, "Bundy's need for adequate representation in this important and complex case" outweighs other concerns, which must be balanced." *Id*. As Judge Gould correctly held and emphasized, this case was about Mr. Bundy and his constitutional right to counsel, not Mr. Klayman.

Thus, Judge Gould found:

> And here, even if the purported ethical flaws marshaled by the majority and the district court are beyond "mouse" proportions, they are still relatively small in this special context, where the elephant is Bundy's general entitlement to the counsel of his choice and to a vigorous defense at trial. In my view, concerns about whether at this stage Bundy will have adequate and vigorous representation, absent Klayman, outweigh the ethical concerns that have been expressed by the district court and the majority.

*Id*. Judge Gould correctly weighed the purported ethical concerns concerning Mr. Klayman as minimal, especially when compared to the enormous prejudicial effect of the deprivation of Mr. Bundy's counsel of choice in a matter where he had faced life imprisonment if convicted.

///

17

**III. Judge Bybee Has Apparently Been Extra-judicially Influenced by His Personal Relationships and Friendships and Associations with Judge Navarro and Sen. Reid, Which Has Resulted in a Mischaracterization of the Record**

Judge Bybee's rulings and orders, as set forth above, at least appear to run afoul of numerous ethical and professional responsibility provisions. Federal Code of Judicial Conduct Canon 2(B) states:

> A judge should not allow family, social, political, financial, or other relationships to influence judicial conduct or judgment. A judge should neither lend the prestige of the judicial office to advance the private interests of the judge or others nor convey or permit others to convey the impression that they are in a special position to influence the judge.

Similarly, Federal Code of Judicial Conduct Canon 3(C) states:

> A judge shall disqualify himself or herself in a proceeding in which the judge's impartiality might reasonably be questioned, including but not limited to instances in which:
> (a) the judge has a personal bias or prejudice concerning a party, or personal knowledge of disputed evidentiary facts concerning the proceeding

The Model Rules of Judicial Conduct concur:

> <u>Rule 2.11</u> A) A judge shall disqualify himself or herself in any proceeding in which the judge's impartiality might reasonably be questioned, including but not limited to the following circumstances: (1) The judge has a personal bias or prejudice concerning a party or a party's lawyer, or personal knowledge of facts that are in dispute in the proceeding.

Furthermore, the U.S. Supreme Court held that extra-judicial bias and prejudice can be shown and be found in intentionally wrong judicial rulings, as a result of

18

demonstrated and repeated animus. *Liteky v. United States*, 510 U.S. 540 (1994). . There, the U.S. Supreme Court held that disqualification or recusal is *required* when there is even the appearance that the court's impartiality may be called into question, and "could suggest, to an outside observer, such a 'high degree of favoritism or antagonism' to defendants' position that 'fair judgment is impossible.'" *Id*. at 545 Similarly, other courts have even held that even a single, egregious error by a judge can constitute judicial misconduct. "A single instance of serious, egregious legal error, particularly one involving the denial to individuals of their basic or fundamental rights, may amount to judicial misconduct." *In re Quirk*, 705 So. 2d 172, 178 (La. Dec. 12, 1997). "Intentionally refusing to follow the law constitutes a legal error made in bad faith and may also be grounds for a finding of judicial misconduct." *Id*. "Accordingly, a judicial officer may be sanctioned if the judge committed at least one serious, obvious, egregious legal error that is clearly contrary to settled law." *Gormley v. Judicial Conduct Comm'n*, 332 S.W.3d 717, 728 (Ky. Aug. 26, 2010).

Based on the facts set forth above, it is clear that Mr. Klayman has been the victim of the standard set forth by *Liteky*. Indeed, the neutral and detached Judge Gould made this finding himself in his forceful dissent, where he pointed out the fact that Mr. Klayman had submitted a compliant response to Nevada's *pro hac*

*vice* application and that he had no further duty to disclose. *Bundy*, 840 F.3d at 1055.

Judge Bybee likely made the clearly erroneous rulings as a result of apparent extrajudicial bias due to his apparent conflicts of interest stemming from his close personal relationships, friendships, and associations with Judge Navarro and Sen. Reid. As set forth above, Federal Code of Judicial Conduct Canon 2(B) states "A judge should not allow **family**, social, political, financial, or other relationships to influence judicial conduct or judgment...." (emphasis added). Yet, it at least appears that Judge Bybee has allowed his wife, Shannon Bybee's, relationship with Sen. Reid as members of the UNLV "Gambling Hall of Fame" inform his decision-making in this matter. Judge Bybee's relationship with Sen. Reid – with both being prominent members of the Las Vegas community and Sen. Reid having publicly supported Judge Bybee over the years while calling Mr. Bundy a "domestic terrorist" – has also likely informed his decision-making. Similarly, it has been recently revealed to Mr. Klayman and Mr. Bundy that Judge Bybee and Judge Navarro are close associates and friends, which explains why Judge Bybee took offense to the allegations set forth in the *Bivens* Complaint and attributed the allegations to Mr. Klayman. This is where the extrajudicial bias emanated from.

The ethical and professional responsibility provisions set forth above expressly state that a judge should never allow his personal relationships,

20

friendships, or associations to interfere with his decision-making, which appears to be what occurred here. This has resulted in clear legal error. Time is of the essence. Judge Bybee's rulings are currently disrupting Mr. Klayman's ability to conduct his legal work, as adversaries are using Judge Bybee's opinions against Mr. Klayman in other matters.

## **CONCLUSION**

Judge Bybee's orders and rulings in this matter may are now moot, by virtue of the charges against Mr. Bundy having been dismissed with prejudice, but their severely injurious effects against Mr. Klayman have been and remain ongoing. This Court has a clear duty to correct the record, in order to preserve an independent and honorable judiciary. Indeed, Canon 1 of the Code of Judicial Conduct states:

> An independent and honorable judiciary is indispensable to justice in our society. **A judge should maintain and enforce high standards of conduct and should personally observe those standards**, so that the integrity and independence of the judiciary may be preserved.

(emphasis added). In the same vein, a stated goal of the Judicial Councils Act is to "ensure that federal…judges will not 'engage [] in conduct prejudicial to the effective and expeditious administration of the business of the courts.'" *In re a Charge of Judicial Misconduct or Disability*, 170 F.3d 1152, 1153 (D.C. Cir. Mar. 24, 1999).

Furthermore, To that extent, the Second Canon states:

> *Respect for Law*. A judge should respect and comply with the law and should act at all times in a manner that promotes public confidence in the integrity and impartiality of the judiciary.

Canon 3(A)(3) of the Code states, "[a] judge should be patient, dignified, respectful, and courteous to litigants, jurors, witnesses, lawyers, and others with whom the judge deals in an official capacity."

The Code clearly mandates that judges must be neutral and unbiased and determine the matters before them solely on the merits, and not allow personal relationship, friendships, and associations to interfere with the decision-making process. Judge Bybee has apparently allowed these relationships to color and influence his decisions and rulings. The only recourse is, in the interest of justice and fairness, for this Court immediately to vacate all of Judge Bybee's rulings, or at a minimum, correct the record. Finally, this Petition should respectfully be decided by a panel not comprised of Judge Bybee, as his respectfully conduct is at issue.

Date: February 6, 2018                    Respectfully Submitted,


                                          /s/ Larry Klayman_____
                                          Larry Klayman, Esq.
                                          KLAYMAN LAW GROUP, P.A.
                                          2020 Pennsylvania Avenue, N.W.
                                          Suite 800
                                          Washington, D.C. 20006
                                          Tel: (310) 595-0800
                                          Email: leklayman@gmail.com

## CERTIFICATE OF SERVICE

I hereby certify that on February 6, 2018, I electronically filed the foregoing motion with the Clerk of the Court for the U.S. Court of Appeals for the Ninth Circuit by using the Ninth Circuit's CM/ECF system, causing it to be served upon all counsel of record in the case through CM/ECF. A copy was sent by Federal Express Overnight Delivery Service to the U.S. Attorney's Office and to The Honorable Gloria Navarro.

Elizabeth Olson White, Esq.
Assistant U.S. Attorney USRE - Office of the US Attorney-Reno
Suite 600
100 West Liberty Street Reno, NV 89501

The Honorable Gloria Navarro
U.S. District Court for the District of Nevada
333 S. Las Vegas Blvd.
Las Vegas, Nevada 89101

_/s/ Larry Klayman_____

## CERTIFICATE OF COMPLIANCE

This brief complies with the length limits permitted by Ninth Circuit Rule 32-1. The brief is 5206 words or 22 pages, excluding the portions exempted by Fed. R. App. P. 32(f), if applicable. The brief's type size and type face comply with Fed. R. App. P. 32(a)(5) and (6).

_/s/ Larry Klayman_

# EXHIBIT A

# UNITED STATES DISTRICT COURT
## DISTRICT OF NEVADA

UNITED STATES OF AMERICA, )
                              )
         Plaintiff(s), )

vs. )

CLIVEN D. BUNDY, )
         )
         Defendant(s). )
_____ )

Case # 2:16-cr-00046-GMN-PAL

**VERIFIED PETITION FOR PERMISSION TO PRACTICE IN THIS CASE ONLY BY ATTORNEY NOT ADMITTED TO THE BAR OF THIS COURT AND DESIGNATION OF LOCAL COUNSEL**

FILING FEE IS $250.00

       __Larry Elliot Klayman__ , Petitioner, respectfully represents to the Court:
          (name of petitioner)

1.    That Petitioner is an attorney at law and a member of the law firm of

__The Klayman Law Firm__
                       (firm name)

with offices at __2020 Pennsylvania Avenue, Suite 800__ ,
                          (street address)

__Washington__ , __District of Columbia__ , __20006__ ,
    (city)                (state)        (zip code)

__(310) 595-0800__ , __leklayman@gmail.com__ .
(area code + telephone number)       (Email address)

2.    That Petitioner has been retained personally or as a member of the law firm by

__Cliven D. Bundy__ to provide legal representation in connection with
      [client(s)]

the above-entitled case now pending before this Court.

Rev. 1/15

3. That since ___December 7, 1977___, Petitioner has been and presently is a
(date)
member in good standing of the bar of the highest Court of the State of ___Florida___
(state)
where Petitioner regularly practices law. Petitioner shall attach a certificate from the state bar or
from the clerk of the supreme court or highest admitting court of each state, territory, or insular
possession of the United States in which the applicant has been admitted to practice law certifying
the applicant's membership therein is in good standing.

4. That Petitioner was admitted to practice before the following United States District
Courts, United States Circuit Courts of Appeal, the Supreme Court of the United States and Courts
of other States on the dates indicated for each, and that Petitioner is presently a member in good
standing of the bars of said Courts.

| Court | Date Admitted | Bar Number |
|---|---|---|
| U.S. Supreme Court | April 25, 1988 | |
| U.S. Court of Appeals for the District of Columbia | April 22, 1988 | |
| U.S. Court of Appeals for the Ninth Circuit | January 12, 2000 | |
| U.S. District Court for the N. District of Texas | August 9, 2002 | |
| The District of Columbia Bar | December 22, 1980 | 334581 |
| The Florida Bar | December 7, 1977 | 246220 |
| U.S. District Court for the S. District of Florida | December 29,1977 | |

5. That there are or have been no disciplinary proceedings instituted against petitioner,
nor any suspension of any license, certificate or privilege to appear before any judicial, regulatory
or administrative body, or any resignation or termination in order to avoid disciplinary or
disbarment proceedings, except as described in detail below:

The only disciplinary case pending is in the District of Columbia, disclosed in the attached. During
my 39 years as an attorney, I have remained continually in good standing with every jurisdiction
that I have been admitted to, but have responded to a few complaints explained in the attached
statement. I also allowed my bar membership in Pennsylvania to lapse for lack of use by not
completing CLE's there, but remain eligible for reinstatement. See attached statement.

2

6.     That Petitioner has never been denied admission to the State Bar of Nevada. (Give particulars if ever denied admission):

Petitioner has never been denied admission to the State Bar of Nevada.

7.     That Petitioner is a member of good standing in the following Bar Associations.

The Florida Bar
The District of Columbia Bar

8.     Petitioner has filed application(s) to appear as counsel under Local Rule IA 10-2 during the past three (3) years in the following matters:  (State "none" if no applications.)

| Date of Application | Cause | Title of Court Administrative Body or Arbitrator | Was Application Granted or Denied |
|---|---|---|---|
| none | | | |
| | | | |
| | | | |
| | | | |
| | | | |

(If necessary, please attach a statement of additional applications)

9.     Petitioner consents to the jurisdiction of the courts and disciplinary boards of the State of Nevada with respect to the law of this state governing the conduct of attorneys to the same extent as a member of the State Bar of Nevada.

10.     Petitioner agrees to comply with the standards of professional conduct required of the members of the bar of this court.

11.     Petitioner has disclosed in writing to the client that the applicant is not admitted to practice in this jurisdiction and that the client has consented to such representation.

3

1       That Petitioner respectfully prays that Petitioner be admitted to practice before this Court

2  FOR THE PURPOSES OF THIS CASE ONLY.

3

4  STATE OF _____California_____ )

5  COUNTY OF ____Los Angeles____ )
                           Petitioner's signature

6

7  ____Larry E. Klayman____, Petitioner, being first duly sworn, deposes and says:

8  That the foregoing statements are true.

9

10  Subscribed and sworn to before me this        Petitioner's signature

11

12  _22_ day of _March_, _2016_

13

14          Notary Public or Clerk of Court

**KIM PAYTON**
Commission # 2053723
Notary Public - California
Los Angeles County
My Comm. Expires Dec 29, 2017

16  **DESIGNATION OF RESIDENT ATTORNEY ADMITTED TO**
17  **THE BAR OF THIS COURT AND CONSENT THERETO.**

18       Pursuant to the requirements of the Local Rules of Practice for this Court, the Petitioner

19  believes it to be in the best interests of the client(s) to designate _____Joel F. Hansen, Esq.____,
                                           (name of local counsel)

20  Attorney at Law, member of the State of Nevada and previously admitted to practice before the

21  above-entitled Court as associate resident counsel in this action.  The address and email address of

22  said designated Nevada counsel is:

23      Hansen Rasmussen,LLC    1835 Village Center Circle
                             (street address)

24

25  _____Las Vegas_____, _____Nevada_____, __89134__,
        (city)            (state)       (zip code)

26  ___(702) 385-5533___, ___Joelh@hrnvlaw.com___.
27  (area code + telephone number)     (Email address)

28

                             4

                                        Rev. 1/15

A notary public or other officer completing this certificate verifies only the identity of the individual who signed the document to which this certificate is attached, and not the truthfulness, accuracy, or validity of that document.

## ACKNOWLEDGMENT

State of California

County of _Los Angeles_

On _March 22, 2016_ before me, _Kim Payton_,

A Notary Public personally appeared _Larry E. Klayman_

who proved to me on the basis of satisfactory evidence to be the person(s) whose name(s) is/are subscribed to the within instrument and acknowledged to me that he/she/they executed the same in his/her/their authorized capacity(ies), and that by his/her/their signature(s) on the instrument the person(s), or the entity upon behalf of which the person(s) acted, executed the instrument.

I certify under PENALTY OF PERJURY under the laws of the State of California that the foregoing paragraph is true and correct.

WITNESS my hand and official seal.

Signature _Kim Payton_

KIM PAYTON
Commission # 2053723
Notary Public - California
Los Angeles County
My Comm. Expires Dec 29, 2017

(Seal)

By this designation the petitioner and undersigned party(ies) agree that this designation constitutes
agreement and authorization for the designated resident admitted counsel to sign stipulations
binding on all of us.

## APPOINTMENT OF DESIGNATED RESIDENT NEVADA COUNSEL

The undersigned party(ies) appoint(s) _____Joel F. Hansen, Esq._____ as
(name of local counsel)
his/her/their Designated Resident Nevada Counsel in this case.

_____
(party's signature)

Cliven D. Bundy
(type or print party name, title)

_____
(party's signature)

_____
(type or print party name, title)

### CONSENT OF DESIGNEE
The undersigned hereby consents to serve as associate resident Nevada counsel in this case.

_____
Designated Resident Nevada Counsel's signature

1876                          Joelh@hrnvlaw.com
Bar number                    Email address

APPROVED:

Dated: this _____ day of _____, 20___.

_____
UNITED STATES DISTRICT JUDGE

5

Rev. 1/15

## ADDITIONAL INFORMATION FOR APPLICATION OF LARRY E. KLAYMAN IN RESPONSE TO QUESTION 5

I agreed to a public reprimand before The Florida Bar several years ago. There was no showing of dishonesty, just that having been in poor financial condition in large part as result of the recession of 2008, as I could not fully pay timely a mediated settlement with a client. I was also going through a difficult personal period with my former spouse and my children. There was no suspension to practice law for even one day.

There is a disciplinary proceeding pending before the District of Columbia Board of Professional Responsibility that was filed almost 8 years ago over a claim by Judicial Watch, my former public interest group that I founded and was Chairman and General Counsel, after I left Judicial Watch to run for the U.S. Senate in Florida in 2003-04, that by representing a former client, employee and donor that it had abandoned, sexually harassed and defrauded that I was in conflict of interest. I represented these persons pro bono, did not breach any confidences with Judicial Watch, and did so only to protect their interests in an ethical fashion. I did not seek to break any agreements with Judicial Watch but rather to have them enforced to help these persons. The matter is likely to be resolved in my favor and there has been no disciplinary action. I recently obtained a jury verdict and court judgment in the U.S. District Court for the Southern District of Florida against Judicial Watch for having maliciously defamed me in the amount of $181,000 USD, including punitive damages. The current directors feel competitive with me and attempted to harm my reputation.

Many years ago, 22 and 18 years respectively two judges vindictively stated that I could

not practice before them after I challenged rulings they had made on the basis of bias and

prejudice. These judges were William D. Keller and Denny Chin of the U.S. District Court of the

Central District of California and the U.S. District Court for the Southern District of New York.

The rulings applied to them not to to the tribunal or judicial body as a whole. The bars of the

District of Columbia and Florida reviewed these rulings and found that I did not act unethically.

I have been engaged in the practice of law for going on 40 years and have been a member

in good standing continuously of The Florida Bar and the District of Columbia Bar. See attached

Certificates of Good Standing.



# The Florida Bar

JOHN F. HARKNESS, JR.
EXECUTIVE DIRECTOR

651 EAST JEFFERSON STREET
TALLAHASSEE, FLORIDA 32399-2300

850/561-5600
WWW.FLORIDABAR.ORG

State of Florida  )

County of Leon  )

In Re:   246220
Larry Elliot Klayman
2020 Pennsylvania Ave. N.W., #345
Washington, DC

I HEREBY CERTIFY that I am the duly appointed custodian of membership records of The Florida Bar.

I FURTHER CERTIFY that the records in the office of the Clerk of the Supreme Court of Florida indicate that said attorney was admitted to practice law in the State of Florida on December 7, 1977.

I FURTHER CERTIFY that the records in the office of The Florida Bar indicate that the above attorney is an active member of The Florida Bar in good standing.

Dated this 15th day of March, 2016.

Pam Gerard, Manager
Membership Records Dept.
The Florida Bar

PG/JM:ksm1:R10



**District of Columbia Court of Appeals**
Committee on Admissions
430 E Street, N.W. — Room 123
Washington, D. C. 20001
202 / 879-2710

I, *JULIO A. CASTILLO*, *Clerk of the District of Columbia Court*

*of Appeals, do hereby certify that*

## LARRY E. KLAYMAN

*was on* **DECEMBER 22, 1980** *duly qualified and admitted as an*

*attorney and counselor entitled to practice before this Court and is,*

*on the date indicated below, an active member in good standing of*

*this Bar.*

*In Testimony Whereof, I have hereunto subscribed my name and affixed the seal of this Court at the City of Washington, D.C, on* **March 11 , 2016**.

*JULIO A. CASTILLO*
*Clerk of the Court*

By: _____
(Deputy Clerk)

# United States District & Bankruptcy Courts
## for the District of Columbia
### CLERK'S OFFICE
### 333 Constitution Avenue, NW
### Washington, DC 20001

---

I, **ANGELA D. CAESAR,** Clerk of the United States District Court for the

District of Columbia, do hereby certify that:

### LARRY E. KLAYMAN

was, on the __6th__ day of __May__ A.D. __1985__ admitted to practice as an Attorney

at Law at the Bar of this Court, and is, according to the records of this Court, a

member of said Bar in good standing.


In Testimony Whereof, I hereunto subscribe my name and affix the seal of said Court

in the City of Washington this __11th__ day of __March__ A.D. 2016.


ANGELA D. CAESAR, CLERK

By: _Sherry R. Hein_

Public Operations Administrator

# Supreme Court of Florida
## Certificate of Good Standing

I JOHN A. TOMASINO, Clerk of the Supreme Court of the State of Florida, do hereby certify that

## LARRY ELLIOT KLAYMAN

was admitted as an attorney and counselor entitled to practice law in all the Courts of the State of Florida on December 7, 1977, is presently in good standing, and that the private and professional character of the attorney appear to be good.

WITNESS my hand and the Seal of the Supreme Court of Florida at Tallahassee, the Capital, this November 24, 2015.

_____
Clerk of the Supreme Court of Florida.